# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BCI Acrylic, Inc. | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO.: 23-cv-908 |
| Milestone Bath Products Inc. | § |
| (d/b/a Bellastone Bath Systems) and | § |
| TightSeal LLC | § |
| | § |
| Defendants. | § |

## COMPLAINT

BCI Acrylic, Inc. ("BCI") by and through its undersigned counsel, files this Complaint for patent infringement against Milestone Bath Products Inc. (d/b/a Bellastone Bath Systems) ("Milestone") and TightSeal LLC ("TightSeal") alleges as follows:

## THE PARTIES

1. BCI is a corporation organized and existing under the laws of the State of Illinois and has a place of business at 1800 Industrial Drive, Libertyville, Illinois 60048.

2. Upon information and belief, Milestone is a corporation organized and existing under the laws of Canada and it has a principal place of business at 161 College St. W., Belleville, ON, K8P, 2G7, Canada.

3. Upon information and belief, TightSeal is a corporation organized and existing under the laws of the State of Wisconsin and it has a regular and established principal place of business at 16227 W Ryerson Road, New Berlin, WI 53151.

## NATURE OF THE ACTION

4. This civil action is for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code §§101, *et seq*.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. This Court has personal jurisdiction over Milestone. Upon information and belief, Milestone transacts and solicits business in the state of Wisconsin and in this judicial district. Upon information and belief, Milestone engages in continuous and systematic contact with Wisconsin and this judicial district and has committed acts of infringement in this district. In particular, Milestone sells and offers for sale in this judicial district, and imports into this judicial district, the Accused Products (defined below), including sales and offers for sale of the Accused Products to TightSeal.

7. This Court has personal jurisdiction over TightSeal. Upon information and belief, TightSeal transacts and solicits business in the state of Wisconsin and in this judicial district. Upon information and belief, TightSeal engages in continuous and systematic contact with Wisconsin and this judicial district and has committed acts of infringement in this district. In particular, TightSeal uses, sells, and offers for sale in this judicial district, and/or imports into this judicial district, the Accused Products (defined below).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391 and §1400(b).

## FACTUAL BACKGROUND

9. On December 4, 2018, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,144,243 (hereinafter the '243 Patent), entitled "Method For Creating Simulated Tile Wall." A copy of the '243 Patent is attached hereto as Exhibit 1.

10. The '243 patent discloses and claims methods of making an acrylic sheet that has a simulated tile pattern.

11. BCI is the assignee and sole owner of all rights, title, and interest in and to the '243 Patent with all rights pertaining thereto, including the right to bring suit for infringement of the '243 Patent and the right to bring suit for past infringement of the '243 Patent.

12. Milestone uses, sells and offers to sell in the United States, and imports into the United States, acrylic sheets that have a simulated tile pattern, including BellaStone "Illusion Series" ("Accused Products"). BellaStone "Illusion Series" are shown and described in the product brochure attached as Ex. 2.

13. TightSeal uses, sells, and offers to sell in the United States, and imports into the United States, acrylic sheets that have a simulated tile pattern, including the Accused Products from Milestone.

## COUNT I- PATENT INFRINGEMENT (MILESTONE)

14. BCI incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

15. On information and belief, Milestone has directly infringed and/or induced others to infringe the '243 patent, either literally or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States the Accused Products that are made using a process that infringes at least claim 1 of the '243 patent.

16. BCI asked Milestone to disclose the process used to manufacture the Accused Products and Milestone refused to disclose this information.

17. BCI is entitled to a presumption under 35 U.S.C. § 295 that the Accused Products are made using the method claimed in the '243 patent because there is a substantial likelihood that

the Accused Products are made by the patented method and BCI has made reasonable efforts to determine the process actually used in the production of BellaStone "Illusion Series" products and was unable to so determine.

18. Upon information and belief, Milestone is liable for induced infringement under 35 U.S.C. §271(b) by knowingly and intentionally encouraging, instructing, and aiding others to make the Accused Products using a method that falls within the scope of at least claim 1 of the '243 Patent.

19. Upon information and belief, Milestone directly infringes the '243 Patent under 35 U.S.C. §271(g) by using, offering to sell, and selling within the United States, and importing into the United States, the Accused Products, which are made by a process that falls within the scope of at least claim 1 of the '243 Patent.

20. Milestone will continue to infringe the '243 Patent unless enjoined by this Court.

21. Upon information and belief, Milestone's infringement is willful because it was aware of the '243 Patent and BCI's rights in and to the '243 Patent and Milestone, nonetheless, continues its acts of infringement without a good faith belief that the '243 Patent is invalid, not infringed and/or unenforceable.

22. BCI has been damaged by Milestone's unlawful acts and is entitled to an award of damages for all direct and indirect infringement of the '243 Patent.

23. BCI has suffered and will continue to suffer irreparable injury unless Milestone is preliminarily and permanently enjoined by this Court from engaging in further unlawful acts, as alleged herein.

## COUNT II - PATENT INFRINGEMENT (TIGHTSEAL)

24. BCI incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

25. On information and belief, TightSeal has directly infringed the '243 patent, either literally or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States the Accused Products that are made using a process that infringes at least claim 1 of the '243 patent.

26. BCI asked Milestone to disclose the process used to manufacture the Accused Products and Milestone refused to disclose this information.

27. BCI is entitled to a presumption under 35 U.S.C. § 295 that the Accused Products are made using the method claimed in the '243 patent because there is a substantial likelihood that the Accused Products are made by the patented method and BCI has made reasonable efforts to determine the process actually used in the production of BellaStone "Illusion Series" products and was unable to so determine.

28. Upon information and belief, TightSeal directly infringes the '243 Patent under 35 U.S.C. §271(g) by using, offering to sell, and selling within the United States, and importing into the United States, the Accused Products, which are made by a process that falls within the scope of at least claim 1 of the '243 Patent.

29. TightSeal will continue to infringe the '243 Patent unless enjoined by this Court.

30. Upon information and belief, TightSeal's infringement is willful because it is aware of the '243 Patent and BCI's rights in and to the '243 Patent and TightSeal, nonetheless, continues its acts of infringement without a good faith belief that the '243 Patent is invalid, not infringed and/or unenforceable.

31. BCI has been damaged by TightSeal's unlawful acts and is entitled to an award of damages for all infringement of the '243 Patent.

32. BCI has suffered and will continue to suffer irreparable injury unless TightSeal is preliminarily and permanently enjoined by this Court from engaging in further unlawful acts, as alleged herein.

WHEREFORE, Plaintiff, BCI Acrylic, Inc. prays that this Court enter judgment in favor of BCI and against Milestone and TightSeal and issue an order for:

(a) a declaration that Milestone infringes the '243 Patent in violation of 35 U.S.C. §271 (b) and (g);

(b) a declaration that TightSeal infringes the '243 Patent in violation of 35 U.S.C. §271(g);

(c) a permanent injunction against the continuing infringement of the '243 Patent by Milestone and TightSeal, their subsidiaries, parents, divisions, directors, officers, owners, partners, agents, employees, attorneys, representatives, and all those persons in active concert and participation with Milestone and TightSeal;

(d) accounting for damages sustained by BCI as a result of Milestone and Tightseal's infringement of the '243 Patent, that the damages in accordance therewith be awarded to BCI together with interest and costs against Milestone and TightSeal pursuant to 35 U.S.C. §284;

(e) order Milestone and TightSeal to pay BCI its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. §285, as this is an "exceptional" case; and

(f) granting all other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, BCI Acrylic, Inc. demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 7, 2023            By: *s/Aaron T. Olejnicak*

Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone:    (414) 271-7590


William Frankel (request for admission to be filed)
Mark Remus (request for admission to be filed)
John Walker (request for admission to be filed)
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Tel: 312-321-4200
wfrankel@crowell.com
mremus@crowell.com
jwalker@crowell.com

Attorneys For Plaintiff

7