UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BCI Acrylic, Inc. | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO.: 2:23-cv-908 |
| Milestone Bath Products Inc. | § |
| (d/b/a Bellastone Bath Systems) and | § |
| TightSeal LLC | § |
| | § |
| Defendants. | § |

**REPORT OF PARTIES' RULE 26(f) PLANNING CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(f)(1) and Civil L.R. 26(a), counsel for the parties conferred on September 5, 2023 to discuss the schedule and conduct of this litigation. Attending on behalf of Plaintiff were Mark Remus and Christopher Liro. Attending on behalf of Defendants was Erik Halverson.

**Nature of the Case - Civil L.R. 16(a)(1)(A)**

This is a patent infringement action. Plaintiff alleges that Defendants infringe U.S. Patent No. 10,144,243 ("the '243 patent"), a patent concerning methods of making an acrylic sheet that has a simulated tile pattern. Defendants deny they infringe the '243 patent, allege that the '243 patent is invalid, and allege that Plaintiff lacks standing to bring this case as Defendants are licensed through Mr. Jeff Whitley's role as an inventor of the '243 patent.

**Contemplated Motions - Civil L.R. 16(a)(1)(B)**

Defendants intend to move to dismiss Plaintiffs complaint for lack of standing to bring the case.

**Discovery Plan - Civil L.R. 16(a)(1)(C)**

Plaintiff proposes the discovery plan attached as Exhibit A. Plaintiff requests that the Court enter the discovery plan now, without awaiting resolution of Defendants' motion to dismiss. Defendants do not dispute that Plaintiff owns the '243 patent and has the right to enforce that patent. Rather, Plaintiffs contend that Mr. Whitley is an inventor of the '243 patent and that he has rights in that patent. Whether Mr. Whitley is an inventor of the '243 patent, and whether Mr. Whitley has any rights in the '243 patent, are complex factual issues that will require substantial discovery and are unlikely to be resolved on a motion to dismiss. This discovery will also overlap with discovery on the merits as it will likely involve many of the same witnesses and documents. For this reason, discovery should not be limited to Defendants' motion to dismiss and discovery should move forward on all issues.

Defendants contend that it is premature to enter a discovery plan and intend to submit a motion to dismiss for lack of standing as Plaintiff does not have full right and title to bring this case. In an effort to streamline resource allocation of both parties and the Court, Defendants submit any schedule should be entered only once Plaintiff has established it has standing to bring this case. Instead, Defendants submit that discovery should be limited in an initial phase of the case as to the standing issue; once that is resolved, Defendants agree that a schedule similar to that proposed by Plaintiff in Exhibit A, albeit with different deadlines, should be entered.

At this time, the parties do not anticipate the need to deviate from any of the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Wisconsin.

**ESI - Civil L.R. 16(a)(1)(D)**

The parties expect there to be disclosure of, and discovery into, electronically stored information (ESI). The parties will jointly propose an ESI order for this Court's consideration.

**Inadvertent disclosure of privileged information - Civil L.R. 16(a)(1)(E)**

The parties agree that the inadvertent disclosure of any privileged information shall not constitute a waiver of any privilege and the parties may not utilize such information for any purpose. The parties respectfully request the Court issue an order reflecting the parties' agreement under Federal Rule of Evidence 502, either as part of its scheduling order as provided in Federal Rule of Civil Procedure 16(b)(3)(iv) or as a separate order.

**Settlement Discussions - Civil L.R. 16(a)(1)(F)**

The parties have discussed resolution of the case and agree to continue such discussions. At this time, no resolution has occurred.

**Subject Matter Jurisdiction - Civil L.R. 16(a)(1)(G)**

This Court has subject matter jurisdiction under 28 U.S.C. § 1338.

**Initial Disclosures - Civil L.R. 16(a)(1)(H)**

All initial disclosures required under Fed. R. Civ. P. 26(a)(1) will be made within one week of answering or otherwise filing initial motions. This case is not one included in the categories of proceedings exempted from initial disclosures and discovery conference pursuant to Fed. R. Civ. P. 26(a)(1)(B) and 26(f).

**Additional Matters - Civil L.R. 16(a)(1)(I)**

Defendants intend to submit a motion to dismiss for lack of standing. Defendants contend that any schedule entry should be delayed until resolution of this motion.

Plaintiff proposes the schedule set forth in Exhibit A.

The parties jointly agree that a protective order may be necessary in this case and will endeavor to negotiate a joint protective order for the Court's consideration.

The parties jointly agree that an ESI order may be necessary in this case and will endeavor to negotiate a joint ESI order for the Court's consideration.

The parties consent to service by email and/or secured file transfer pursuant to Fed. R. Civ. P. 5(b)(E), and service shall be deemed complete upon transmission. Documents filed with the Court electronically will be deemed served when filed.

Dated this 7th day of September, 2023

s/Erik Halverson
Ketajh Brown (Wis. Bar. No. 1106210)
ketajh.brown@klgates.com
Devon Beane (admission pending)
devon.beane@klgates.com
**K&L GATES LLP**
70 W. Madison Street
Suite 3100
Chicago, IL 60602
Tel.: (312) 807-4439

Erik Halverson (admission pending)
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111

*Attorneys for Defendants Milestone Bath Products Inc. and TightSeal LLC*

s/Christopher R. Liro
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590


William Frankel
Mark Remus
John Walker
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Tel: 312-321-4200
wfrankel@crowell.com
mremus@crowell.com
jwalker@crowell.com

*Attorneys for Plaintiff BCI Acrylic, Inc.*