UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BCI ACRYLIC, INC.,

    Plaintiff,

v.

MILESTONE BATH PRODUCTS, INC. *d/b/a* BELLASTONE BATH SYSTEMS and TIGHTSEAL LLC,

    Defendants.

Case No. 23-CV-908-JPS

**JOINT EXECUTIVE SUMMARY OF DEFENDANTS' PROPOSED MOTION TO DISMISS FOR LACK OF STANDING**

Pursuant to Dkt. No. 7, the parties provide this jointly prepared executive summary of Defendants' forthcoming Motion to Dismiss for Lack of Standing.

**Summary of Motion**

As identified in the joint Rule 26(f) report (Dkt. No. 16), Defendants believe that this case should be dismissed as Plaintiff does not have standing to bring this case. Defendants contend that Mr. Jeff Whitley is an unnamed co-inventor of the patent at issue in this case, U.S. Patent No. 10,144,243 ("'243 patent"), and that failure to include him as a plaintiff means this case cannot proceed as Plaintiff does not have standing to bring this case without the consent of all patentees.

**Summary of Meet and Confer**

On September 6, 2023, the parties met and conferred regarding a number of issues in this case, including Defendants' Motion to Dismiss for Lack of Standing. Plaintiff indicated that it believed there was no inventorship issue and Plaintiff had proper standing to bring this case. Plaintiff indicated that it believes standing is proper, did not agree to withdraw its complaint, and the parties agree that there are no amendments to the operative complaint that can address Defendants' concern.

**Defendants' List of Legal Issues**

Defendants contend that Mr. Jeff Whitley should be a named inventor of the '243 patent. Mr. Whitley and Mr. Domanico (the sole listed inventor) jointly conceived of the invention of the '243 patent, as evidenced by the email communication that has already been provided to counsel for Plaintiff. Mr. Whitley and Mr. Domanico regularly worked together to develop ideas in their technological space of bathroom remodeling hardware. The two communicated certain ideas that are expressly identified in the claims of the '243 patent, including, in an email from Mr. Whitley to Mr. Domanico, the very ideas that make up claim 5 and claim 7 of the '243 patent.

District courts possess authority to correct inventorship of patent upon a determination that a co-inventor has been improperly omitted from the patent. *See Blue Gentian, LLC v. Tristar Prods., Inc.*, 70 F.4th 1351, 1357 (Fed. Cir. 2023). Mr. Whitley, like the unnamed inventor in *Blue Gentian*, is a valid co-inventor of the '243 patent. 135 F.4th at 1364-65 (finding a single meeting where ideas were shared on an improvement of an existing design to confer co-inventor status). In *Blue Gentian*, the unnamed co-inventor showed "confidential information about hoses he had designed, discussed technical details about how he planned to manufacture his hose, and *discussed alternative ways to build an expandable hose*." *Id.* at 1365 (emphasis added).

Mr. Whitley's idea of using rounded grout lines is specifically recited in claim 5 of the '243 patent, as shown below:

> I wanted to share a concern that several people here voiced on this product, perhaps you have even heard this before. Although we really love the concept, everybody here was concerned with the sharp edges at the grout lines. We think this will prevent some people from purchasing the walls, and in an extreme case could be possible to actually cut someone.
>
> As a suggestion, the exact same process but using a different shaped bit may create a smoother cut that solves the above issues. Less of an impression would also make it more realistic.
>
> This is the suggestion

> 5. The method of claim 4 wherein the grout lines are defined by rounded edges.

Similarly, Mr. Whitley's idea to remove less material is specifically recited in claim 7 of the '243 patent:

> As a suggestion, the exact same process but using a different shaped bit may create a smoother cut that solves the above issues. Less of an impression would also make it more realistic.
>
> This is the suggestion

> 7. The method of claim 1 wherein the predetermined amount of material removed from the top displayed surface is substantially 0.005 inches.

Courts have repeatedly emphasized that a co-inventor's "contribution to one claim is enough." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998); *see also Blue Gentian*, 135 F.4th at 1357 ("All inventors, even those who contribute to only one claim or one aspect of one claim of a patent, must be listed on that patent."); *Bushberger v. Protecto Wrap Co.*, No. 07-CV-8, 2008 WL 725189 (E.D. Wis. 2008) ("[A] co-inventor need not make a contribution to every claim of a patent. . . . A contribution to one claim is enough.").

While this inquiry is fact intensive, discovery should be ordered on this issue as it is essential to the threshold issue of whether Plaintiff has standing to even bring this case.

**Plaintiff's List of Legal Issues**

Defendants' so-called motion to dismiss for lack of standing is a thinly veiled motion to correct inventorship. This motion is not proper at the pleading stage. *Drone Tech's, Inc. v. Parrot SA*, 838 F. 3d 1283, 1294 (Fed. Cir. 2016).

First, Mr. Domanico is the only inventor named on the face of the '243 patent and there is a "presumption that [a patent's] named inventors are the true and only inventors." *Acromed Corp. v. Sofamor Danek Grp., Inc.,* 253 F.3d 1371, 1379 (Fed. Cir. 2001). Defendants do not dispute that all of Mr. Domanico's rights in the '243 patent have been assigned to Plaintiff, BCI Acrylic, so BCI is the sole owner of the patent and has standing to assert the patent. *Drone Tech's*, 838 F. 3d at 1294.

Second, Defendants, like the defendant in *Drone Tech's*, "do[] not cite any controlling authority suggesting that [the Court] must undertake the review it seeks; namely, a substantive examination of *inventorship* in order to resolve an issue of *standing* in an infringement action where the plaintiff's claim to title is not otherwise in dispute." *Id*. at 1293 (emphasis in original).

3

Third, the burden of showing nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence. *General Elec. Co. v. Wilkins*, 750 F.3d 1324, 1329 (Fed. Cir. 2014). Defendants must prove Mr. Whitley's "contribution to the conception with more than [his] own testimony concerning the relevant facts." *Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1382 (Fed. Cir. 2004). Whether Mr. Whitley's "testimony has been sufficiently corroborated is evaluated under a 'rule of reason analysis,' which requires that an evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached." *Id.* This fact-intensive inquiry is not appropriate at the pleading stage. *Drone Tech's*, 838 F. 3d at 1294; *see also Plastipak Packaging, Inc. v. Premium Waters, Inc.*, 55 F. 4th 1332, 1343 (Fed. Cir. 2022).

Fourth, resolution of Defendants' inventorship challenge requires significant fact discovery, including, *inter alia*, depositions of Mr. Whitely and Mr. Domanico and the production of documents. None of this discovery has occurred. Defendants' motion is premature until it does.

Fifth, even if Mr. Whitley were a proper inventor, that is not dispositive of standing. While ownership and inventorship are related concepts, they involve separate inquiries. *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993) ("It is elementary that inventorship and ownership are separate issues.").

**List of Parties and Claims That Are Agreed to Be Dismissed**

No parties have been dismissed or substituted from this action. No claims have been agreed to be dismissed.

This summary is being filed greater than 5 days after the parties met and conferred regarding Defendants' motion because the parties were discussing potential resolution of the

matter. The facts and circumstances surrounding Defendants' motion have not changed and neither has Plaintiff's position on the matter.

Dated: September 28, 2023  Respectfully submitted,

By: */s/ Ketajh Brown*
Ketajh Brown (Wis. Bar No. 1106210)
ketajh.brown@klgates.com
Devon Beane
devon.beane@klgates.com
**K&L GATES LLP**
70 W. Madison Street
Suite 3100
Chicago, IL 60602
Tel.: (312) 807-4439

Erik Halverson
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111

***Attorneys for Defendants Milestone Bath Products Inc. and TightSeal***

By: */s/ Mark Remus*
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
litigation@andruslaw.com
**Andrus Intellectual Property Law, LLP**
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590

5

William Frankel
wfrankel@crowell.com
Mark Remus
mremus@crowell.com
John Walker
jwalker@crowell.com
**CROWELL & MORING LLP**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Tel: (312) 321-4200

*Attorneys For Plaintiff,
BCI Acrylic, Inc.*