UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BCI Acrylic, Inc. | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO.: 2:23-cv-00908-JPS |
| Milestone Bath Products Inc. | § |
| (d/b/a Bellastone Bath Systems) and | § |
| TightSeal Exteriors And Bath | § |
| | § |
| Defendants. | § |
| | § |

## BCI ACRYLIC, INC.'S CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DEFENDANTS TO DISCLOSE THEIR ANTICIPATION AND OBVIOUSNESS DEFENSES

BCI Acrylic Inc. respectfully moves this Court under local Rule 7(h) for an order compelling Defendants to disclose their anticipation and obviousness contentions, if any, because those contentions are relevant to Defendants' inventorship and standing defenses. A person is not an inventor if they merely explain to the real inventors well-known concepts and/or the current state of the art. To the extent Defendants allege that one or more steps of the claimed methods of the '243 patent-in-suit were well-known at the time of the alleged invention, such allegations are relevant to whether the alleged contributions of Jeff Whitley were more than well-known concepts or the state of the art.

Defendants allege that BCI lacks standing to bring the present case because the CEO and owner of Milestone, Jeff Whitley, is a joint inventor of the subject matter claimed in the '243 patent and therefore must be joined as a co-owner of the '243 patent and co-plaintiff in this case.

1

(ECF No. 21 at 1-2.)  On October 2, 2023, this Court ordered discovery on the limited issue of standing to be completed within 60 days. (ECF No. 22.)

On October 5, 2023, BCI served interrogatories on Defendants, including Interrogatory No. 3 requesting Defendants to disclose their anticipation and obviousness contentions:

> Interrogatory No. 3:
>
> Separately for each claim of the '243 Patent that you contend is invalid, state all grounds of invalidity, including but not limited to grounds based on 35 U.S.C. §§ 101, 102, 103 and 112, describe in detail the legal and factual bases for those grounds, identify each item of prior art that allegedly anticipates the claim or renders it obvious, and (a) state whether each item of prior art anticipates the claim or renders it obvious, (b) if a combination of items of prior art makes the claim obvious, identify each such combination and describe in detail the motivation to combine such items, and (c) provide a chart identifying where specifically in each alleged item of prior art each element of the claim is found. Your response should specify all supporting documents.

(Ex. A.)  On November 6, 2023, Defendants refused to answer Interrogatory No. 3, but agreed to meet and confer.  (Ex. B.)  The parties met-and-conferred on November 17, 2023.  (Ex. C.) BCI explained that Defendants' anticipation and obviousness contentions were relevant to whether any of Mr. Whitley's alleged contributions to the claimed invention were well-known elements or the state of the art. (*Id*.).  Defendants disagreed and refused to disclose their anticipation and obviousness contentions.  (*Id*.).

In order to be a joint inventor, a person must "(1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3<u>) do more than merely explain to the real inventors well-known concepts and/or the current state of the art</u>." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998) (emphasis added).  Thus, Mr. Whitley cannot be an inventor of the claimed

subject matter if his alleged contributions were well known concepts and/or the current state of the art. Defendants, however, refuse to disclose which steps of the claimed methods, if any, they contend were well-known concepts and/or the current state of the art.

Defendants cannot have their cake and eat it too. If Defendants contend that any of the claim elements, alone or in combination, were well-known concepts or the state of the art at the time of the alleged invention, then Defendants cannot contend that those same elements provide a basis for naming Jeff Whitley as an inventor. See *Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*, 35 F. Supp. 3d 163, 172-73 (D. Mass. 2014) (holding that Defendant had not met its burden to prove an alleged inventor was omitted where that alleged inventor characterized his own contribution as obvious); see also *Astellas Inst. for Regenerative Med. v. ImStem Biotechnology, Inc.*, 458 F. Supp. 3d 95, 103-04 (D. Mass. 2020) (applying a party's argument that a reference was not prior art against their argument regarding alleged excluded inventors). Likewise, if Defendants contend that Mr. Whitley made contributions to the claimed invention that were not well-known or the state of the art, then they cannot also contend that those elements were disclosed in or obvious in view of the prior art. As such, to the extent Defendants contend that any of the steps in the asserted claims were well-known concepts and/or the current state of the art at the time of the invention, those contentions undermine Defendants argument that Mr. Whitley made a substantial contribution to the methods claimed in the '243 patent. Defendants should therefore be ordered to disclose their contentions regarding whether the claimed methods are disclosed in, or obvious in view of, the prior art.

For the reasons set forth herein, Defendants should be compelled to answer Interrogatory No. 3 with respect to anticipation and obviousness.

3

s/Aaron T. Olejniczak
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590

William Frankel
Mark Remus
John Walker
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Tel: 312-321-4200
wfrankel@crowell.com
mremus@crowell.com
jwalker@crowell.com

*Attorneys for Plaintiff BCI Acrylic, Inc.*

4

**CERTIFICATION PURSUANT TO CIVIL L.R. 37**

BCI Acrylic Inc. has in good faith conferred with Defendants in an effort to obtain a substantive response to Interrogatory No. 3 without court action and the parties were unable to reach an accord. Mark Remus, on behalf of BCI, and Erik Halverson, on behalf of Defendants, met telephonically on November 17, 2023 at 3:30 p.m. to discuss this dispute. The parties did not reach an agreement. In an email dated November 28, 2023, Mark Remus confirmed that the parties are at an impasse and invited a response from Mr. Halverson if he disagreed. Mr. Halverson did not respond to that email.

s/Aaron T. Olejniczak
Aaron T. Olejniczak (Wis. Bar No. 1034997)