# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BCI Acrylic, Inc. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § CIVIL ACTION NO.: 2:23-cv-00908-JPS | |
| Milestone Bath Products Inc. § | |
| (d/b/a Bellastone Bath Systems); And § | |
| TightSeal LLC § | |
| § | |
| Defendants. § | |
| § | |

**BCI ACRYLIC, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MILESTONE BATH PRODUCTS AND TIGHTSEAL EXTERIORS AND BATH**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff BCI Acrylic, Inc. ("BCI") propounds the following interrogatories to Defendants Milestone Bath Products, Inc. and TightSeal Exteriors and Bath (collectively, "Defendants") to be answered under oath, by office or agent within thirty (30) days of the date of service hereof.

**DEFINITIONS**

1.  The term "'243 Patent" shall refer to U.S. Patent No. 10,144,243.

2.  The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes without limitation "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence.

3.  The term "thing" shall be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

4.  The term "communication" shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically

or digitally, or on tape, either orally or in writing, including without limitation but not limited to conversations, correspondence, electronic mails, telexes, facsimile transmissions, telecopies, recordings in any medium of oral, written, or typed communication, telephone or message logs, notes or memoranda relating to written or oral communications, and any translation thereof.

5. The terms "relate to," "related to," "relating to," "regard," "regards," "regarding," "concern," "concerns," "concerning," "evidence," "evidences," "evidencing," "reflect," "reflects," "reflecting," "refer," "refers," "referring," "pertaining to," or other similar terms, mean, in whole or in part, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

6. The terms "and" and "or" shall be construed either disjunctively or conjunctively,

7. The terms "any" or "each" or "every" shall be construed to include "all."

## INSTRUCTIONS

1. In answering the following Interrogatories, furnish all available information, including information in the possession custody, or control of any of Defendants' attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents, or subsidiaries, and persons under Defendants' control who have the best knowledge, not merely information known to Defendants based on Defendants' own personal knowledge. If Defendants cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatories cannot be answered fully and completely; and state what knowledge, information, or belief Defendants have concerning the unanswered portion of any such Interrogatory

2

2. If Defendants withhold any information under a claim that it is privileged or otherwise, please provide all information falling with the scope of the Interrogatory that is not privileged, and for each item of information contained in a document to which a claim or privilege or otherwise withheld is made, provide a list of such documents that provides the following information in sufficient detail to enable BCI to assess the applicability of such privilege or protection: (1) the nature of the privilege being asserted with respect to each document; (2) the type or form of each document (e.g., letter, memorandum, etc.); (3) the general subject matter of each document; (4) the date of each document; and (5) the author(s), addressee(s) and all recipients of each document. For documents containing both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

3. If Defendants' response to a particular Interrogatory is a statement that Defendants lack the ability to comply with that Interrogatory, Defendants must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer in Defendants' possession, custody, or control, in which case the name and address of any person or entity known or believed by Defendants to have possession, custody, or control of that information or category of information must be identified.

4. Defendants' obligation to respond to the Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

5. The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of these requests all responses that might otherwise be construed as outside of its scope.

3

6. Where an objection is made to an Interrogatory, state all grounds upon which Defendants' objection is based. If Defendants object to any Interrogatory in part, respond to the extent that it does not claim the Interrogatory to be objectionable.

## INTERROGATORIES

INTERROGATORY NO. 1:

Describe the factual and legal bases for Defendants' contention that Jeff Whitley should be a named inventor of the '243 Patent, including (a) describe each contribution that Jeff Whitley allegedly made to the conception and reduction to practice of the methods claimed in the '243 patent, (b) explain why each alleged contribution was significant when measured against the dimension of the full invention, (c) explain how each alleged contribution was more than merely explaining well-known concepts and/or the current state of the art, (d) identify each claim and claim element to which Mr. Whitley allegedly contributed, (e) identify all documents that support or refute Defendants' contention that Mr. Whitley should be a named inventor of the '243 patent, and (f) identify each witness that Defendants intend to rely upon in support of their contention that Mr. Whitley should be a named inventor of the '243 patent.

INTERROGATORY NO. 2:

Describe the factual and legal bases for Defendants' contention that BCI does not have standing to file suit for infringement of the '243 patent.

INTERROGATORY NO. 3:

Separately for each claim of the '243 Patent that you contend is invalid, state all grounds of invalidity, including but not limited to grounds based on 35 U.S.C. §§ 101, 102, 103 and 112, describe in detail the legal and factual bases for those grounds, identify each item of prior art that allegedly anticipates the claim or renders it obvious, and (a) state whether each item of prior art

4

anticipates the claim or renders it obvious, (b) if a combination of items of prior art makes the claim obvious, identify each such combination and describe in detail the motivation to combine such items, and (c) provide a chart identifying where specifically in each alleged item of prior art each element of the claim is found. Your response should specify all supporting documents.

Respectfully submitted,

Dated: October 5, 2023

By: /Mark Remus/
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590

William Frankel
Mark Remus
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Tel: 312-321-4200
wfrankel@crowell.com
mremus@crowell.com

Attorneys For Plaintiff

5

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2023, a true and correct copy of the foregoing document was served on the following counsel of record via electronic mail:

>Devon Curtis Beane
>Ketajh M. Brown
>K & L Gates LLP
>70 W. Madison Street, Suite 3100
>Chicago, IL 60602
>Devon.Beane@klgates.com
>Ketajh.Brown@klgates.com
>
>Erik Halverson
>K & L Gates LLP
>Four Embarcadero Center, Suite 1200
>San Francisco, CA 94111
>Erik.Halverson@klgates.com

/s/John Walker
John Walker