# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BCI ACRYLIC, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>MILESTONE BATH PRODUCTS, INC.<br>d/b/a BELLASTONE BATH SYSTEMS<br>and TIGHTSEAL LLC,<br><br>       Defendants. | Case No. 23-CV-00908-JPS |

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants' Milestone Bath Products, Inc. and TightSeal LLC (collectively "Milestone"), by and through its undersigned counsel, provides these responses to Interrogatory Nos. 1–3 from Plaintiff BCI Acrylic, Inc. ("BCI").

**GENERAL OBJECTIONS**

These General Objections are incorporated into each of the specific responses that follow. Notwithstanding those responses, Milestone does not waive any of these General Objections.

1. Milestone objects to each Definition, Instruction, or Interrogatory to the extent it seeks to impose any requirements on Milestone in addition to, or different from, those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, any applicable orders of this Court, or relevant statutory or case law.

2. An objection based on attorney-client privilege and/or work product immunity should not be construed as a representation that such information exists or existed. Such objections

1

indicate only that the scope of the Interrogatory may include subject matters protected by the attorney-client privilege and/or work product immunity.

3. Milestone objects to each Interrogatory to the extent it seeks information that is already in Plaintiff's possession, custody, or control, and/or to the extent that it seeks information that is publicly available and thus at least equally available to Plaintiff as it is to Milestone.

4. Milestone objects to each Interrogatory as overly broad and unduly burdensome to the extent it is not limited to a relative time period.

5. Milestone objects to each Interrogatory as overly broad and irrelevant to the extent it seeks information beyond the scope of the Court's Order entered on October 2, 2023, granting limited discovery on the issue of standing.

6. Milestone's Responses and Objections set forth below are based on Milestone's best knowledge, information, and belief at this time. Further, Milestone's Specific Responses and Objections are made without prejudice to Milestone's right to revise or supplement, based on the discovery taken in this case or on facts or circumstances that may come into Milestone's knowledge.

7. Milestone reserves the right to supplement its Responses to the Interrogatories and reserves the right to include additional information from any hearing that is obtained during discovery and/or any investigation yet to be conducted in this case or that becomes known to Milestone. Further, Milestone's Specific Responses and Objections are based on Milestone's good-faith interpretation of the individual Interrogatories and are subject to correction for errors or omissions, if any. Nothing in these Responses should be construed as waiving rights or objections which might otherwise be available to Milestone, nor should Milestone's Responses to any of these Interrogatories be deemed an admission of relevancy, materiality, or admissibility in

evidence of the Interrogatories or Responses thereto.

8. Milestone retains the right to produce documents or things responsive to these Interrogatories by making them available for inspection and copying by Plaintiff at Milestone's or K&L Gates LLP's facilities.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Milestone incorporates the foregoing General Objections into its Specific Responses and Objections to the Interrogatories, as if the General Objections were fully stated herein. Subject to and without waiving the foregoing General Objections, Milestone responds as follows:

### INTERROGATORY NO. 1:

Describe the factual and legal bases for Defendants' contention that Jeff Whitley should be a named inventor of the '243 Patent, including (a) describe each contribution that Jeff Whitley allegedly made to the conception and reduction to practice of the methods claimed in the '243 patent, (b) explain why each alleged contribution was significant when measured against the dimension of the full invention, (c) explain how each alleged contribution was more than merely explaining well-known concepts and/or the current state of the art, (d) identify each claim and claim element to which Mr. Whitley allegedly contributed, (e) identify all documents that support or refute Defendants' contention that Mr. Whitley should be a named inventor of the '243 patent, and (f) identify each witness that Defendants intend to rely upon in support of their contention that Mr. Whitley should be a named inventor of the '243 patent.

### RESPONSE TO INTERROGATORY NO 1:

Milestone incorporates by reference its General Objections above. Milestone further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Milestone objects to this interrogatory as compound and comprising six separate interrogatories. Milestone further objects that Interrogatory No. 1(a) and (d) are largely duplicative as both requests seek each contribution that Jeff Whitley made to the '243 Patent. Milestone further objects to this Interrogatory No. 1(c) as ambiguous and irrelevant because the phrase "current state of the art" does not define a temporal scope that is relevant to the

3

response sought by the request on the issue of inventorship. Milestone further objects to 1(c) as being legally irrelevant and beyond the limited scope of discovery permitted at this stage of the case. Milestone objects to 1(f) as prematurely seeking information from pretrial disclosures before such information is obliged to be shared based on the to-be-entered schedule in this proceeding.

Subject to and without waiving the foregoing general and specific objections, Milestone responds as follows:

Jeff Whitley contributed to the conception and reduction to practice of at least claims 1, 5, and 7 of the '243 Patent. Jeff collaborated with Mark Domanico and contributed to advancing the simulated tile wall CNC grooving method of manufacturing. Jeff contributed to determining a proper depth of cut in the simulated tile sheet. Jeff contributed to forming a first set of grout lines by removing from the top displayed surface of the first sheet of acrylic material removal tool a first predetermined amount of material based on the first set of tile pattern characteristics to create the first set of tile pattern characteristics in the first sheet of acrylic material. Jeff contributed to the grout lines being defined by rounded edges. Jeff contributed to the predetermined amount of material removed from the top displayed surface is substantially 0.005 inches. Jeff's contributions were significant and more than merely well-known contributions because his contributions are included in at least independent claim 1 and dependent claims 5 and 7 of the '243 Patent, claims that were allowed by the United States Patent and Trademark Office.

TightSeal LLC has no independent information within its possession, custody, or control relevant to this interrogatory.

Additionally, in accordance with Federal Rule of Civil Procedure 33(d), Milestone will produce documents responsive to this Interrogatory.

**INTERROGATORY NO. 2:**

Describe the factual and legal bases for Defendants' contention that BCI does not have standing to file suit for infringement of the '243 patent.

**RESPONSE TO INTERROGATORY NO 2:**

Milestone incorporates by reference its General Objections above. Milestone further objects to this Interrogatory to the extent it seeks legal conclusions. Milestone further objects that this Interrogatory largely duplicates BCI's Interrogatory No. 2, and so incorporates its responses and objections to that prior interrogatory by reference herein.

Subject to and without waiving the foregoing general and specific objections, Milestone responds as follows:

*See* Milestone's Response to Interrogatory No. 1. Milestone further responds that Jeff Whitley is an unnamed co-inventor of the patent at issue in this case, the '243 patent, and BCI's failure to include him as a plaintiff means this case cannot proceed as BCI does not have standing to bring this case without the consent of all patentees. Pursuant to 35 U.S.C. § 281, a purportedly aggrieved patent co-owner seeking redress for infringement must join all other co-owners of the allegedly infringed patent. *See STC.UNM v. Intel Corp.*, 754 F.3d 940, 944 (Fed. Cir. 2014). When there are multiple owners of a patent, each co-owner must consent to join an infringement action as plaintiff and consequently "one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit." *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998).

Jeff Whitley never assigned any interest of the '243 Patent to BCI, so BCI does not have full right and title to commence and maintain this action. Further, Jeff Whitley has not, and does not, consent to join as a plaintiff in this lawsuit. Because BCI is a co-owner of the '243 Patent and has not obtained the required consent of all co-owners to join as plaintiff in this action, BCI lacks standing to file suit for alleged infringement of the '243 Patent.

TightSeal LLC has no independent information within its possession, custody, or control relevant to this interrogatory.

Milestone's response is based on information currently available to Milestone, and is without prejudice to Milestone's right to supplement this answer during the course of litigation.

**INTERROGATORY NO. 3:**

Separately for each claim of the '243 Patent that you contend is invalid, state all grounds of invalidity, including but not limited to grounds based on 35 U.S.C. §§ 101, 102, 103 and 112, describe in detail the legal and factual bases for those grounds, identify each item of prior art that allegedly anticipates the claim or renders it obvious, and (a) state whether each item of prior art anticipates the claim or renders it obvious, (b) if a combination of items of prior art makes the claim obvious, identify each such combination and describe in detail the motivation to combine such items, and (c) provide a chart identifying where specifically in each alleged item of prior art each element of the claim is found. Your response should specify all supporting documents.

**RESPONSE TO INTERROGATORY NO 3:**

Milestone incorporates by reference its General Objections above. Milestone further objects to this Interrogatory to the extent it seeks to impose any requirements on Milestone in addition to, or different from, those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, any applicable orders of this Court, or relevant statutory or case law, as it seeks legal conclusions or contentions of invalidity before such disclosures are called for. Milestone further objects to this Interrogatory as prematurely seeking information beyond the scope of the Court's order granting limited discovery solely on the issue of standing.

Subject to and without waiving the foregoing general and specific objections, Milestone additionally responds as follows:

Milestone is willing to meet and confer regarding the scope of this Interrogatory.

Dated: November 6, 2023                Respectfully submitted,

                                    By:    /s/ Erik Halverson
                                           Ketajh Brown (Wis. Bar No. 1106210)
                                           ketajh.brown@klgates.com
                                           Devon Beane
                                           devon.beane@klgates.com
                                           **K&L GATES LLP**
                                           70 W. Madison Street
                                           Suite 3100
                                           Chicago, IL 60602
                                           Tel.: (312) 807-4439

                                           Erik Halverson
                                           erik.halverson@klgates.com
                                           **K&L GATES LLP**
                                           Four Embarcadero Center
                                           Suite 1200
                                           San Francisco, CA 94111

                                           ***Attorneys for Defendants Milestone Bath***
                                           ***Products Inc. and TightSeal LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 6, 2023 to all counsel of record via email:

Aaron T. Olejniczak
aarono@andruslaw.com
Christopher R. Liro
chris.liro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590

William Frankel
Mark Remus
John Walker
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
Tel: 312-321-4200
wfrankel@crowell.com
mremus@crowell.com
jwalker@crowell.com

/s/ Erik Halverson
Erik Halverson