# Exhibit E

# SCORE Placeholder Sheet for IFW Content

**Application Number:** 15046864          **Document Date:** 02/18/2016

The presence of this form in the IFW record indicates that the following document type was received in electronic format on the date identified above. This content is stored in the SCORE database.

Since this was an electronic submission, there is no physical artifact folder, no artifact folder is recorded in PALM, and no paper documents or physical media exist. The TIFF images in the IFW record were created from the original documents that are stored in SCORE.

- Drawing

At the time of document entry (noted above):
- USPTO employees may access SCORE content via eDAN using the Supplemental Content tab, or via the SCORE web page.
- External customers may access SCORE content via PAIR using the Supplemental Content tab.

PTO/AIA/15 (03-13)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| Attorney Docket No. | |
| --- | --- |
| *First Named Inventor* | Mark Domanico |
| *Title* | Method for Creating Simulated Tile Wall |
| *Express Mail Label No.* | |

## APPLICATION ELEMENTS

*See MPEP chapter 600 concerning utility patent application contents.*

1. [✓] **Fee Transmittal Form**
(PTO/SB/17 or equivalent)

2. [✓] **Applicant asserts small entity status.**
See 37 CFR 1.27

3. [ ] **Applicant certifies micro entity status.** See 37 CFR 1.29.
Applicant must attach form PTO/SB/15A or B or equivalent.

4. [✓] **Specification** [Total Pages 8 ]
Both the claims and abstract must start on a new page.
*(See MPEP § 608.01(a) for information on the preferred arrangement)*

5. [✓] **Drawing(s)** (35 U.S.C. 113) [Total Sheets 6 ]

6. [ ] **Inventor's Oath or Declaration** [Total Pages 1 ]
*(including substitute statements under 37 CFR 1.64 and assignments serving as an oath or declaration under 37 CFR 1.63(e))*
   a. [✓] Newly executed (original or copy)
   b. [ ] A copy from a prior application (37 CFR 1.63(d))

7. [✓] **Application Data Sheet** * See note below.
See 37 CFR 1.76 (PTO/AIA/14 or equivalent)

8. [ ] **CD-ROM or CD-R**
in duplicate, large table, or Computer Program (*Appendix*)
   [ ] Landscape Table on CD

9. **Nucleotide and/or Amino Acid Sequence Submission**
*(if applicable, items a. – c. are required)*
   a. [ ] Computer Readable Form (CRF)
   b. [ ] Specification Sequence Listing on:
      i. [ ] CD-ROM or CD-R (2 copies); or
      ii. [ ] Paper
   c. [ ] Statements verifying identity of above copies

**ADDRESS TO:**    **Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

## ACCOMPANYING APPLICATION PAPERS

10. [✓] **Assignment Papers**
(cover sheet & document(s))
Name of Assignee Luxury Bath Liners, Inc.

11. [✗] **37 CFR 3.73(c) Statement**    [✓] **Power of Attorney**
*(when there is an assignee)*

12. [ ] **English Translation Document**
*(if applicable)*

13. [ ] **Information Disclosure Statement**
(PTO/SB/08 or PTO-1449)
   [ ] Copies of citations attached

14. [ ] **Preliminary Amendment**

15. [ ] **Return Receipt Postcard**
*(MPEP § 503) (Should be specifically itemized)*

16. [ ] **Certified Copy of Priority Document(s)**
*(if foreign priority is claimed)*

17. [ ] **Nonpublication Request**
Under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.

18. [ ] **Other:** _____
_____
_____
_____
_____

***Note:** (1) Benefit claims under 37 CFR 1.78 and foreign priority claims under 1.55 **must** be included in an Application Data Sheet (ADS).
(2) For applications filed under 35 U.S.C. 111, the application must contain an ADS specifying the applicant if the applicant is an assignee, person to whom the inventor is under an obligation to assign, or person who otherwise shows sufficient proprietary interest in the matter. See 37 CFR 1.46(b).

## 19. CORRESPONDENCE ADDRESS

[✓] The address associated with Customer Number: 22536    **OR** [ ] Correspondence address below

| Name | |
| --- | --- |
| Address | |

| City | | State | | Zip Code | |
| --- | --- | --- | --- | --- | --- |
| Country | | Telephone | | Email | |

| Signature | *Alan B. Samlan* (signature) | | Date | February 18, 2016 |
| --- | --- | --- | --- | --- |
| Name (Print/Type) | Alan B. Samlan | | Registration No. (Attorney/Agent) | 28470 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# METHOD FOR CREATING SIMULATED TILE WALL

## CROSS REFERENCE TO RELATED APPLICATION

This application is based on and claims the priority of U.S. provisional patent application serial number 62/117,538 filed February 18, 2015.

## FIELD OF THE INVENTION

This invention relates to a method for creating a simulated tile wall that is often used in bathrooms and areas that generally require water resistant walls.

## BACKGROUND OF THE INVENTION

Bathrooms, shower enclosures, bath tub enclosures and other damp rooms and enclosures often use ceramic tiles on the walls in order to protect the walls from moisture that would otherwise cause mildew, mold or otherwise ruin the wall. Ceramic tiles are generally expensive and time consuming to install. An alternative is to use ABS-backed acrylic sheets on the walls, which are less expensive to purchase and easier to install. However, the acrylic sheets do not have the desired appearance of a tile wall.

In the past, a simulated tile wall was created from an ABS-backed acrylic sheet. The acrylic sheet is typically placed into a clamp frame. The sheet is then slid into an oven where it is heated from above and below at different temperatures for a period of time, for example, for two to three minutes. Once the acrylic sheet is pliable, the sheet is removed from the oven, and slid over a mold having the simulated tile pattern. The mold is raised to the sheet, and a vacuum lever is pulled. The suction causes the heated sheet to form into the simulated pattern created on the mold. Once the sheet cools, it is removed from the clamp frame and exterior trim portions or edges are removed to form a finished acrylic sheet with the simulated tile pattern embedded in the sheet. This entire process typically takes about ten minutes, and requires highly trained individuals to complete the task with very little margin for error. Depending on

the mold, different tile patterns can be formed.

While the previous process is satisfactory to form a simulated tile pattern, it has several shortcomings. For example, the process requires an operator with highly developed skills in operating the machinery and the necessity for accuracy when placing and forming the sheet. Furthermore, each tile pattern or sheet design requires a specific mold which has to be created. Creating the molds is very time consuming and costly.

Therefore, there is a need for a method for creating simulated tile sheets which are fully customizable, without the need to create multiple molds, and which can be easily created in a short amount of time without the requirement of highly skilled individuals.

## SUMMARY OF THE INVENTION

The present invention is directed to a device and method for creating a simulated tile sheet from a sheet of acrylic.

The present method does not use heat to heat the sheet of acrylic, does not require molds, and does not use a vacuum. The present invention utilizes a robotic arm and/or a CNC router to engrave tile lines in a sheet of ABS-backed acrylic or other material. The resulting tile sheet is more realistic looking, and more customizable, as the pattern formed by the router may be easily and quickly selected on a sheet by sheet basis.

## DESCRIPTION OF THE DRAWINGS

Fig. 1 is an illustration of a sheet of acrylic with simulated tiles formed by the prior art method of heating a sheet and forming it in a mold.

Fig. 2 is a diagram of a tile pattern to be created on a sheet of acrylic.

Fig. 3 is diagram of a sheet of ABS-backed acrylic placed on a cutting table and anchored in place.

Fig. 4 is a diagram of the robotic arm as it starts to make incisions into the sheet

2

simulating the grout lines around a ceramic tile.

Fig. 5 is a diagram of the cutting tool as it cuts the incisions in two directions perpendicular to each other.

Fig. 6 is a diagram of a finished wall installed in a bath enclosure.

## DESCRIPTION OF THE PREFERRED EMBODIMENT

Fig. 1 illustrates a sheet of acrylic that has the simulated tiles formed by the prior art process in which a sheet of acrylic 10 is place on a frame, heated in an oven, placed against a mold and then a vacuum is drawn between the sheet and the mold. The heated sheet of acrylic takes the form of the mold, which in this case is a simulated sheet with individual tiles 12.

The inventive method is clearly illustrated in Figs. 2-6. The first step in the process of forming an acrylic tile sheet 13 using the present method is to produce a three-dimensional model 14 of a new tile pattern 16. This tile pattern may take any desired form, but it most often will resemble a tile pattern that is commonly used in bathrooms in a shower or bath tub. The sheet 13 may be of any color and may have embedded in it any relief or designs as the user desires that can be accommodated in a sheet of ABS-backed acrylic. The sheet 13 may be of any acrylic or similar material that will function as a protective sheet of material in a wet environment. As seen in Fig. 2 the tile pattern 16 has horizontal grout lines 18, vertical grout lines 20 and diagonal grout lines 22. Once the pattern 16 is designed, it is scaled or adapted to match a particular size or shape, for example a sheet of acrylic 60 by 40 inches for placement on a wall above a bath tub.

In order to create the acrylic sheet 13, the designer creates a file within a computer used to control a robotic arm 24 connected to a router 26 having a router bit 27 mounted in it. For each design a new tile pattern 16 is named, created and stored. AS seen in Fig. 3, a new sheet of ABS-backed acrylic 13, or other material that will meet the needs of the application in a bath enclosure, may then be straightened and anchored on a cutting table 28 proximate the router 26. The designed pattern 16 may then be programmed or entered into the computer (not illustrated) which runs a program used to control the robotic arm 24 and router 26 and create the pattern 16

3

on the sheet 13. As seen in Figs. 4 and 5, the router bit 27 begins by making incisions into the sheet 13 to simulate the grout lines around each tile. The amount of material removed from the sheet 13 is relatively small, generally in the order of .005 inches. The lines cut on the sheet 13 are in a manner which simulates a tiled wall such as illustrated in Fig. 6. Each tile sheet may be created in approximately seven to ten minutes depending on the programmed design and size of the sheet. The router bit 27 is designed so that when it removes the material from the sheet 13, it leaves a rounded edge between the simulated tile pattern 16 and the grout line 18. Otherwise at the intersection of the tile and the grout line there would be a sharp edge which is undesirable.

Once all the lines from the tile design 16 that was programmed into the computer are made on the sheet 13, the program is complete and the sheet 13 as cut is ready for use. The computer and router 26 may then be used to create a second sheet of a substantially matching tile sheet 13, or may be reprogrammed to create a completely different designed tile sheet. Since any completed tile sheet designs are stored within the computer, in the future any previously made tile sheet may be duplicated simply by accessing the programmed design pattern. By utilizing the computer and controlled router, seemingly unlimited numbers of patterns are available to a tile sheet manufacturer without the need to create and store multiple molds. The need to move molds in and out is also eliminated each time a different pattern for a tile sheet is desired insofar as the router 16 and computer store and create the patterns rather than a mold.

Once the acrylic sheet 13 is completed, it can be cut to the proper size to be mounted in an enclosure such as illustrated in Fig. 6. Each sheet 13 forms one of the interior walls of the bath enclosure. As seen in Fig. 6 all the horizontal grout lines 18 line up so that it gives the appearance of real tiles.

Thus, there has been provided a method for manufacturing a simulated tile wall that provides for limitless customization. While the invention has been described in conjunction with a specific embodiment, it is evident that many alternatives, modifications and variations will be apparent to those skilled in the art in light of the foregoing description. Accordingly, it

in intended to embrace all such alternatives, modifications and variations as fall within the spirit and scope of the claims.

# CLAIMS

What is claimed is:

1.      A method of manufacturing a tile sheet for a shower wall enclosure comprising the steps of:

    a.      designing a tile pattern and storing it digitally in a database in a computer controlled material removal tool;

    b.      selecting a sheet of acrylic material;

    c.      placing the sheet of acrylic material below the material removal tool;

    d.      retrieving the stored tile pattern from the database; and

    e.      forming the tile pattern in the sheet of acrylic material by means of the computer controlled material removal tool following the tile pattern stored in the database.

2.      The method of claim 1 and the further steps of:

    f.      designing a second tile pattern and storing it digitally in the database in the computer controlled material removal tool;

    g.      selecting a second sheet of acrylic material;

    h.      placing the sheet below the material removal tool;

    i.      retrieving the second stored tile pattern from the database; and

    j.      forming the second tile pattern in the second sheet of acrylic material by means of the computer controlled material removal tool following the second tile pattern stored in the database.

3.      The method of claim 1 wherein the computer controlled material removal tool is a router.

4.      The method of claim 1 and the further step of designing the tile pattern to simulate individual tiles separated by grout lines.

5.      The method of claim 4 and the further step of designing the tile pattern so that the grout lines are defined by rounded corners where the grout lines meet the simulated tile.

6

6. A method of manufacturing a tile sheet for a shower wall enclosure comprising the steps of:

    a.    creating a design for a tile pattern and storing it digitally in a database in a computer controlled router;

    b.    selecting a sheet of acrylic material having preselected coloring and relief images;

    c.    placing the sheet of acrylic material below the computer controlled router;

    d.    retrieving the stored tile pattern from the database; and

    e.    the router removing selected portions from the sheet of acrylic material thereby forming the tile pattern in the sheet of acrylic material by following the tile pattern stored in the database.

7. The method of claim 6 and the further steps of:

    f.    creating a second design for a tile pattern and storing it in the database in the computer controlled router;

    g.    selecting a second sheet of acrylic material having preselected coloring and relief images;

    h.    placing the second sheet of acrylic material below the router;

    i.    retrieving the second tile pattern from the database; and

    j.    controlling the router for removing selected portions from the second sheet of acrylic material thereby forming the second tile pattern in the second sheet of acrylic material by following the second tile pattern stored in the database.

# ABSTRACT

A method of manufacturing a tile sheet for a shower wall or bath enclosure in which a user designs a tile pattern which is stored in a database. An acrylic sheet is placed on a frame and clamped in place. A computer controlled router cuts grout lines in the acrylic sheet which simulates a tile pattern. The finished sheet having the tile pattern is cut and installed on a shower wall. Other designs can be stored in the computer and used to create different tile patterns using the same computer controlled router.

Case 2:23-cv-00908-JPS    Filed 12/01/23    Page 11 of 116    Document 27-5



FIG. 1



**FIG. 2**



24

26

13

28

FIG. 3



24

26

27

FIG. 4



24

26

27

18

20

FIG. 5



18

18

FIG. 6

PTO/AIA/14 (11-13)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | |
|---|---|---|
| | Application Number | |
| Title of Invention | Method for Creating Simulated Tile Wall | |

The application data sheet is part of the provisional or nonprovisional application for which it is being submitted. The following form contains the bibliographic data arranged in a format specified by the United States Patent and Trademark Office as outlined in 37 CFR 1.76.
This document may be completed electronically and submitted to the Office in electronic format using the Electronic Filing System (EFS) or the document may be printed and included in a paper filed application.

## Secrecy Order 37 CFR 5.2:

☐ Portions or all of the application associated with this Application Data Sheet may fall under a Secrecy Order pursuant to 37 CFR 5.2 (Paper filers only. Applications that fall under Secrecy Order may not be filed electronically.)

## Inventor Information:

| Inventor | 1 | | | Remove |
|---|---|---|---|---|

**Legal Name**

| Prefix | Given Name | Middle Name | Family Name | Suffix |
|---|---|---|---|---|
| | Mark | | Domanico | |

**Residence Information (Select One)** ● US Residency ○ Non US Residency ○ Active US Military Service

| City | Glendale Heights | State/Province | IL | Country of Residence | US |
|---|---|---|---|---|---|

**Mailing Address of Inventor:**

| Address 1 | 1958 Brandon Court |
|---|---|
| Address 2 | |
| City | Glendale Heights | State/Province | IL |
| Postal Code | 60139 | Country i | US |

All Inventors Must Be Listed - Additional Inventor Information blocks may be generated within this form by selecting the **Add** button. | Add |

## Correspondence Information:

**Enter either Customer Number or complete the Correspondence Information section below.**
**For further information see 37 CFR 1.33(a).**

☐ An Address is being provided for the correspondence Information of this application.

| Customer Number | 22536 | | |
|---|---|---|---|
| Email Address | asamlan@kdslaw.com | Add Email | Remove Email |

## Application Information:

| Title of the Invention | Method for Creating Simulated Tile Wall | |
|---|---|---|
| Attorney Docket Number | | Small Entity Status Claimed ☒ |
| Application Type | Nonprovisional | |
| Subject Matter | Utility | |
| Total Number of Drawing Sheets (if any) | | Suggested Figure for Publication (if any) | |

PTO/AIA/14 (11-13)
Approved for use through 04/30/2017.  OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | |
|---|---|---|
| | Application Number | |

| Title of Invention | Method for Creating Simulated Tile Wall |
|---|---|

## Filing By Reference:

Only complete this section when filing an application by reference under 35 U.S.C. 111(c) and 37 CFR 1.57(a).  Do not complete this section if application papers including a specification and any drawings are being filed.  Any domestic benefit or foreign priority information must be provided in the appropriate section(s) below (i.e., "Domestic Benefit/National Stage Information" and "Foreign Priority Information").

For the purposes of a filing date under 37 CFR 1.53(b), the description and any drawings of the present application are replaced by this reference to the previously filed application, subject to conditions and requirements of 37 CFR 1.57(a).

| Application number of the previously filed application | Filing date (YYYY-MM-DD) | Intellectual Property Authority or Country |
|---|---|---|
| | | |

## Publication Information:

| | |
|---|---|
| ☐ | Request Early Publication (Fee required at time of Request 37 CFR 1.219) |
| ☐ | **Request Not to Publish.**  I hereby request that the attached application not be published under 35 U.S.C. 122(b) and certify  that the invention disclosed in the attached application **has not and will not** be the subject of an application filed in another country, or under a  multilateral international agreement, that requires publication at eighteen months after filing. |

## Representative Information:

Representative information should be provided for all practitioners having a power of attorney in the application. Providing this information in the Application Data Sheet does not constitute a power of attorney in the application (see 37 CFR 1.32). Either enter Customer Number or complete the Representative Name section below. If both sections are completed the customer Number will be used for the Representative Information during processing.

| Please Select One: | ⦿ Customer Number | ◯ US Patent Practitioner | ◯ Limited Recognition (37 CFR 11.9) |
|---|---|---|---|
| Customer Number | 22536 | | |

## Domestic Benefit/National Stage Information:

This section allows for the applicant to either claim benefit under 35 U.S.C. 119(e), 120, 121, 365(c), or 386(c) or indicate National Stage entry from a PCT application. Providing benefit claim information in the Application Data Sheet constitutes the specific reference required by 35 U.S.C. 119(e) or 120, and 37 CFR 1.78.
When referring to the current application, please leave the "Application Number" field blank.

| Prior Application Status | Pending | | Remove |
|---|---|---|---|
| Application Number | Continuity Type | Prior Application Number | Filing or 371(c) Date (YYYY-MM-DD) |
| | Claims benefit of provisional | 62117548 | 2015-02-18 |

Additional Domestic Benefit/National Stage Data may be generated within this form by selecting the **Add** button.

PTO/AIA/14 (11-13)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
| | Application Number | |
| Title of Invention | Method for Creating Simulated Tile Wall | |

## Foreign Priority Information:

This section allows for the applicant to claim priority to a foreign application. Providing this information in the application data sheet constitutes the claim for priority as required by 35 U.S.C. 119(b) and 37 CFR 1.55. When priority is claimed to a foreign application that is eligible for retrieval under the priority document exchange program (PDX)[i] the information will be used by the Office to automatically attempt retrieval pursuant to 37 CFR 1.55(i)(1) and (2). Under the PDX program, applicant bears the ultimate responsibility for ensuring that a copy of the foreign application is received by the Office from the participating foreign intellectual property office, or a certified copy of the foreign priority application is filed, within the time period specified in 37 CFR 1.55(g)(1).

| | | | Remove |
| Application Number | Country[i] | Filing Date (YYYY-MM-DD) | Access Code[i] (if applicable) |
| | | | |

Additional Foreign Priority Data may be generated within this form by selecting the **Add** button.

## Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications

| ☐ | This application (1) claims priority to or the benefit of an application filed before March 16, 2013 and (2) also contains, or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013.<br>NOTE: By providing this statement under 37 CFR 1.55 or 1.78, this application, with a filing date on or after March 16, 2013, will be examined under the first inventor to file provisions of the AIA. |

EFS Web 2.2.12

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
| | Application Number | |

| Title of Invention | Method for Creating Simulated Tile Wall |
| --- | --- |

# Authorization or Opt-Out of Authorization to Permit Access:

When this Application Data Sheet is properly signed and filed with the application, applicant has provided written authority to permit a participating foreign intellectual property (IP) office access to the instant application-as-filed (see paragraph A in subsection 1 below) and the European Patent Office (EPO) access to any search results from the instant application (see paragraph B in subsection 1 below).

Should applicant choose not to provide an authorization identified in subsection 1 below, applicant **must opt-out** of the authorization by checking the corresponding box A or B or both in subsection 2 below.

**NOTE**: This section of the Application Data Sheet is **ONLY** reviewed and processed with the **INITIAL** filing of an application. After the initial filing of an application, an Application Data Sheet cannot be used to provide or rescind authorization for access by a foreign IP office(s). Instead, Form PTO/SB/39 or PTO/SB/69 must be used as appropriate.

**1. Authorization to Permit Access by a Foreign Intellectual Property Office(s)**

**A. Priority Document Exchange (PDX)** - Unless box A in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the European Patent Office (EPO), the Japan Patent Office (JPO), the Korean Intellectual Property Office (KIPO), the State Intellectual Property Office of the People's Republic of China (SIPO), the World Intellectual Property Organization (WIPO), and any other foreign intellectual property office participating with the USPTO in a bilateral or multilateral priority document exchange agreement in which a foreign application claiming priority to the instant patent application is filed, access to: (1) the instant patent application-as-filed and its related bibliographic data, (2) any foreign or domestic application to which priority or benefit is claimed by the instant application and its related bibliographic data, and (3) the date of filing of this Authorization. See 37 CFR 1.14(h)(1).

**B. Search Results from U.S. Application to EPO** - Unless box B in subsection 2 (opt-out of authorization) is checked, the undersigned hereby **grants the USPTO authority** to provide the EPO access to the bibliographic data and search results from the instant patent application when a European patent application claiming priority to the instant patent application is filed. See 37 CFR 1.14(h)(2).

The applicant is reminded that the EPO's Rule 141(1) EPC (European Patent Convention) requires applicants to submit a copy of search results from the instant application without delay in a European patent application that claims priority to the instant application.

**2. Opt-Out of Authorizations to Permit Access by a Foreign Intellectual Property Office(s)**

☐     A. Applicant **DOES NOT** authorize the USPTO to permit a participating foreign IP office access to the instant application-as-filed. If this box is checked, the USPTO will not be providing a participating foreign IP office with any documents and information identified in subsection 1A above.

☐     B. Applicant **DOES NOT** authorize the USPTO to transmit to the EPO any search results from the instant patent application. If this box is checked, the USPTO will not be providing the EPO with search results from the instant application.

**NOTE:** Once the application has published or is otherwise publicly available, the USPTO may provide access to the application in accordance with 37 CFR 1.14.

EFS Web 2.2.12

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
|---|---|---|
| | Application Number | |
| Title of Invention | Method for Creating Simulated Tile Wall | |

## Applicant Information:

| Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office. |
|---|

| **Applicant 1** |
|---|
| If the applicant is the inventor (or the remaining joint inventor or inventors under 37 CFR 1.45), this section should not be completed. The information to be provided in this section is the name and address of the legal representative who is the applicant under 37 CFR 1.43; or the name and address of the assignee, person to whom the inventor is under an obligation to assign the invention, or person who otherwise shows sufficient proprietary interest in the matter who is the applicant under 37 CFR 1.46. If the applicant is an applicant under 37 CFR 1.46 (assignee, person to whom the inventor is obligated to assign, or person who otherwise shows sufficient proprietary interest) together with one or more joint inventors, then the joint inventor or inventors who are also the applicant should be identified in this section. <span>Clear</span> |

| ◉ Assignee | ○ Legal Representative under 35 U.S.C. 117 | ○ Joint Inventor |
|---|---|---|
| ○ Person to whom the inventor is obligated to assign. | ○ Person who shows sufficient proprietary interest | |

| If applicant is the legal representative, indicate the authority to file the patent application, the inventor is: |
|---|
| |

| Name of the Deceased or Legally Incapacitated Inventor: | |
|---|---|

| If the Applicant is an Organization check here. ☒ | |
|---|---|
| Organization Name | Luxury Bath Liners, Inc. |

| **Mailing Address Information For Applicant:** | |
|---|---|
| **Address 1** | 524 S. Hicks Rd. |
| Address 2 | |
| **City** | Palatine |
| **Country** | US |
| Phone Number | |
| Email Address | |

| | State/Province | IL |
|---|---|---|
| Postal Code | 60007 |
| Fax Number | |

| Additional Applicant Data may be generated within this form by selecting the Add button. |
|---|

## Assignee Information including Non-Applicant Assignee Information:

| Providing assignment information in this section does not substitute for compliance with any requirement of part 3 of Title 37 of CFR to have an assignment recorded by the Office. |
|---|

EFS Web 2.2.12

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Application Data Sheet 37 CFR 1.76 | Attorney Docket Number | |
| | Application Number | |

| Title of Invention | Method for Creating Simulated Tile Wall |

## Assignee 1

Complete this section if assignee information, including non-applicant assignee information, is desired to be included on the patent application publication. An assignee-applicant identified in the "Applicant Information" section will appear on the patent application publication as an applicant. For an assignee-applicant, complete this section only if identification as an assignee is also desired on the patent application publication.

| If the Assignee or Non-Applicant Assignee is an Organization check here. | ☐ |

| Prefix | Given Name | Middle Name | Family Name | Suffix |
| | | | | |

**Mailing Address Information For Assignee including Non-Applicant Assignee:**

| Address 1 | |
| Address 2 | |
| City | | State/Province | |
| Country ⁱ | | Postal Code | |
| Phone Number | | Fax Number | |
| Email Address | |

Additional Assignee or Non-Applicant Assignee Data may be generated within this form by selecting the Add button.

## Signature:

**NOTE:** This Application Data Sheet must be signed in accordance with 37 CFR 1.33(b). **However, if this Application Data Sheet is submitted with the INITIAL filing of the application and either box A or B is not checked in subsection 2 of the "Authorization or Opt-Out of Authorization to Permit Access" section, then this form must also be signed in accordance with 37 CFR 1.14(c).**

This Application Data Sheet **must** be signed by a patent practitioner if one or more of the applicants is a **juristic entity** (e.g., corporation or association). If the applicant is two or more joint inventors, this form must be signed by a patent practitioner, **all** joint inventors who are the applicant, or one or more joint inventor-applicants who have been given power of attorney (e.g., see USPTO Form PTO/AIA/81) on behalf of **all** joint inventor-applicants.

See 37 CFR 1.4(d) for the manner of making signatures and certifications.

| Signature | *Alan B. Samlan* | | Date (YYYY-MM-DD) | 2016-02-18 |
| First Name | Alan B. | Last Name | Samlan | Registration Number | 28470 |

Additional Signature may be generated within this form by selecting the Add button.

PTO/AIA/14 (11-15)
Approved for use through 04/30/2017. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **Application Data Sheet 37 CFR 1.76** | Attorney Docket Number | |
| | Application Number | |
| Title of Invention | Method for Creating Simulated Tile Wall | |

This collection of information is required by 37 CFR 1.76. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 23 minutes to complete, including gathering, preparing, and submitting the completed application data sheet form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.2.12

PTO/AIA/01 (06-12)
Approved for use through 01/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## DECLARATION (37 CFR 1.63) FOR UTILITY OR DESIGN APPLICATION USING AN APPLICATION DATA SHEET (37 CFR 1.76)

| Title of Invention | METHOD FOR CREATING SIMULATED TILE WALL |
|---|---|

As the below named inventor, I hereby declare that:

This declaration is directed to:

[✔] The attached application, or

[ ] United States application or PCT international application number _____

filed on _____.

The above-identified application was made or authorized to be made by me.

I believe that I am the original inventor or an original joint inventor of a claimed invention in the application.

I hereby acknowledge that any willful false statement made in this declaration is punishable under 18 U.S.C. 1001 by fine or imprisonment of not more than five (5) years, or both.

### WARNING:

Petitioner/applicant is cautioned to avoid submitting personal information in documents filed in a patent application that may contribute to identity theft. Personal information such as social security numbers, bank account numbers, or credit card numbers (other than a check or credit card authorization form PTO-2038 submitted for payment purposes) is never required by the USPTO to support a petition or an application. If this type of personal information is included in documents submitted to the USPTO, petitioners/applicants should consider redacting such personal information from the documents before submitting them to the USPTO. Petitioner/applicant is advised that the record of a patent application is available to the public after publication of the application (unless a non-publication request in compliance with 37 CFR 1.213(a) is made in the application) or issuance of a patent. Furthermore, the record from an abandoned application may also be available to the public if the application is referenced in a published application or an issued patent (see 37 CFR 1.14). Checks and credit card authorization forms PTO-2038 submitted for payment purposes are not retained in the application file and therefore are not publicly available.

LEGAL NAME OF INVENTOR

Inventor: _[signature]_          Date (Optional): 2-17-16

Signature: Mark Domanico

Note: An application data sheet (PTO/AIA/14 or equivalent), including naming the entire inventive entity, must accompany this form. Use an additional PTO/SB/AIA01 form for each additional inventor.

This collection of information is required by 35 U.S.C. 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 1 minute to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Mark Domanico |
| Title | METHOD FOR CREATING SIMULATED TILE WALL |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | |

### SIGNATURE of Applicant or Patent Practitioner

| Signature | *Alan B Saml* | Date (Optional) | FEB. 18, 2016 |
|---|---|---|---|
| Name | Alan B. Samlan | Registration Number | 28470 |
| Title (if Applicant is a juristic entity) | | | |
| Applicant Name (if Applicant is a juristic entity) | | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

[✔] *Total of 2 forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Doc Code: PA..
Document Description:  Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 62117548 | 02/18/2015 |

(Note:  The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✔] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above:   `22536`

**OR**

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above.  (Note:  Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✔] The address associated with the above-mentioned Customer Number

**OR**

[ ] The address associated with Customer Number:

**OR**

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

[✔] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[ ] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | *Neil Domenico* | Date (Optional) | 2-17-16 |
|---|---|---|---|
| Name | Mark Domanico | | |
| Title | Inventor | | |

**NOTE:**  Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[✔] Total of   2   forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82A (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FOR POWER OF ATTORNEY TO ONE OR MORE REGISTERED PRACTITIONERS

NOTE: This form is to be submitted with the Power of Attorney by Applicant form (PTO/AIA/82B) to identify the application to which the Power of Attorney is directed, in accordance with 37 CFR 1.5, unless the application number and filing date are identified in the Power of Attorney by Applicant form. If neither form PTO/AIA/82A nor form PTO/AIA82B identifies the application to which the Power of Attorney is directed, the Power of Attorney will not be recognized in the application.

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | Mark Domanico |
| Title | METHOD FOR CREATING SIMULATED TILE WALL |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | |

| **SIGNATURE of Applicant or Patent Practitioner** | | | | |
|---|---|---|---|---|
| Signature | *Alan B. Samlan (signature)* | Date (Optional) | FEB. 18, 2016 | |
| Name | Alan B. Samlan | Registration Number | 28470 | |
| Title (if Applicant is a juristic entity) | Attorney | | | |
| Applicant Name (if Applicant is a juristic entity) | Luxury Bath Liners, Inc. | | | |

**NOTE:** This form must be signed in accordance with 37 CFR 1.33. See 37 CFR 1.4(d) for signature requirements and certifications. If more than one applicant, use multiple forms.

✔ *Total of 2_____ forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Doc Code: PA..
Document Description: Power of Attorney

PTO/AIA/82B (07-13)
Approved for use through 11/30/2014. OMB 0651-0051
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

# POWER OF ATTORNEY BY APPLICANT

I hereby revoke all previous powers of attorney given in the application identified in <u>either</u> the attached transmittal letter or the boxes below.

| Application Number | Filing Date |
|---|---|
| 62117548 | 02/18/2015 |

(Note: The boxes above may be left blank if information is provided on form PTO/AIA/82A.)

[✓] I hereby appoint the Patent Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above: `22536`

**OR**

[ ] I hereby appoint Practitioner(s) named in the attached list (form PTO/AIA/82C) as my/our attorney(s) or agent(s), and to transact all business in the United States Patent and Trademark Office connected therewith for the patent application referenced in the attached transmittal letter (form PTO/AIA/82A) or identified above. (Note: Complete form PTO/AIA/82C.)

**Please recognize or change the correspondence address for the application identified in the attached transmittal letter or the boxes above to:**

[✓] The address associated with the above-mentioned Customer Number

**OR**

[ ] The address associated with Customer Number: _____

**OR**

| Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Email |

I am the Applicant (if the Applicant is a juristic entity, list the Applicant name in the box):

# LUXURY BATH LINERS, INC.

[ ] Inventor or Joint Inventor (title not required below)

[ ] Legal Representative of a Deceased or Legally Incapacitated Inventor (title not required below)

[✓] Assignee or Person to Whom the Inventor is Under an Obligation to Assign (provide signer's title if applicant is a juristic entity)

[ ] Person Who Otherwise Shows Sufficient Proprietary Interest (e.g., a petition under 37 CFR 1.46(b)(2) was granted in the application or is concurrently being filed with this document) (provide signer's title if applicant is a juristic entity)

### SIGNATURE of Applicant for Patent

The undersigned (whose title is supplied below) is authorized to act on behalf of the applicant (e.g., where the applicant is a juristic entity).

| Signature | *Mark Dance* | Date (Optional) | 2-17-16 |
|---|---|---|---|
| Name | MARK DOMANICO | | |
| Title | CEO | | |

**NOTE:** Signature - This form must be signed by the applicant in accordance with 37 CFR 1.33. See 37 CFR 1.4 for signature requirements and certifications. If more than one applicant, use multiple forms.

[✓] Total of 2 forms are submitted.

This collection of information is required by 37 CFR 1.131, 1.32, and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/96 (01-08)
Approved for use through 03/31/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner: _Luxury Bath Liners, Inc._

Application No./Patent No.: _currrently filed_          Filed/Issue Date: _____

Entitled:  METHOD FOR CREATING SIMULATED TILE WALL

_Luxury Bath Liners, Inc._____, a  _corporation_____
(Name of Assignee)                                    (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1. [✓] the assignee of the entire right, title, and interest; or

2. [ ] an assignee of less than the entire right, title and interest
      (The extent (by percentage) of its ownership interest is_____ %)

in the patent application/patent identified above by virtue of either:

A. [ ] An assignment from the inventor(s) of the patent application/patent identified above. The assignment was recorded
       in the United States Patent and Trademark Office at Reel _____, Frame _____, or for which a copy
       thereof is attached.
**OR**
B. [ ] A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:

   1. From: _____ To: _____
         The document was recorded in the United States Patent and Trademark Office at
         Reel _____, Frame _____, or for which a copy thereof is attached.

   2. From: _____ To: _____
         The document was recorded in the United States Patent and Trademark Office at
         Reel _____, Frame _____, or for which a copy thereof is attached.

   3. From: _____ To: _____
         The document was recorded in the United States Patent and Trademark Office at
         Reel _____, Frame _____, or for which a copy thereof is attached.

   [ ] Additional documents in the chain of title are listed on a supplemental sheet.

[✓] As required by 37 CFR 3.73(b)(1)(i), the documentary evidence of the chain of title from the original owner to the
assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

   [NOTE: A separate copy (*i.e.,* a true copy of the original assignment document(s)) must be submitted to Assignment
   Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MPEP
   302.08]

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

_____          ___February 18, 2016_____
Signature                                           Date

_____          ___312-655-9900_____
Alan B. Samlan                                      Telephone Number
Printed or Typed Name

_____
Attorney of record
Title

This collection of information is required by 37 CFR 3.73(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | |
| **Filing Date:** | |
| **Title of Invention:** | METHOD FOR CREATING SIMULATED TILE WALL |
| **First Named Inventor/Applicant Name:** | Mark Domanico |
| **Filer:** | Alan B. Samlan/Eddy Grove |
| **Attorney Docket Number:** | |

Filed as Small Entity

**Filing Fees for** Utility under 35 USC 111(a)

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| Utility filing Fee (Electronic filing) | 4011 | 1 | 70 | 70 |
| Utility Search Fee | 2111 | 1 | 300 | 300 |
| Utility Examination Fee | 2311 | 1 | 360 | 360 |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **730** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 24950793 |
| **Application Number:** | 15046864 |
| **International Application Number:** | |
| **Confirmation Number:** | 3402 |
| **Title of Invention:** | METHOD FOR CREATING SIMULATED TILE WALL |
| **First Named Inventor/Applicant Name:** | Mark  Domanico |
| **Customer Number:** | 22536 |
| **Filer:** | Alan B. Samlan/Eddy Grove |
| **Filer Authorized By:** | Alan B. Samlan |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 18-FEB-2016 |
| **Filing Date:** | |
| **Time Stamp:** | 14:29:30 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $730 |
| RAM confirmation Number | 829 |
| Deposit Account | 061201 |
| Authorized User | SAMLAN, ALAN B. |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |

Charge any Additional Fees required under 37 CFR 1.16 (National application filing, search, and examination fees)

Charge any Additional Fees required under 37 CFR 1.19 (Document supply fees)

Charge any Additional Fees required under 37 CFR 1.20 (Post Issuance fees)

Charge any Additional Fees required under 37 CFR 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal of New Application | Transmittal.pdf | 95557<br>b7a9b160132c272724430b8716436bf72e5145dd | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Specification | Spec.pdf | 318698<br>d28a39d322a05f9fa57fff9b33175ccb8ad8a7a3 | no | 8 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Drawings-other than black and white line drawings | Drawings.pdf | 2985413<br>b507d4e3bca343224ee9868bdaa5f13673861f70 | no | 6 |
| Warnings: | | | | | |
| Information: | | | | | |
| 4 | Application Data Sheet | ADS.pdf | 566526<br>0623a2d00a0d77c9506920e496c6cffb4ab13fe7 | no | 7 |
| Warnings: | | | | | |
| Information: | | | | | |
| This is not an USPTO supplied ADS fillable form | | | | | |
| 5 | Oath or Declaration filed | Declaration.pdf | 90363<br>85cb5250193d9b15c122a853be898efcc0065de8 | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 6 | Power of Attorney | POA-Domanico.pdf | 197308<br>bec41f2088bfccdaff0d742779684432eb8d2b96 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| 7 | Power of Attorney | POA-LBL.pdf | 205499<br>26fdf4c554d184ca0d4c9e1fece89dfea1d25caa | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |

| 8 | Assignee showing of ownership per 37 CFR 3.73 | StatementUnder37CFR.pdf | 84867 | no | 1 |
| | | | d4ffe0dfbe8c474f93a1f291ab6e30e25fff3e5f | | |

| **Warnings:** | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Information:** | | | | | |
| 9 | Fee Worksheet (SB06) | fee-info.pdf | 34763 | no | 2 |
| | | | 7dfd4f58132b3b19a6e4cd1d568c4898190 7fe1a | | |

| **Warnings:** | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Information:** | | | | | |

| | **Total Files Size (in bytes):** | 4578994 |
| --- | --- | --- |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | 3633 | 730 | | 7 | 2 |

**CONFIRMATION NO. 3402**

22536
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

**FILING RECEIPT**

|||||||||||| OC000000081117303

Date Mailed: 03/03/2016

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Inventor(s)**

Mark Domanico, Glendale Heights, IL;

**Applicant(s)**

Luxury Bath Liners, Inc., Palatine, IL;

**Assignment For Published Patent Application**

Luxury Bath Liners, Inc.

**Power of Attorney:** The patent practitioners associated with Customer Number 22536

**Domestic Priority data as claimed by applicant**

This appln claims benefit of 62/117,548 02/18/2015

**Foreign Applications** for which priority is claimed (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.) - None.
*Foreign application information must be provided in an Application Data Sheet in order to constitute a claim to foreign priority. See 37 CFR 1.55 and 1.76.*

**Permission to Access Application via Priority Document Exchange:** Yes

**Permission to Access Search Results:** Yes

Applicant may provide or rescind an authorization for access using Form PTO/SB/39 or Form PTO/SB/69 as appropriate.

**If Required, Foreign Filing License Granted:** 03/02/2016

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 15/046,864**

**Projected Publication Date:** 08/18/2016

**Non-Publication Request:** No

**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***
**Title**

METHOD FOR CREATING SIMULATED TILE WALL

**Preliminary Class**

052

**Statement under 37 CFR 1.55 or 1.78 for AIA (First Inventor to File) Transition Applications:** No

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4258).

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

---

## *SelectUSA*

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The U.S. offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to promote and facilitate business investment. SelectUSA provides information assistance to the international investor community; serves as an ombudsman for existing and potential investors; advocates on behalf of U.S. cities, states, and regions competing for global investment; and counsels U.S. economic development organizations on investment attraction best practices. To learn more about why the United States is the best country in the world to develop technology, manufacture products, deliver services, and grow your business, visit http://www.SelectUSA.gov or call +1-202-482-6800.

Case 2:23-cv-00908-JPS    Filed 12/01/23    Page 38 of 116    Document 27-5

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number |
|---|
| 15/046,864 |

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 70 | | N/A | |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 300 | | N/A | |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 360 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 7 minus 20 = | * | x 40 = | 0.00 | OR | | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 2 minus 3 = | * | x 210 = | 0.00 | | | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 730 | | TOTAL | |

### APPLICATION AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 15/046,864 | 02/18/2016 | Mark Domanico | |

**CONFIRMATION NO. 3402**

22536
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

**PUBLICATION NOTICE**


*OC000000085190111*

**Title:** METHOD FOR CREATING SIMULATED TILE WALL

**Publication No.** US-2016-0236507-A1
**Publication Date:** 08/18/2016

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

Case 2:23-cv-00908-JPS    Filed 12/01/23    Page 40 of 116    Document 27-5

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | Mark Domanico | | 3402 |

22536          7590          02/06/2018
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

| EXAMINER |
|---|
| YI, CHANGHYUN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2826 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/06/2018 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | | |
|---|---|---|
| **Office Action Summary** | **Application No.** 15/046,864 | **Applicant(s)** DOMANICO, MARK |
| | **Examiner** CHANGHYUN YI | **Art Unit** 2826 | **AIA (First Inventor to File) Status** Yes |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>2/18/2016</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**    2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>1-7</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>1-7</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on <u>2/18/2016</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some**  c) ☐ None of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

**DETAILED ACTION**


*Claim Objections*

Claim 1 is objected to because of the following informalities:

- In a, "a tile pattern" should be "a <u>first</u> tile pattern" (because the claim 2 recites
  "a second tile pattern").

- In a, "it" should be "[[it]] <u>the first tile pattern</u>".

- In b, "a sheet" should be "a <u>first</u> sheet" (because the claim 2 recites "a second
  sheet").

- In c, "the sheet" should be "the <u>first</u> sheet".

- In c, "the material removal tool" should be "the<u> computer controlled</u> material
  removal tool".

- In d, "the stored tile pattern" should be "the [[stored]] <u>first</u> tile pattern <u>stored</u>".

- In e, "the tile pattern in the sheet" should be "the <u>first</u> tile pattern in the <u>first</u>
  sheet".

- In e, "following the tile pattern" should be "following the <u>first</u> tile pattern"


Claim 2 is objected to because of the following informalities:

- In f, the "it" should be "[[it]] <u>the second tile pattern</u>". (claim 1 recites "a tile
  pattern" whereas the claim 2 recites "second tile pattern. Thus, "second tile

pattern" should be "other tile pattern, wherein the other tile pattern which is different from the tile pattern" or the "a tile pattern" in the claim 1 should be "a first tile pattern" as indicated above rejection.)

- In h, "the sheet" should be "the <u>second</u> sheet <u>of acrylic material</u>".

- In h, "the material removal tool" should be "the<u> computer controlled</u> material removal tool".

- In i, "the second stored tile pattern" should be "the [[stored]] second tile pattern <u>stored</u>".


Claim 4 is objected to because of the following informalities:

-  "the tile pattern" should be "the <u>first</u> tile pattern".


Claim 5 is objected to because of the following informalities:

-  "the tile pattern" should be "the <u>first</u> tile pattern".


Claim 6 is objected to because of the following informalities:

- In a, "a design" should be "a <u>first</u> design". (because the claim 7 recites, "a second design")

- In a, "it" should be "[[it]] <u>the tile pattern</u>".

- In b, "a sheet" should be "a <u>first</u> sheet" (because the claim 7 recites "a second sheet")

- In c, "the sheet" should be "the <u>first</u> sheet"

- In d, "the stored tile pattern" should be "the [[stored]] tile pattern stored".

- In e, "the router" should be "the computer controlled router"

- In e, "the sheet" in lines 7 and 8 should be "the first sheet"


Claim 7 is objected to because of the following informalities:

- In f, the "it" should be "[[it]] the second design" (claim 6 recites "a design" whereas the claim 7 recites "second design. Thus, "second design" should be "other design which is different from the design" or the "a design" in the claim 6 should be "a first design" as indicated above rejection.)

- In h, "the sheet" should be "the first sheet" (since the claim 2 recites, "a second sheet", "a sheet" in the claim 1 should be "a first sheet")

- In h, "the router" should be "the computer controlled router".

- In j, "the router" should be "the computer controlled router".


Appropriate correction is required.


### *Claim Rejections - 35 USC § 101*

35 U.S.C. 101 reads as follows:

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Claims 1-7 are rejected under 35 U.S.C. 101 because the claimed invention is directed to a judicial exception (i.e., a law of nature, a natural phenomenon, or an abstract idea) without significantly more.

Utilizing the two step process adopted by the Supreme Court (Alice vs CLS Bank (*Alice Corp vs CLS Bank Int'l, US Supreme Court, 110 USPQ2d 1976 (2014)*)), subject matter eligibility under the 35 USC 101 is determined as follows. Specifically, the Step 1 requires claim belongs to one of the four statutory categories (process, machine, manufacture, or composition of matter). Next in Step 2A, determination is made as to whether the claim is directed to any judicial recognized exceptions, and if so, in Step 2B, evaluate whether any additional element, or combination of additional elements contain "inventive concept" that would amount to significantly more than the judicial exception. Finally, taken as a whole, the claims are evaluated for the subject matter eligibility under the 35 USC 101.

In step 1A of the subject matter eligibility determination, the claims satisfy the first part of the test, in that the claims are directed to one of the four statutory class, namely method.

In step 2A of the analysis, we next identify any judicial exceptions in the claims. In claim 1, as an example, we recognize that the limitations "designing a tile pattern and storing it digitally in a database in a computer controlled material removal tool; selecting a sheet of acrylic material; placing the sheet of acrylic material below the material removal tool; retrieving the stored tile pattern from the database" are abstract ideas, since they are directed to combination of human evaluation (mentally by a human) and

data collection and manipulation (*similar to other concepts, identified by the Courts as abstract, such as Meyer, Synopsys, TLI Comms, Cybersource*).

Next in step 2B of the analysis, in addition to the abstract idea, the independent and dependent claim(s) does/do not include additional elements that are sufficient to amount to significantly more than the judicial exception. The limitations "retrieving the stored tile pattern from the database" are merely directed to conventional data collection activity involving image processing and object inspection (*See Cybersource vs Retail decisions, 654 F.3d 1366, 99 U.S.P.Q.2d 1690 (Fed. Cir. 2011), Id., at 1694, "We have held that mere "data gathering steps cannot make an otherwise nonstatutory claim statutory." In re Grams, 888 F.2d 835, 840 [12 USPQ2d 1824] (Fed. Cir. 1989) (quoting In re Meyer, 688 F.2d 789, 794 [215 USPQ 193] (CCPA 1982)*)). And the limitation "forming the tile pattern in the sheet of acrylic material by means of the computer controlled material removal tool following the tile pattern stored in the database" are directed to insignificant extrasolution activity to the judicial exception (see *Mayo, 132 S. Ct. at 1297-98*). And the limitations "a computer controlled material removal tool; by means of the computer" are merely nothing more than a recitation of generic electronic or computer structures that serve to perform generic functions that are well-understood, routine, and conventional activates previously known to the pertinent industry.

Finally, taken as a whole, the claims simply does not go combination of human evaluation (mentally by a human, or using a pen and paper) and data collection and manipulation without significantly more. Taken as a whole, the claims are therefore ineligible under the 35 USC 101.

Independent claim 6 is analogous to the representative claim 1, written as another method claim is still analogous to combination of human evaluation (mentally by a human) and data collection and manipulation (*similar to other concepts, identified by the Courts as abstract, such as Meyer, Synopsys, TLI Comms, Cybersource*). In addition to the abstract idea, the claim includes additional element "computer controlled router". But the limitation is merely nothing more than a recitation of generic computer structure that serves to perform generic functions that are well-understood, routine, and conventional activates previously known to the pertinent industry. Claim 6 is therefore also found to be directed to an abstract idea without significantly more.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of 35 U.S.C. 112(b):
(b)  CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

Claims 2, 5, and 7 are rejected under 35 U.S.C. 112(b) as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor regards as the invention.

Regarding claim 2, the "the sheet" in h makes the claim being indefinite because it is unclear whether "the sheet" indicates the "a sheet of acrylic material" in the claim 1 or "a second sheet of acrylic material in the claim 2.

For the purpose of examining the instant application, the limitation has been construed to mean that it refers to "the second sheet of acrylic material". Thus, Examiner recommends amending the limitations as "the second sheet of acrylic material".

Regarding claim 5, the claim recites the limitation "the simulated tile". There is insufficient antecedent basis for this limitation in the claim.

Regarding claim 7, the "a tile pattern" in line 2 makes the claim being indefinite because the parent claim 6 also recites "a tile pattern". Thus, there is insufficient antecedent basis for this limitation in the claim. If the "a tile pattern" in the claim 6 is different from the "a tile pattern" in the claim 7, they should be distinguished clearly each other such as "a first tile pattern" and "second tile pattern". Then following claim limitations also need to be amended.

Regarding claim 7, the claim recites "the second tile pattern" in line 7. There is insufficient antecedent basis for this limitation in the claim.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.

Claims 1-7 are rejected under 35 U.S.C. 102(a)(1) as being anticipated by Mckee (US 5,568,391).

Regarding claim 1, Mckee discloses a method of manufacturing a tile sheet (Fig 1 – Fig 11) for a shower wall enclosure (this feature is an intended use of the Applicant's method and not limiting feature of the claim[1]) comprising the steps of:

a. designing a tile pattern (col 2, line 65-67, col 8, (a) – col 11 (n)) and storing it digitally in a database in (col 3, line 34-64; col 11, line 48: mosaic data file) a computer controlled (col 1, line 10) material removal tool (col 6, line 28: CAD-driven mechanical router);

b. selecting a sheet of acrylic material (col 3, line 18-19: "plastic resin");

c. placing the sheet of acrylic material below the material removal tool (Fig 4 - Fig 5, col 6, line 28);

d. retrieving the stored tile pattern from the database (col 11, line 49 - 61); and

e. forming the tile pattern (Fig 5) in the sheet of acrylic material by means of the computer controlled material removal tool following the tile pattern stored in the database (Fig 5, col 3, line 65 – col 14, line 60).

---

[1] See MPEP 2111.02 (II), See also Bicon, Inc. v. Straumann Co., 441 F.3d 945, 952 (Fed. Cir. 2006); Digitech Image Technologies, LLC v. Electronics For Imaging, Inc. (Fed. Cir. 2014)

Regarding claim 2, Mckee discloses the claim 1, Mckee further discloses the further steps of:

f. designing a second tile pattern and storing it digitally in the database in the computer controlled material removal tool (Fig 11);

g. selecting a second sheet of acrylic material (Fig 5, there are two separate "S");

h. placing the sheet below the material removal tool (Fig 5);

i. retrieving the second stored tile pattern from the database (Fig 5); and

j. forming the second tile pattern in the second sheet of acrylic material by means of the computer controlled material removal tool following the second tile pattern stored in the database (Fig 5, Fig 11, col 3, line 65 – col 14, line 60).

Regarding claim 3, Mckee discloses the claim 1, Mckee further discloses wherein the computer controlled material removal tool is a router (col 6, line 28).


Regarding claim 4, Mckee discloses the claim 1, Mckee discloses further step of designing the tile pattern to simulate individual tiles separated by grout lines (col 10, line 21 – 50).


Regarding claim 5, Mckee discloses the claim 4, Mckee discloses the further step of designing the tile pattern so that the grout lines are defined by rounded corners where the grout lines meet the simulated tile (Fig 5 / Fig 11).

Regarding claim 6, Mckee discloses a method of manufacturing a tile sheet for a shower wall enclosure (this feature is an intended use of the Applicant's method and not limiting feature of the claim) comprising the steps of (Fig 1 – Fig 11):

a. creating a design for a tile pattern (col 2, line 65-67, col 8, (a) – col 11 (n)) and storing it digitally in a database (col 3, line 34-64; col 11, line 48: mosaic data file) in a computer controlled router (col 1, line 10; col 6, line 28: CAD-driven mechanical router);

b. selecting a sheet of acrylic material (col 3, line 18-19: "plastic resin") having preselected coloring ( col 3, line 35-43) and relief images (Fig 5);

c. placing the sheet of acrylic material below the computer controlled router (Fig 4 - Fig 5, col 6, line 28);

d. retrieving the stored tile pattern from the database (col 11, line 49 - 61); and

e. the router removing selected portions from the sheet of acrylic material thereby forming the tile pattern (Fig 5) in the sheet of acrylic material by following the tile pattern stored in the database (Fig 5, col 3, line 65 – col 14, line 60).


Regarding claim 7, Mckee discloses the claim 6, Mckee discloses further steps of:

f. creating a second design for a tile pattern and storing it in the database in the computer controlled router (Fig 11);

g. selecting a second sheet of acrylic material having preselected coloring and relief images (Fig 11);

    h. placing the second sheet of acrylic material below the router (Fig 5, there are two separate "S");

    i. retrieving the second tile pattern from the database (Fig 5); and

    j. controlling the router for removing selected portions from the second sheet of acrylic material thereby forming the second tile pattern in the second sheet of acrylic material by following the second tile pattern stored in the database (Fig 5, Fig 11, col 3, line 65 – col 14, line 60).

### *Conclusion*

    Any inquiry concerning this communication or earlier communications from the examiner should be directed to CHANGHYUN YI whose telephone number is (571)270-7799.  The examiner can normally be reached on Mon-Fri (7:30AM ~ 5:00PM).

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Davienne Monbleau can be reached on (571)272-1954.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300. Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/CHANGHYUN YI/
Examiner, Art Unit 2826

| | | | | | |
|---|---|---|---|---|---|
| **Notice of References Cited** | | Application/Control No.<br>15/046,864 | Applicant(s)/Patent Under Reexamination<br>DOMANICO, MARK | | |
| | | Examiner<br>CHANGHYUN YI | Art Unit<br>2826 | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5,568,391 A | 10-1996 | Mckee; Lance D. | B28B11/044 | 700/122 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 12 | (Mark near6 Domanico).in. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L2 | 10 | (Luxury adj Bath adj Liners).as,aanm. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L3 | 3 | L1 and L2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L4 | 18315 | B44C1/22 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L5 | 19 | L4 and tile with design | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L6 | 102 | (US-20080612-$ | US-20080701-$ | US-20130610-$ | US-20130627-$ | US-20020179580-$ | US-20050151302-$ | US-20070108170-$ | US-20100176101-$ | US-20100183822-$ | US-20140033977-$ | US-20150197929-$ | US-20150298253-$ | US-3720784-$ | US-3789421-$ | US-4024545-$ | US-4468551-$ | US-4535218-$ | US-4629858-$ | US-4847184-$ | US-4861620-$ | US-4947022-$ | US-5017423-$ | US-5075195-$ | US-5171450-$ | US-5171650-$ | US-5185511-$ | US-5200592-$ | US-5567207-$ | US-5759727-$ | US-5990444-$ | US-6140602-$ | US-6231196-$ | US-6252196-$ | US-6315202-$ | US-6495237-$ | US-6576862-$ | US-6633422- | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | \$ \| US-6664505-\$ \| US-6685868-\$ \| US-6706320-\$ \| US-6753501-\$ \| US-6807456-\$ \| US-6819972-\$ \| US-6822192-\$ \| US-6858815-\$ \| US-6885868-\$ \| US-7699896-\$ \| US-8071912-\$ \| US-8585956-\$ \| US-8794724-\$ \| US-8974016-\$ \| US-9126423-\$ \| US-9370842-\$ \| US-9375807-\$ \| US-9504359-\$ \| US-9506253-\$ \| US-9527730-\$).DID. | | | | |
| L7 | 34 | L6 and design and pattern | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L8 | 61 | (US-19910114-\$ \| US-19971001-\$ \| US-20041208-\$ \| US-1532684-\$ \| US-1564578-\$ \| US-1571849-\$ \| US-20030085481-\$ \| US-20090243149-\$ \| US-20120000593-\$ \| US-20160024723-\$ \| US-2059520-\$ \| US-2355967-\$ \| US-2964800-\$ \| US-3096195-\$ \| US-3318563-\$ \| US-3781396-\$ \| US-4002713-\$ \| US-4525500-\$ \| US-4670208-\$ \| US-4746365-\$ \| US-4792360-\$ \| US-4851456-\$ \| US-4952104-\$ \| US-4968734-\$ \| US-5041475-\$ \| US-5169573-\$ \| US-5391331-\$ \| US-5395442-\$ \| US-5447752-\$ \| US-5547361-\$ \| US-5904886-\$ \| US-6403004-\$ \| US-6808667-\$ \| US-7993563-\$ \| US-8444789-\$ \| US-9074380-\$).DID. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L9 | 18 | L8 and tile | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L10 | 4442 | design and tile with pattern and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L11 | 350 | design and tile with pattern and acrylic and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L12 | 47 | design and (wall roof floor) near5 tile with pattern and acrylic and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L13 | 478 | B44F11/06 | US-PGPUB; USPAT; | OR | ON | 2018/02/02 07:43 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | | |
| L14 | 27 | G05B2219/35142 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L15 | 790 | B28B19/0053 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L16 | 90 | L15 and tile | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L17 | 2 | US-5568391-$ | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L18 | 176 | (US-20010820-$ \| US-20040402-$ \| US-20081022-$ \| US-4868003-$ \| US-20030194149-$ \| US-20030203165-$ \| US-20030207083-$ \| US-20040030733-$ \| US-20040059454-$ \| US-20040139691-$ \| US-20050217192-$ \| US-20060136083-$ \| US-20070083284-$ \| US-20070197131-$ \| US-20070246148-$ \| US-20070250197-$ \| US-20070267137-$ \| US-20080249748-$ \| US-20090107070-$ \| US-20100104190-$ \| US-20100115859-$ \| US-20100129542-$ \| US-20100194780-$ \| US-20100219095-$ \| US-20110213718-$ \| US-20120065758-$ \| US-20130215152-$ \| US-4056714-$ \| US-4698192-$ \| US-4718017-$ \| US-5271200-$ \| US-5443680-$ \| US-5568391-$ \| US-5737230-$ \| US-6055335-$ \| US-6068893-$ \| US-6174608-$ \| US-6275615-$ \| US-6476809-$ \| US-6519608-$ \| US-6542157-$ \| US-6565415-$ \| US-6607691-$ \| US-6616372-$ \| US-6630041-$ \| US-6647151-$ \| US-6659097-$ \| US-6802921-$ \| US-6823636-$ \| US-6970765-$ \| US-7003364-$ \| US-7021304-$ \| US-7133734-$ \| US-7146956-$ \| US-7228786-$ \| US-7273655-$ \| US-7406940-$ \| US-7427162-$ \| US-7489984-$ \| US-7542818-$ \| US-7650976-$ \| US-7742831-$ \| US-7771821-$ \| US-7774091-$ \| US-7937173-$ \| US-7993718- | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | $\| US-8096205-$ \| US-8152377-$ \| US-8206035-$ \| US-8298641-$ \| US-8331727-$ \| US-8500361-$ \| US-8538569-$ \| US-8575076-$ \| US-8609215-$ \| US-8668404-$ \| US-8713295-$ \| US-8743872-$ \| US-8747019-$ \| US-8769896-$ \| US-8848727-$ \| US-8868790-$ \| US-8888401-$ \| US-8892244-$ \| US-8903531-$ \| US-8944543-$ \| US-8950138-$ \| US-8967907-$ \| US-9057197-$ \| US-9193215-$ \| US-9315950-$ \| US-9321299-$ \| US-9404226-$ \| US-9409412-$ \| US-9428906-$ \| US-9534396-$ \| US-9636922-$ \| US-9636923-$ \| US-9656476-$ \| US-9677228-$ \| US-9745742-$ \| US-9752288-$ \| US-D695915-$ \| US-D695916-$ \| US-D695917-$ \| US-D695918-$ \| US-D695919-$ \| US-D695920-$ \| US-D695921-$ \| US-D695922-$).DID. | | | | |
| L19 | 18 | L18 and grout | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L20 | 2 | US-5443680-$ | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L21 | 95 | (US-19930811-$ \| US-20030509-$ \| US-20051031-$ \| US-20070822-$ \| US-20110822-$ \| US-20110922-$ \| US-4764880-$ \| US-1133604-$ \| US-1666232-$ \| US-20020134499-$ \| US-20020134500-$ \| US-20030207083-$ \| US-20060136083-$ \| US-20070071963-$ \| US-20070250197-$ \| US-2715289-$ \| US-2876574-$ \| US-2931751-$ \| US-3162937-$ \| US-3181987-$ \| US-3322591-$ \| US-3463695-$ \| US-3988728-$ \| US-4305130-$ \| US-4359815-$ \| US-4415909-$ \| US-4524421-$ \| US-4546025-$ \| US-4599254-$ \| US-4641271-$ \| US-4704694-$ \| US-4715772-$ \| US-4757470-$ \| US-4845634-$ \| US-4851073-$ \| US-4852019-$ \| US-4852024-$ \| US-4869813-$ \| US-4878178-$ \| US-4878181-$ \| US-4878183-$ \| US-4891767-$ \| US-5443680-$ \| US-5568391-$ \| US-5895586-$ \| US-6003577-$ \| US-6397521-$ \| US-6726796-$ \| US-6830645-$ \| US-7003364-$ \| US-7542818-$ \| US-8944543-$ \| US-8950138-$ \| US-9321299-$ \| US-9409412-$ \| US-9636922-$ \| US-9636923-$ \| US-9656476-$ \| US-D453179-$ \| US-D458295-$).DID. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/02 07:43 |
| L22 | 3828 | mosaic with tile | US-PGPUB; USPAT; USOCR; FPRS; | OR | ON | 2018/02/02 07:43 |

| | | | | EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | |
|---|---|---|---|---|---|---|---|
| L23 | 132 | L22 and router | | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/02/02<br>07:43 |
| L24 | 87 | L22 and router and database | | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/02/02<br>07:43 |
| L25 | 0 | L22 and router and database and grout | | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/02/02<br>07:43 |
| L26 | 449 | 700/122.ccls. | | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/02/02<br>07:43 |

2/2/2018 9:45:41 AM
C:\Users\cyi\Documents\EAST\Workspaces\15046864.wsp

| **Search Notes** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15046864 | DOMANICO, MARK |
| | **Examiner** | **Art Unit** |
| | CHANGHYUN YI | 2826 |

| **CPC- SEARCHED** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| B44C1/22 | 2/2/2018 | CY |
| B28B19/0053 | 2/2/2018 | CY |
| B44F11/06 | 2/2/2018 | CY |
| G05B2219/35142 | 2/2/2018 | CY |

| **CPC COMBINATION SETS  - SEARCHED** | | |
|---|---|---|
| **Symbol** | **Date** | **Examiner** |
| | | |

| **US CLASSIFICATION SEARCHED** | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| **SEARCH NOTES** | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| Inventors and Assignee searched | 2/2/2018 | CY |
| NPL searched: Google Scholar, IP.COM, Google | 2/2/2018 | CY |
| Foreign database searched: EPO, KIPO, JPO | 2/2/2018 | CY |
| East searched: View, Search History | 2/2/2018 | CY |

| **INTERFERENCE SEARCH** | | | |
|---|---|---|---|
| **US Class/ CPC Symbol** | **US Subclass / CPC Group** | **Date** | **Examiner** |
| | | | |

/CHANGHYUN YI/
Examiner.Art Unit 2826

# UNITED STATES DEPARTMENT OF COMMERCE
# PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Application No.: 15/046,864 | ) |
| | ) |
| Filed: February 18, 2016 | ) Art Unit: 2826 |
| | ) |
| Inventor: Mark Domanico | ) Examiner: Changhyun Yi |
| | ) |
| For: Method for Creating Simulated Tile Wall | ) |

## RESPONSE TO OFFICE ACTION

To: Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450

This is in response to the Office Action mailed on February 6, 2018. A one month extension of time to respond to the Office Action is filed concurrently herewith.

In response to the Office Action, please amend the application as follows:

Amendments to the claims begin on page 2.

The Remarks section begins on Page 5.

1

Please amend the claims as follows:

1. (currently amended) A method of manufacturing a <u>simulated</u> tile sheet for a shower wall enclosure comprising the steps of:

a. ~~a.~~ ~~designing~~ <u>determining</u> a <u>first set of</u> tile pattern <u>characteristics comprising the steps of:</u> ~~and storing it digitally in a database in a computer controlled material removal tool;~~

   i.      <u>determining a first set of tile shapes,</u>

   ii.     <u>determining an orientation of the first set of tile shapes on the simulated tile sheet,</u>

   iii.    <u>determining a first set of tile</u> dimensions,<u>     </u>

   iv.     <u>determining a depth of cut in the simulated tile sheet,</u>

b.      <u>entering the first set of tile pattern characteristics into a computer and storing the first set of tile pattern characteristics digitally in a database in a computer controlled material removal tool;</u>

~~b~~<u>c</u>.      selecting a <u>first</u> sheet of acrylic material <u>based on the first set of tile pattern characteristics, the first sheet of acrylic material having a top displayed surface</u>;

~~e~~<u>d</u>.      placing the <u>first</u> sheet of acrylic material below the <u>computer controlled</u> material removal tool;

~~d~~<u>e</u>.      retrieving the ~~stored~~ <u>first set of</u>  tile pattern characteristics ~~from~~ <u>stored in</u> the database; and

~~e~~<u>f</u>.      <u>forming a first set of grout lines by removing from</u> ~~forming the tile pattern in~~ the <u>top displayed surface of the first</u> sheet of acrylic material by means of the computer controlled material removal tool <u>a first predetermined amount of material based on the first set of tile pattern characteristics to create the first set of tile pattern characteristics in the first sheet of acrylic material</u> ~~following the tile pattern stored in the database~~.

2

2.      (currently amended) The method of claim 1 and the further steps of:

~~f~~g.      ~~designing a second tile pattern and storing it digitally in the database in the computer controlled material removal tool;~~ determining a second set of tile pattern characteristics comprising the steps of:

      i.      determining a second depth of cut in the simulated tile sheet,

      ii.      determining a second set of tile dimensions,

      iii.      determining a second set of tile shapes,

      iv.      determining an orientation of the second set of shapes on the simulated tile sheet,

    h.      entering the second set of tile pattern characteristics into the computer and storing the second tile pattern characteristics digitally in the database in the computer controlled material removal tool;

    ~~g.      selecting a second sheet of acrylic material;~~

    ~~h.      placing the sheet below the material removal tool;~~

    i.      retrieving the second set of tile pattern characteristics ~~stored tile pattern~~ from the database; and

    j.      forming a second set of grout lines by removing from the top displayed surface of the first sheet of acrylic material ~~forming the second tile pattern in the second sheet of acrylic material~~ by means of the computer controlled material removal tool a second predetermined amount of material based on the second set of tile pattern characteristics to create the second set of tile pattern characteristics in the first sheet of acrylic material ~~following the second tile pattern stored in the database~~.

3.      (original) The method of claim 1 wherein the computer controlled material removal tool is a computer controlled router.

4.      (currently amended) The method of claim 1 wherein ~~and~~ the ~~further step of designing the tile pattern to simulate individual tiles separated by~~ grout lines simulate individual tiles.

5.      (currently amended) The method of claim 4 ~~and~~ wherein the ~~further step of designing the tile pattern so that the~~ grout lines are defined by rounded ~~corners~~ edges.~~where the grout lines meet the simulated tile.~~

Claims 6 and 7 – (canceled)

8.      (new) The method of claim 5 and the further step of forming the rounded edges of the grout lines by the material removal tool at the same time as the removal of the predetermined amount of material from the top displayed surface of the sheet of acrylic material.

9.      (new)  The method of claim 1 wherein the predetermined amount of material removed from the top displayed surface is substantially .005 inches.

4

REMARKS

This is in response to the Office Action mailed February 6, 2018. The examiner rejected claims 1-7 under 35 USC Section 101, 35 USC Section 112, and 35 USC Section 102. Applicant has amended the claims as set forth above which is believed to overcome the objections and rejections and place the claims in condition for allowance.

**Response regarding 35 U.S.C. §101**

The examiner rejected claims 1-7 under 35 USC § 101 alleging that the claimed invention is directed to a judicial exception without significantly more. Applicant disagrees with this conclusion. Applicant's method claims set forth a new and unique method of manufacturing a simulated tile wall from a sheet of acrylic material. There are numerous steps that are accomplished in order to manufacture the simulated tile wall. Claim 1 has been significantly amended to recite several new limitations. For example, all of the various parameters of defining the dimensions and shapes of the simulated tiles, the orientation of the simulated tiles, the depth of cut into the acrylic sheet so that the acrylic sheet retains its water resistance from water passing through the acrylic sheet, are all determined by the designer and then inputted into the computer. The combinations that can be designed by the user are infinite. These determinations made by the designer are not abstract ideas, they are specifically and concretely inputted by the designer. The sheet of acrylic material is selected and placed in the computer controlled material removal tool where the design is called up and the tool removes substantially .005 inches of the material to form the simulated tile sheet from a sheet that previously was devoid of any simulated tile design. Again, these are not abstract ideas. Thus, there is a true transformation from a blank acrylic sheet to a simulated tile sheet for installation in a bath or shower wall. Applicant asserts that the claimed invention is significantly more than being directed to a judicial exception and thus claims patentable subject matter.

However, if the examiner still asserts that the claimed invention is directed to a judicial exception, Applicant believes that the claims still claim patentable subject matter under 35 USC § 101.

5

Using the two step process adopted by the Supreme Court in Alice Corp. vs. CLS Bank Int'l, and stated by the examiner, in Step 1A, the claims are directed to one of the four statutory classes, namely a method. The method is the manufacture of a simulated tile sheet used in baths and showers. In step 2A we must identify any judicial exceptions in the claims. The examiner asserts, although the Applicant does not agree, that the claims are directed to an abstract idea. Applicant asserts that the claims are not directed to an abstract idea in view of the amendments to the claims and the arguments set forth above. For example, the infinite determinations made by the designer are not abstract ideas, but rather specific designs inputted by the designer.

However, should the examiner continue to believe that the clams are directed to an abstract idea, we must proceed to step 2B to determine if the claim as a whole amounts to significantly more than the exception itself. This is known as the inventive concept. Claims that integrate an exception into an inventive concept are transformed into patent-eligible inventions. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354, 110 USPQ2d 1976, 1981 (2014) (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71-72, 101 USPQ2d 1961, 1966 (2012)).

An "inventive concept" is furnished by an element or combination of elements that is recited in the claim in addition to (beyond) the judicial exception, and is sufficient to ensure that the claim as a whole amounts to significantly more than the judicial exception itself. *Alice Corp.*, 134 S. Ct. at 2355, 110 USPQ2d at 1981 (citing *Mayo,* 566 U.S. at 72-73, 101 USPQ2d at 1966). Instead, an "inventive concept" is furnished by an element or combination of elements that is recited in the claim in addition to (beyond) the judicial exception, and is sufficient to ensure that the claim as a whole amounts to significantly more than the judicial exception itself. *Alice Corp.*, 134 S. Ct. at 2355, 110 USPQ2d at 1981 (citing *Mayo,* 566 U.S. at 72-73, 101 USPQ2d at 1966).

As stated in section 2106.05 of the MPEP, evaluating additional elements to determine whether they amount to an inventive concept requires considering them both individually and in combination to ensure that they amount to significantly more than the judicial exception itself. Because this approach considers all claim elements, the Supreme Court has noted that "it is consistent with the general rule that patent claims 'must be considered as a whole.'" *Alice Corp.*, 134 S. Ct. at 2355, 110 USPQ2d at 1981 (quoting *Diamond v. Diehr,* 450 U.S. 175, 188, 209

6

USPQ 1, 8-9 (1981)). Consideration of the elements in combination is particularly important, because even if an additional element does not amount to significantly more on its own, it can still amount to significantly more when considered in combination with the other elements of the claim. *See, e.g., Rapid Litig. Mgmt. v. CellzDirect,* 827 F.3d 1042, 1051, 119 USPQ2d 1370, 1375 (Fed. Cir. 2016) (process reciting combination of individually well-known freezing and thawing steps was "far from routine and conventional" and thus eligible); *BASCOM Global Internet Servs. v. AT&T Mobility LLC,* 827 F.3d 1341, 1350, 119 USPQ2d 1236, 1242 (Fed. Cir. 2016) (inventive concept may be found in the non-conventional and non-generic arrangement of components that are individually well-known and conventional).

We must determine what is meant by the phrase, "well-understood, routine, and conventional" in order to determine if the combination of elements is "significantly more" to render the claims patentable. The recent decision by the Court of Appeals for the Federal Circuit in *Berkheimer v. HP Inc. (*February 8, 2018) provides guidance on the eligibility test for software-implemented innovations set out in *Alice Corp. v. CLS Bank International.*

The CAFC affirmed that the determination of whether claim elements are well-understood, routine, and conventional to a skilled person in the relevant field is a question of fact and that any fact that is pertinent to the invalidity conclusion must be supported by clear and convincing evidence. As the Federal Circuit explained: "[w]hether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional." Berkheimer, 881 F.3d at 1369.

In view of *Berkheimer*, the USPTO issued guidelines on April 19, 2018 outlining the procedures and types of evidence that Patent Examiners are required to show when alleging claim elements are "well-understood, routine, and conventional". These include:

1. A citation to an express statement in the specification or to a statement made by an applicant during prosecution that demonstrates the well-understood, routine, conventional nature of the additional element(s).

2.  A citation to one or more court decisions as noting the well-understood, routine, conventional nature of the additional element(s).

3.  A citation to a publication that demonstrates the well-understood, routine, conventional nature of the additional element(s). The mere mention of the claim element is inadequate evidence.

4.  A statement that the examiner is taking official notice of the well-understood, routine, conventional nature of the additional element(s). This option should be used only when the examiner is certain, based upon his or her personal knowledge, that the additional element(s) represents well-understood, routine, conventional activity engaged in by those in the relevant art.

The examiner states that limitations of "a computer controlled material removal tool; by means of a computer" are merely recitations of generic electronic or computer structures that serve to perform generic functions that are well understood, routine, and conventional activities previously known in the pertinent industry. However, the examiner is not applying the recently enacted guidelines as set forth in the April 19, 2018 guidelines. The examiner does not cite any citation in the patent application, cite any court decision, cite any publication, and does not state that on the examiner's own personal knowledge that the additional elements are well-understood, routine or conventional in the relevant art. In fact, Applicant asserts that the opposite is the case. The additional steps set forth in the claims contain the limitation that the removal of a predetermined amount of material from the top surface of the acrylic to create the grout lines that define the individual tiles is completely unique in the industry.

Furthermore, in claim 8, rounding the edges of the grout lines is not shown in the prior art and in claim 9, the specific amount of material removed (substantially .005 inches) is nowhere found in the prior art or the industry. The material removed creates the grout lines, but does not extend through the acrylic sheet, thereby maintaining the water-resistant properties of the acrylic sheet after installation on the wall of the tub or shower.

Thus, Applicant asserts that the claimed invention set forth in claims 1-5 and 8, 9 are eligible under 35 USC Section 101.

8

**Response regarding 35 U.S.C. § 112**

Claims 2,5 and 7 were rejected under 35 USC §112 (b). Claims 2 and 5 have been amended to overcome this rejection. Claim 7 has been canceled.

**Response regarding 35 U.S.C. § 102**

The examiner rejected all claims under 35 USC §102 (a) (1) as being anticipated by McKee (US 5,568,391). Applicant believes that the amended claims are not anticipated or obvious in view of McKee for the following reasons.

First and most importantly, McKee is directed to a method and apparatus for a system for creating mosaic tile patterns. The portion directed to the manufacture of the individual tiles is set forth in McKee with clay being the basic material that is used to create the tiles. The clay is cut into individual tiles that are then processed by firing in a kiln. The process of extruding a slab of clay, cutting it and forming the tiles is described in Column 12, lines 7-21, and in greater detail in Columns 13 and 14. It is abundantly clear that the McKee process is designed to cut through the clay slab to form individual tiles that are later process and attached to a substrate for easier installation.

The McKee patent does not describe or show a sheet of acrylic that has a small amount of material removed from the top surface of the acrylic sheet to form grout lines and to create simulated tiles. The examiner states that McKee selects a sheet of acrylic material at col. 3, line 18-19, but this is not correct. McKee states that "thin slabs of loosely agglomerated bits of plastic resin could be substituted for the clay, and a curing oven substituted for the drier, kiln..." This makes it clear that the bits of plastic resin need to be processed into a solid sheet so that the individual tiles and be cut from the sheet. Again, this is different than Applicant's invention and what is set forth in claim 1.

Applicant's process, and as set forth in claim 1, involves a different process than that which is disclosed in McKee. As set forth above, McKee involves cutting completely through the clay slab to form the individual tiles. The tiles are then further processed to form the ceramic tiles that are attached to a substrate. Applicant's method, and as set forth in claim 1, removes an amount of material from the top surface of the acrylic material to form the grout lines.

9

Applicant's invention does not cut through the acrylic material, as this would destroy the essence and purpose of Applicant's invention. The acrylic sheet would no longer be water resistant or waterproof when installed in a bath or shower. McKee's mosaics, require installation and grouting between the individual tiles, which grouting is unnecessary in Applicant's finished product. As correctly pointed out by the examiner, McKee does disclose the step of designing the tile patter to simulate individual tiles separated by grout lines. However, this is different than Applicant's invention in that McKee clearly states at col. 10, lines 30-33 that grout is used to fill the gaps between tiles. McKee also states that the tiles can be designed without gaps, but this again is distinguished from Applicant's invention in that the tiles are still being cut from the slab of material, just without a grout line between individual tiles.

Claim 9 sets forth the added limitation that substantially .005 inches of material is removed from the top surface of the acrylic material. This limitation clearly shows that only a small amount of material is removed to form the grout lines. It also reinforces the distinction between Applicant's invention and McKee in that the acrylic sheet is not cut through to form individual tiles, such as taught by McKee.

Applicant asserts that the rejection under 35 USC §102 is overcome and also any rejection under 35 USC § 103. As quoted in the Manual of Patent Examining Procedure ("MPEP"), "[t]he Supreme Court in *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 82 USPQ2d 1385, 1396 (2007) noted that the analysis supporting a rejection under 35 U.S.C. 103 should be made **explicit. The Federal Circuit has stated that "rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness."** *In re Kahn*, 441 F.3d 977, 988, 78 USPQ2d 1329, 1336 (Fed. Cir. 2006). The conclusions drawn by the examiner based on McKee lacks at least one of the essential claimed elements cannot be considered an obvious combination to render Applicant's claims, as amended, as obvious. As a result, based on all the differences between the cited patent and Applicant's method, Applicant's invention as claimed in independent Claims 1 and those dependent on claim 1 are not obvious.

10

Applicant believes that the claims as amended are now in condition for allowance and it is requested that the Examiner allow the application as amended. A one month extension of time is filed concurrently. All charges as a result of filing this Amendment, should be charged to our deposit account no. 06-1201.

Respectfully submitted,

By: _Alan Samlan_

Date: June 4, 2018

Alan B. Samlan, Reg. No.: 28,470

KNECHTEL, DEMEUR & SAMLAN
525 West Monroe Street, Suite 2360
Chicago, IL 60661
Phone : 312/655-9900
Fax : 312/655-1917
asamlan@kdslaw.com

11

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 15046864 |
| **Filing Date:** | 18-Feb-2016 |
| **Title of Invention:** | METHOD FOR CREATING SIMULATED TILE WALL |
| **First Named Inventor/Applicant Name:** | Mark Domanico |
| **Filer:** | Alan B. Samlan/Eddy Grove |
| **Attorney Docket Number:** | |

Filed as Small Entity

**Filing Fees for   Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 1 month with $0 paid | 2251 | 1 | 100 | 100 |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **100** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 32792190 |
| **Application Number:** | 15046864 |
| **International Application Number:** | |
| **Confirmation Number:** | 3402 |
| **Title of Invention:** | METHOD FOR CREATING SIMULATED TILE WALL |
| **First Named Inventor/Applicant Name:** | Mark  Domanico |
| **Customer Number:** | 22536 |
| **Filer:** | Alan B. Samlan/Eddy Grove |
| **Filer Authorized By:** | Alan B. Samlan |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 04-JUN-2018 |
| **Filing Date:** | 18-FEB-2016 |
| **Time Stamp:** | 11:57:27 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $100 |
| RAM confirmation Number | 060418INTEFSW11582000 |
| Deposit Account | 061201 |
| Authorized User | Eddy Grove |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: | |
| 37 CFR 1.16 (National application filing, search, and examination fees) | |
| 37 CFR 1.17 (Application processing fees) | |

37 CFR 1.19 (Document supply fees)

37 CFR 1.20 (Post Issuance fees)

37 CFR 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | OAResponse2018.pdf | 5367686<br>35385b1d93f9fcd46efc23e847e0d9b5352aa3a3 | no | 11 |

Warnings:

Information:

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30469<br>6ee33836942aa11715d2a3918872bfb769e57331 | no | 2 |

Warnings:

Information:

| | Total Files Size (in bytes): | | 5398155 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 15/046,864 | 02/18/2016 | ☐ To be Mailed |

**ENTITY:** ☐ LARGE ☒ SMALL ☐ MICRO

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | **06/04/2018** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 7 | Minus ** 20 | = 0 | x $50 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus ***3 | = 0 | x $230 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

SLIE
SHARON M. WEST

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

22536        7590        09/26/2018
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

| EXAMINER |
|---|
| YI, CHANGHYUN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2826 | |

DATE MAILED: 09/26/2018

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | Mark Domanico | | 3402 |

TITLE OF INVENTION: METHOD FOR CREATING SIMULATED TILE WALL

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $500 | $0 | $0 | $500 | 12/26/2018 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to: Mail**

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**or Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

| 22536 | 7590 | 09/26/2018 |

KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | Mark Domanico | | 3402 |

TITLE OF INVENTION: METHOD FOR CREATING SIMULATED TILE WALL

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $500 | $0 | $0 | $500 | 12/26/2018 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| YI, CHANGHYUN | 2826 | 700-097000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

**4a. The following fee(s) are submitted:**

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | Mark Domanico | | 3402 |

22536          7590          09/26/2018
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

| EXAMINER |
|---|
| YI, CHANGHYUN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2826 | |

DATE MAILED: 09/26/2018

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

# OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

|  | **Application No.** | **Applicant(s)** |  |
|---|---|---|---|
| ***Notice of Allowability*** | 15/046,864 | DOMANICO, MARK |  |
|  | **Examiner** | **Art Unit** | **AIA (First Inventor to File) Status** |
|  | CHANGHYUN YI | 2826 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *6/4/2018*.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-5,8 and 9*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

      a) ☐ All   b) ☐ Some  *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/CHANGHYUN YI/
Primary Examiner, Art Unit 2826

The present application, filed on or after March 16, 2013, is being examined

under the first inventor to file provisions of the AIA.

## DETAILED ACTION

### *Claim Rejections - 35 USC § 101*

Previous rejections have been withdrawn in view of Applicant's argument filed on

2/6/2018 appears to be persuasive. Independent claim 1 now contains 'inventive

concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible

application as well as additional details regarding the particular method of creating

simulated tile sheets which can be fully customizable, without need to create multiple

molds, and thus the claims are directed to more than merely an abstract idea.

### *Allowable Subject Matter*

Claims 1-5, 8, and 9 are allowed.

The following is a statement of reasons for the indication of allowable subject

matter:

Regarding claims 1-5, 8, and 9, the cited prior art of record does not teach or

fairly suggest, along with the other claimed features, "determining an orientation of first

set of tile shapes on simulated tile sheet; determining a depth of cut in the simulated tile

sheet; selecting a first sheet of acrylic material based on the first set of tile pattern

characteristics; forming a first set of grout lines by removing from the top displayed

surface of the first sheet of acrylic material by means of computer controlled material

removal tool a first predetermined amount of material based on the first set of tile

pattern characteristics to create the first set of tile pattern characteristics in the first

sheet of acrylic material" with the combination of the independent claim 1.


Any comments considered necessary by applicant must be submitted no later

than the payment of issue fee and, to avoid processing delays, Should preferably

accompany the issue fee. Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance".


*Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to CHANGHYUN YI whose telephone number is (571)270-

7799.  The examiner can normally be reached on Mon-Fri (7:30AM ~ 5:00PM). If

attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Davienne Monbleau can be reached on (571)272-1954.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/CHANGHYUN YI/
Primary Examiner, Art Unit 2826

| *Issue Classification*  | **Application/Control No.** | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|
| | 15046864 | DOMANICO, MARK |
| | **Examiner** | **Art Unit** |
| | CHANGHYUN YI | 2826 |

| CPC | | | | |
|---|---|---|---|---|
| **Symbol** | | | **Type** | **Version** |
| B44C | 1 | 22 | F | 2013-01-01 |
| G05B | 19 | 4097 | A | 2013-01-01 |
| G05B | 2219 | 37355 | A | 2013-01-01 |
| B44C | 5 | 04 | I | 2013-01-01 |
| B44F | 11 | 06 | I | 2013-01-01 |
| E04F | 13 | 185 | I | 2013-01-01 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| CPC Combination Sets | | | | | |
|---|---|---|---|---|---|
| **Symbol** | | | **Type** | **Set** | **Ranking** | **Version** |
| | | | | | |
| | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| | | 7 | |
| (Assistant Examiner) | (Date) | | |
| /CHANGHYUN YI/ Primary Examiner.Art Unit 2826 | 09/24/2018 | **O.G. Print Claim(s)** | **O.G. Print Figure** |
| (Primary Examiner) | (Date) | 1 | 6 |

U.S. Patent and Trademark Office

Part of Paper No. 20180924

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15046864 | DOMANICO, MARK |
| | Examiner | Art Unit |
| | CHANGHYUN YI | 2826 |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | | NON-CLAIMED | | | | | |
| | | B | 4 | 4 | C | 1 / 22 (2006.01.01) | | | | | | | |
| CROSS REFERENCE(S) | | G | 0 | 5 | B | 19 / 4097 (2006.01.01) | | | | | | | |
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| | | Total Claims Allowed: | |
|---|---|---|---|
| NONE | | 7 | |
| (Assistant Examiner) | (Date) | | |
| /CHANGHYUN YI/ Primary Examiner.Art Unit 2826 | 09/24/2018 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 6 |

U.S. Patent and Trademark Office

Part of Paper No. 20180924



| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15046864 | DOMANICO, MARK |
| | **Examiner** | **Art Unit** |
| | CHANGHYUN YI | 2826 |

| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | | ☐ R.1.47 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
| 1 | 1 | | | | | | | | | | | | | | |
| 2 | 2 | | | | | | | | | | | | | | |
| 3 | 3 | | | | | | | | | | | | | | |
| 4 | 4 | | | | | | | | | | | | | | |
| 5 | 5 | | | | | | | | | | | | | | |
| | 6 | | | | | | | | | | | | | | |
| | 7 | | | | | | | | | | | | | | |
| 6 | 8 | | | | | | | | | | | | | | |
| 7 | 9 | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 7 | |
| /CHANGHYUN YI/ Primary Examiner.Art Unit 2826 | 09/24/2018 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 1 | 6 |

U.S. Patent and Trademark Office

Part of Paper No. 20180924

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 15046864 | DOMANICO, MARK |
| | Examiner | Art Unit |
| | CHANGHYUN YI | 2826 |

| CPC- SEARCHED | | |
|---|---|---|
| Symbol | Date | Examiner |
| B44C1/22 | 2/2/2018 | CY |
| B28B19/0053 | 2/2/2018 | CY |
| B44F11/06 | 2/2/2018 | CY |
| G05B2219/35142 | 2/2/2018 | CY |

| CPC COMBINATION SETS  - SEARCHED | | |
|---|---|---|
| Symbol | Date | Examiner |
| | | |

| US CLASSIFICATION SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

| SEARCH NOTES | | |
|---|---|---|
| Search Notes | Date | Examiner |
| Inventors and Assignee searched | 2/2/2018 | CY |
| NPL searched: Google Scholar, IP.COM, Google | 2/2/2018 | CY |
| Foreign database searched: EPO, KIPO, JPO | 2/2/2018 | CY |
| East searched: View, Search History | 2/2/2018 | CY |
| East searched (updated): View, Search History | 9/24/2018 | CY |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
| | Interference Searched | 9/24/2018 | CY |

| | /CHANGHYUN YI/ Primary Examiner.Art Unit 2826 |
|---|---|

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 12 | (Mark near6 Domanico).in. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L2 | 10 | (Luxury adj Bath adj Liners).as,aanm. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L3 | 3 | L1 and L2 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L4 | 18831 | B44C1/22 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L5 | 20 | L4 and tile with design | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L6 | 102 | (US-20080612-$ \| US-20080701-$ \| US-20130610-$ \| US-20130627-$ \| US-20020179580-$ \| US-20050151302-$ \| US-20070108170-$ \| US-20100176101-$ \| US-20100183822-$ \| US-20140033977-$ \| US-20150197929-$ \| US-20150298253-$ \| US-3720784-$ \| US-3789421-$ \| US-4024545-$ \| US-4468551-$ \| US-4535218-$ \| US-4629858-$ \| US-4847184-$ \| US-4861620-$ \| US-4947022-$ \| US-5017423-$ \| US-5075195-$ \| US-5171450-$ \| US-5171650-$ \| US-5185511-$ \| US-5200592-$ \| US-5567207-$ \| US-5759727-$ \| US-5990444-$ \| US-6140602-$ \| US-6231196-$ \| US-6252196-$ \| US-6315202-$ \| US-6495237-$ \| US-6576862-$ \| US-6633422- | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |

Case 2:23-cv-00908-JPS     Filed 12/01/23     Page 90 of 116     Document 27-5

| | | | | | |
|---|---|---|---|---|---|
| | | $ \| US-6664505-$ \| US-6685868-$ \| US-6706320-$ \| US-6753501-$ \| US-6807456-$ \| US-6819972-$ \| US-6822192-$ \| US-6858815-$ \| US-6885868-$ \| US-7699896-$ \| US-8071912-$ \| US-8585956-$ \| US-8794724-$ \| US-8974016-$ \| US-9126423-$ \| US-9370842-$ \| US-9375807-$ \| US-9504359-$ \| US-9506253-$ \| US-9527730-$).DID. | | | |
| L7 | 34 | L6 and design and pattern | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L8 | 61 | (US-19910114-$ \| US-19971001-$ \| US-20041208-$ \| US-1532684-$ \| US-1564578-$ \| US-1571849-$ \| US-20030085481-$ \| US-20090243149-$ \| US-20120000593-$ \| US-20160024723-$ \| US-2059520-$ \| US-2355967-$ \| US-2964800-$ \| US-3096195-$ \| US-3318563-$ \| US-3781396-$ \| US-4002713-$ \| US-4525500-$ \| US-4670208-$ \| US-4746365-$ \| US-4792360-$ \| US-4851456-$ \| US-4952104-$ \| US-4968734-$ \| US-5041475-$ \| US-5169573-$ \| US-5391331-$ \| US-5395442-$ \| US-5447752-$ \| US-5547361-$ \| US-5904886-$ \| US-6403004-$ \| US-6808667-$ \| US-7993563-$ \| US-8444789-$ \| US-9074380-$).DID. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L9 | 18 | L8 and tile | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L10 | 4697 | design and tile with pattern and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L11 | 378 | design and tile with pattern and acrylic and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L12 | 50 | design and (wall roof floor) near5 tile with pattern and acrylic and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L13 | 480 | B44F11/06 | US-PGPUB; USPAT; | OR | ON | 2018/09/24 14:35 |

| | | | USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L14 | 29 | G05B2219/35142 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/09/24<br>14:35 |
| L15 | 797 | B28B19/0053 | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/09/24<br>14:35 |
| L16 | 91 | L15 and tile | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/09/24<br>14:35 |
| L17 | 2 | US-5568391-$ | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/09/24<br>14:35 |
| L18 | 176 | (US-20010820-$ \| US-20040402-$ \| US-20081022-$ \| US-4868003-$ \| US-20030194149-$ \| US-20030203165-$ \| US-20030207083-$ \| US-20040030733-$ \| US-20040059454-$ \| US-20040139691-$ \| US-20050217192-$ \| US-20060136083-$ \| US-20070083284-$ \| US-20070197131-$ \| US-20070246148-$ \| US-20070250197-$ \| US-20070267137-$ \| US-20080249748-$ \| US-20090107070-$ \| US-20100104190-$ \| US-20100115859-$ \| US-20100129542-$ \| US-20100194780-$ \| US-20100219095-$ \| US-20110213718-$ \| US-20120065758-$ \| US-20130215152-$ \| US-4056714-$ \| US-4698192-$ \| US-4718017-$ \| US-5271200-$ \| US-5443680-$ \| US-5568391-$ \| US-5737230-$ \| US-6055335-$ \| US-6068893-$ \| US-6174608-$ \| US-6275615-$ \| US-6476809-$ \| US-6519608-$ \| US-6542157-$ \| US-6565415-$ \| US-6607691-$ \| US-6616372-$ \| US-6630041-$ \| US-6647151-$ \| US-6659097-$ \| US-6802921-$ \| US-6823636-$ \| US-6970765-$ \| US-7003364-$ \| US-7021304-$ \| US-7133734-$ \| US-7146956-$ \| US-7228786-$ \| US-7273655-$ \| US-7406940-$ \| US-7427162-$ \| US-7489984-$ \| US-7542818-$ \| US-7650976-$ \| US-7742831-$ \| US-7771821-$ \| US-7774091-$ \| US-7937173-$ \| US-7993718- | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2018/09/24<br>14:35 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | $ \| US-8096205-$ \| US-8152377-$ \| US-8206035-$ \| US-8298641-$ \| US-8331727-$ \| US-8500361-$ \| US-8538569-$ \| US-8575076-$ \| US-8609215-$ \| US-8668404-$ \| US-8713295-$ \| US-8743872-$ \| US-8747019-$ \| US-8769896-$ \| US-8848727-$ \| US-8868790-$ \| US-8888401-$ \| US-8892244-$ \| US-8903531-$ \| US-8944543-$ \| US-8950138-$ \| US-8967907-$ \| US-9057197-$ \| US-9193215-$ \| US-9315950-$ \| US-9321299-$ \| US-9404226-$ \| US-9409412-$ \| US-9428906-$ \| US-9534396-$ \| US-9636922-$ \| US-9636923-$ \| US-9656476-$ \| US-9677228-$ \| US-9745742-$ \| US-9752288-$ \| US-D695915-$ \| US-D695916-$ \| US-D695917-$ \| US-D695918-$ \| US-D695919-$ \| US-D695920-$ \| US-D695921-$ \| US-D695922-$).DID. | | | | |
| L19 | 18 | L18 and grout | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L20 | 2 | US-5443680-$ | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L21 | 95 | (US-19930811-$ \| US-20030509-$ \| US-20051031-$ \| US-20070822-$ \| US-20110822-$ \| US-20110922-$ \| US-4764880-$ \| US-1133604-$ \| US-1666232-$ \| US-20020134499-$ \| US-20020134500-$ \| US-20030207083-$ \| US-20060136083-$ \| US-20070071963-$ \| US-20070250197-$ \| US-2715289-$ \| US-2876574-$ \| US-2931751-$ \| US-3162937-$ \| US-3181987-$ \| US-3322591-$ \| US-3463695-$ \| US-3988728-$ \| US-4305130-$ \| US-4359815-$ \| US-4415909-$ \| US-4524421-$ \| US-4546025-$ \| US-4599254-$ \| US-4641271-$ \| US-4704694-$ \| US-4715772-$ \| US-4757470-$ \| US-4845634-$ \| US-4851073-$ \| US-4852019-$ \| US-4852024-$ \| US-4869813-$ \| US-4878178-$ \| US-4878181-$ \| US-4878183-$ \| US-4891767-$ \| US-5443680-$ \| US-5568391-$ \| US-5895586-$ \| US-6003577-$ \| US-6397521-$ \| US-6726796-$ \| US-6830645-$ \| US-7003364-$ \| US-7542818-$ \| US-8944543-$ \| US-8950138-$ \| US-9321299-$ \| US-9409412-$ \| US-9636922-$ \| US-9636923-$ \| US-9656476-$ \| US-D453179-$ \| US-D458295-$).DID. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L22 | 4001 | mosaic with tile | US-PGPUB; USPAT; USOCR; FPRS; | OR | ON | 2018/09/24 14:35 |

| | | | EPO; JPO; DERWENT; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L23 | 139 | L22 and router | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L24 | 93 | L22 and router and database | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L25 | 0 | L22 and router and database and grout | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L26 | 465 | 700/122.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 14:35 |
| L27 | 1 | simulated with tile adj sheet and design and tile with pattern and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 15:35 |
| L28 | 69 | simulated with tile and design and tile with pattern and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 15:36 |
| L29 | 20 | simulated with tile and design and tile with pattern and computer and grout | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 15:36 |
| L30 | 1 | simulated with tile adj sheet and (wall roof floor) near5 tile with pattern and acrylic and computer | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/09/24 15:37 |
| L31 | 1 | simulated with tile adj sheet and acrylic and computer | US-PGPUB; USPAT; | OR | ON | 2018/09/24 15:37 |

| | | | USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | | | |
|---|---|---|---|---|---|---|
| L32 | 0 | ("2007/0071963").URPN. | USPAT | OR | ON | 2018/09/24 15:37 |

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L33 | 0 | (simulated with tile adj sheet same acrylic adj material with first with tile adj pattern same grout adj lines).clm. | US-PGPUB; USPAT | OR | ON | 2018/09/24 15:39 |
| L34 | 0 | (simulated with tile adj sheet and acrylic adj material with first with tile adj pattern same grout adj lines).clm. | US-PGPUB; USPAT | OR | ON | 2018/09/24 15:39 |
| L35 | 0 | (simulated with tile and acrylic adj material with first with tile adj pattern same grout adj lines).clm. | US-PGPUB; USPAT | OR | ON | 2018/09/24 15:39 |
| L36 | 0 | (simulated with tile and acrylic adj material with first with tile adj pattern same grout).clm. | US-PGPUB; USPAT | OR | ON | 2018/09/24 15:39 |

**9/24/2018 3:40:04 PM**
**C:\Users\cyi\Documents\EAST\Workspaces\15046864.wsp**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 3402**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | 700 | 2826 | |
| | RULE | | | |

**APPLICANTS**
  Luxury Bath Liners, Inc., Palatine, IL;

**INVENTORS**
  Mark Domanico, Glendale Heights, IL;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
  This appln claims benefit of 62/117,548 02/18/2015

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* SMALL ENTITY \*\***
  03/02/2016

| Foreign Priority claimed ☐ Yes ☑ No | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☐ No | ☐ Met after Allowance | | | | |
| Verified and Acknowledged /CHANGHYUN YI/ Examiner's Signature | Initials | IL | 6 | 7 | 1 |

**ADDRESS**
  KNECHTEL, DEMEUR & SAMLAN
  525 W. MONROE STREET, SUITE 2360
  CHICAGO, IL 60661
  UNITED STATES

**TITLE**
  METHOD FOR CREATING SIMULATED TILE WALL

| FILING FEE RECEIVED 730 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | Mark Domanico | | 3402 |

22536          7590          10 09 2018
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

| EXAMINER |
|---|
| YI, CHANGHYUN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2826 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/09/2018 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | | |
|---|---|---|
| Application No. | : | 15046864 |
| Applicant | : | Domanico |
| Filing Date | : | 02/18/2016 |
| Date Mailed | : | 10/09/2018 |

# NOTICE TO FILE CORRECTED APPLICATION PAPERS

## *Notice of Allowance Mailed*

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

**Applicant is given two (2) months from the mail date of this Notice within which to respond. This time period for reply is extendable under 37 CFR 1.136(a) for only TWO additional MONTHS.**

The informalities requiring correction are indicated in the attachment(s). If the informality pertains to the abstract, specification (including claims) or drawings, the informality must be corrected with an amendment in compliance with 37 CFR 1.121 (or, if the application is a reissue application, 37 CFR 1.173). Such an amendment may be filed after payment of the issue fee if limited to correction of informalities noted herein. See Waiver of 37 CFR 1.312 for Documents Required by the Office of Patent Publication, 1280 Off. Gaz. Patent Office 918 (March 23, 2004). In addition, if the informality is not corrected until after payment of the issue fee, for purposes of 35 U.S.C. 154(b)(1)(iv), "all outstanding requirements" will be considered to have been satisfied when the informality has been corrected. A failure to respond within the above-identified time period will result in the application being ABANDONED.

**See attachment(s).**

*A copy of this notice <u>MUST</u> be returned with the reply. Please address response to "Mail Stop Issue Fee, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450".*

/Joanna Black/
Publication Branch
Office of Data Management
(571) 272-4200

## IDENTIFICATION OF DRAWING DEFICIENCIES

☐ There is a hole or the image thereof within the illustration. FIG(s)

☐ The illustration is penetrated or traversed by a solid or broken line that is not intended to be part of the drawing, such as a dark line caused by a flaw in the copying process. FIG(s)

☐ An ink stamp or the image thereof obscures part of the illustration. FIG(s)

☐ The drawing is marred by black smudges, obliterations, or fax/copier marks (for example, speckles or dots in a substantial portion of the drawing). FIG(s)

☐ Figure numbers are duplicated or missing. FIG(s)

☐ Drawing sheet or figure is missing. FIG(s)

☐ Numbers, letters, or reference characters in the drawing have been crossed out or are illegibly handwritten. FIG(s)

☐ The character of the lines, numbers, and letters is poor. FIG(s)

☐ The drawing's background shows that the original drawing was made on graph paper or other paper with a pattern or decoration. FIG(s)

☐ The FIG. number label is placed in a location that causes the drawing to be read upside down. FIG(s)

☐ Data, a reference number, or part of the drawing is truncated or missing, or a lead line has no reference number. FIG(s)

☐ The drawing and/or the FIG. label contain(s) foreign language. FIG(s)

☒ This utility application contains a photograph of a view that is capable of being illustrated as a line drawing. FIG(s) <u>1 and 3-6</u>

☐ A petition under 37 CFR 1.84(a)(2) to accept color drawings has been granted, but the brief description of the drawings in the specification does not contain (or has not been amended to contain) the paragraph required by 37 CFR 1.84(a)(2)(iii).

☐ This reissue application contains added and/or amended drawings that are not labeled as "New" or "Amended" or "Canceled" as required by 37 CFR 1.173(b)(3). FIG(s)

☐ This Design reissue application contains a drawing that is labeled as "Canceled" but is not surrounded by brackets, or a drawing that is surrounded by brackets but is not labeled as "Canceled." See 37 CFR 1.173(b)(3). FIG(s)

☐ OTHER:

☐ COMMENTS:

**IN THE UNITED STATES DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| INVENTOR : | **Mark Domanico** | ) | |
| | | ) | **Examiner : Changhyun Yi** |
| SERIAL NO. : | **15/046,864** | ) | |
| | | ) | **Art Unit   : 2826** |
| FILED : | **February 18, 2016** | ) | |
| | | ) | |
| FOR : | **Method for Creating** | ) | |
| | **Simulated Tile Wall** | ) | |

**TRANSMITTAL OF REPLACEMENT DRAWINGS**

Dear Sir:

This is in response to the Notice to File Corrected Application Papers that was mailed October 9, 2018. Applicant encloses herewith replacement formal drawings for the above identified patent application. Applicant further states that no new matter is introduced by this transmittal.

If you have any questions regarding the foregoing, please do not hesitate to contact the undersigned.

Respectfully submitted,

Alan B. Samlan
Reg. No. 28,470

Dated: October 15, 2018

ALAN B. SAMLAN
KNECHTEL, DEMEUR & SAMLAN
525 WEST MONROE STREET
SUITE 2360
CHICAGO, IL 60661
312/655-9900



10

12

12

**FIG. 1**



**FIG. 2**



24

26

13

28

**FIG. 3**



24

26

27

**FIG. 4**



**FIG. 5**



18

18

**FIG. 6**

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 34013484 |
| **Application Number:** | 15046864 |
| **International Application Number:** | |
| **Confirmation Number:** | 3402 |
| **Title of Invention:** | METHOD FOR CREATING SIMULATED TILE WALL |
| **First Named Inventor/Applicant Name:** | Mark Domanico |
| **Customer Number:** | 22536 |
| **Filer:** | Alan B. Samlan/Eddy Grove |
| **Filer Authorized By:** | Alan B. Samlan |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 15-OCT-2018 |
| **Filing Date:** | 18-FEB-2016 |
| **Time Stamp:** | 16:38:13 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Post Allowance Communication - Incoming | Notice.pdf | 870320<br>cbd26804f68bf0aa2f20353018 6c80215726 074f | no | 2 |

| | | Information: | | | | |
|---|---|---|---|---|---|---|
| 2 | Transmittal Letter accompanying New/Add'l Drawings | DrawingsTransmittal.pdf | 1203011<br><br>be84a7d8a262897511c4862b6f71586c5a0c376f | no | 1 |

**Warnings:**

**Information:**

| 3 | Drawings-only black and white line drawings | ReplacementDrawings.pdf | 94181<br><br>a22bc0428f142775237b33940e98d18d6e7f7f6 | no | 6 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 2167512 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
<u>National Stage of an International Application under 35 U.S.C. 371</u>
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
<u>New International Application Filed with the USPTO as a Receiving Office</u>
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | |
|---|---|
| Application No. : | 15046864 |
| Applicant : | Domanico |
| Filing Date : | 02/18/2016 |
| Date Mailed : | 10/09/2018 |

# NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Notice of Allowance Mailed*

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

**Applicant is given two (2) months from the mail date of this Notice within which to respond. This time period for reply is extendable under 37 CFR 1.136(a) for only TWO additional MONTHS.**

The informalities requiring correction are indicated in the attachment(s). If the informality pertains to the abstract, specification (including claims) or drawings, the informality must be corrected with an amendment in compliance with 37 CFR 1.121 (or, if the application is a reissue application, 37 CFR 1.173). Such an amendment may be filed after payment of the issue fee if limited to correction of informalities noted herein. See Waiver of 37 CFR 1.312 for Documents Required by the Office of Patent Publication, 1280 Off. Gaz. Patent Office 918 (March 23, 2004). In addition, if the informality is not corrected until after payment of the issue fee, for purposes of 35 U.S.C. 154(b)(1)(iv), "all outstanding requirements" will be considered to have been satisfied when the informality has been corrected. A failure to respond within the above-identified time period will result in the application being ABANDONED.

**See attachment(s).**

*A copy of this notice MUST be returned with the reply. Please address response to*
*"Mail Stop Issue Fee, Commissioner for Patents,*
*P.O. Box 1450, Alexandria, VA 22313-1450".*

/Joanna Black/
Publication Branch
Office of Data Management
(571) 272-4200

## IDENTIFICATION OF DRAWING DEFICIENCIES

☐ There is a hole or the image thereof within the illustration. FIG(s)

☐ The illustration is penetrated or traversed by a solid or broken line that is not intended to be part of the drawing, such as a dark line caused by a flaw in the copying process. FIG(s)

☐ An ink stamp or the image thereof obscures part of the illustration. FIG(s)

☐ The drawing is marred by black smudges, obliterations, or fax/copier marks (for example, speckles or dots in a substantial portion of the drawing). FIG(s)

☐ Figure numbers are duplicated or missing. FIG(s)

☐ Drawing sheet or figure is missing. FIG(s)

☐ Numbers, letters, or reference characters in the drawing have been crossed out or are illegibly handwritten. FIG(s)

☐ The character of the lines, numbers, and letters is poor. FIG(s)

☐ The drawing's background shows that the original drawing was made on graph paper or other paper with a pattern or decoration. FIG(s)

☐ The FIG. number label is placed in a location that causes the drawing to be read upside down. FIG(s)

☐ Data, a reference number, or part of the drawing is truncated or missing, or a lead line has no reference number. FIG(s)

☐ The drawing and/or the FIG. label contain(s) foreign language. FIG(s)

☒ This utility application contains a photograph of a view that is capable of being illustrated as a line drawing. FIG(s) 1 and 3-6

☐ A petition under 37 CFR 1.84(a)(2) to accept color drawings has been granted, but the brief description of the drawings in the specification does not contain (or has not been amended to contain) the paragraph required by 37 CFR 1.84(a)(2)(iii).

☐ This reissue application contains added and/or amended drawings that are not labeled as "New" or "Amended" or "Canceled" as required by 37 CFR 1.173(b)(3). FIG(s)

☐ This Design reissue application contains a drawing that is labeled as "Canceled" but is not surrounded by brackets, or a drawing that is surrounded by brackets but is not labeled as "Canceled." See 37 CFR 1.173(b)(3). FIG(s)

☐ OTHER:

☐ COMMENTS:

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
  **or** <u>Fax</u>   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

```
    22536         7590        09/26/2018
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661
```

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| | |
|---|---|
| Alan B. Samlan | (Depositor's name) |
| *[signature]* | (Signature) |
| October 24, 2018 | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO |
|---|---|---|---|---|
| 15/046,864 | 02/18/2016 | Mark Domanico | | 3402 |

TITLE OF INVENTION: METHOD FOR CREATING SIMULATED TILE WALL

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $500 | $0 | $0 | $500 | 12/26/2018 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| YI, CHANGHYUN | 2826 | 700-097000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Knechtel, Demeur & Samlan

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE      (B) RESIDENCE: (CITY and STATE OR COUNTRY)

    BCI Acrylic, Inc.                      Libertyville, IL

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☒ Corporation or other private group entity   ☐ Government

**4a. The following fee(s) are submitted:**

☒ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.
☒ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number 06-1201 (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29
☐ Applicant asserting small entity status. See 37 CFR 1.27
☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _*[signature]*_      Date   October 24, 2018

Typed or printed name   Alan B. Samlan      Registration No.   28470

PTOL-85 Part B (10-13) Approved for use through 10/31/2013     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| Application Number: | 15046864 |
|---|---|
| Filing Date: | 18-Feb-2016 |
| Title of Invention: | METHOD FOR CREATING SIMULATED TILE WALL |
| First Named Inventor/Applicant Name: | Mark Domanico |
| Filer: | Alan B. Samlan/Eddy Grove |
| Attorney Docket Number: | |

Filed as Small Entity

Filing Fees for **Utility under 35 USC 111(a)**

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| UTILITY APPL ISSUE FEE | 2501 | 1 | 500 | 500 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **500** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 34099081 |
| **Application Number:** | 15046864 |
| **International Application Number:** | |
| **Confirmation Number:** | 3402 |
| **Title of Invention:** | METHOD FOR CREATING SIMULATED TILE WALL |
| **First Named Inventor/Applicant Name:** | Mark  Domanico |
| **Customer Number:** | 22536 |
| **Filer:** | Alan B. Samlan/Eddy Grove |
| **Filer Authorized By:** | Alan B. Samlan |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 24-OCT-2018 |
| **Filing Date:** | 18-FEB-2016 |
| **Time Stamp:** | 12:24:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | CARD |
| Payment was successfully received in RAM | $ 500 |
| RAM confirmation Number | 102418INTEFSW12272100 |
| Deposit Account | 061201 |
| Authorized User | Eddy Grove |
| The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows: |
| 37 CFR 1.16 (National application filing, search, and examination fees) |
| 37 CFR 1.17 (Patent application and reexamination processing fees) |

37 CFR 1.19 (Document supply fees)

37 CFR 1.20 (Post Issuance fees)

37 CFR 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | IssueFeeTransmittal.pdf | 769135<br>8b8040f867a1420f66b8ae0924bbb76745d e711b | no | 1 |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (SB06) | fee-info.pdf | 30084<br>592ca1ae4e40649e05672ec80044537a071 8abb7 | no | 2 |

**Warnings:**

**Information:**

| | | **Total Files Size (in bytes):** | 799219 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.
<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.
<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/046,864 | 12/04/2018 | 10144243 | | 3402 |

22536          7590          11/14/2018
KNECHTEL, DEMEUR & SAMLAN
525 W. MONROE STREET, SUITE 2360
CHICAGO, IL 60661

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 215 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Mark Domanico, Glendale Heights, IL;
Luxury Bath Liners, Inc., Palatine, IL;

The United States represents the largest, most dynamic marketplace in the world and is an unparalleled location for business investment, innovation, and commercialization of new technologies. The USA offers tremendous resources and advantages for those who invest and manufacture goods here. Through SelectUSA, our nation works to encourage and facilitate business investment. To learn more about why the USA is the best country in the world to develop technology, manufacture products, and grow your business, visit SelectUSA.gov.

IR103 (Rev. 10/09)