**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | | |
|---|---|---|
| BCI ACRYLIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:23-CV-908-JPS |
| v. | ) | |
| | ) | Hon. Judge J.P. Stadtmueller |
| MILESTONE BATH PRODUCTS, INC. | ) | |
| *d/b/a* BELLASTONE BATH SYSTEMS | ) | |
| and TIGHTSEAL LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DEFENDANTS TO DISCLOSE THEIR ANTICIPATION AND OBVIOUSNESS DEFENSES

# TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................... 1

II.   OPPOSITION TO PLAINTIFF'S DISCOVERY REQUESTS ..................................... 1

      A.   Legal Standard ........................................................................................... 1

      B.   Interrogatory No. 3 Seeks Information Beyond the Scope of this Court's Limited
           Discovery Order .......................................................................................... 2

III.  CONCLUSION ....................................................................................................... 3

## I. INTRODUCTION

On October 2, 2023, this Court ordered the parties to conduct limited discovery on the issue of standing within 60 days ("Order"). ECF No. 22. As part of that process, written discovery was served and responses provided. As part of its response, Milestone agreed to meet and confer with Plaintiff regarding the scope and content of Interrogatory No. 3, which seeks "all grounds of invalidity, including but not limited to grounds based on 35 U.S.C. §§ 101, 102, 103 and 112, describe in detail the legal and factual bases for those grounds." Dkt. 25 (Ex. B). The parties discussed this interrogatory on November 17, 2023.[1] Plaintiff has not narrowed the scope of the interrogatory, and Milestone maintains that the interrogatory seeks information that is premature and outside the scope of the Order. In light of this Court's limited discovery order, this Court should deny Plaintiff's Motion with leave to renew if full fact discovery begins.

## II. OPPOSITION TO PLAINTIFF'S DISCOVERY REQUESTS

### A. Legal Standard

Federal Rule of Civil Procedure 26(b) generally permits a court to "order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). However, Rule 26(b)'s "broad parameters are restricted" when a court issues an order "that limits discovery . . . to jurisdictional" issues. *Bayer Healthcare, LLC v. Norbrook Lab'ys, Ltd.*, 2009 WL 959446, at *1 (E.D. Wis. Apr. 6, 2009) (denying plaintiff's motion to compel interrogatory responses that were not "reasonably calculated to lead to the discovery of admissible evidence relating to the issues" present in the court's order limiting discovery).

Regarding inventorship, "[a]n alleged joint inventor must show that he contributed significantly to the conception . . . or reduction to practice of *at least one claim*." *See Blue Gentian,*

---

[1]    Defendants note that Plaintiff's motion fails to include a ***separately filed*** certificate certifying the meet and confer as required under this Court's rules.

*LLC v. Tristar Prods. Inc.*, 70 F.4th 1351 (Fed. Cir. 2023). When the alleged co-inventor's contributions are included in the subject matter of a dependent claim, which need not have its own independent basis for novelty, it "suggests that it was a significant contribution[,]" necessitating joint inventor status. *See Bushberger v. Protecto Wrap Co.*, No. 07-CV-8, 2008 WL 725189, at *5 (E.D. Wis. Mar. 17, 2008). Whether or not that subject matter was also known in the art does not matter if the contribution is expressly recited in a claim. *Id.*

### B. Interrogatory No. 3 Seeks Information Beyond the Scope of this Court's Limited Discovery Order

Plaintiff alleges that Milestone "refuses to disclose which steps of the claimed methods, if any, they contend were well-known concepts and/or the current state of the art." ECF 24 at 3. The interrogatory, however, seeks the entirety of Milestone's invalidity case, which at this early stage of the litigation is not within the limited scope of discovery granted into the standing issue. Should Defendants motion be granted, any invalidity theory regarding §§ 101 or 112, for example, need not be developed. Standing is a gatekeeping issue, and must be determined before the parties expend unnecessary resources on a case that should not have been brought. *See Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005) ("Standing to sue is a threshold requirement in every federal action."). Milestone will provide its full invalidity contentions at a date consistent with the schedule that will govern this case; however, at this time no schedule has been entered.

Plaintiff seemingly knows that its interrogatory requests information that is distinct from an inquiry into the well-known concepts and current state of the art because Plaintiff, in its Interrogatory No. 1, separately requested Milestone to "explain how each alleged contribution was more than merely explaining well-known concepts and/or the current state of the art," an interrogatory that Milestone answered and a response that Plaintiff has not raised any issue with thus far. Dkt. 24 (Ex. B at 3-4). The fact that Mr. Whitley's contributions are included in claims

5 and 7 of the '243 patent, "suggests that [the contribution] was a significant contribution," as "the subject matter is presumed to be both novel and nonobvious under the presumption of validity established by 35 U.S.C. § 282." *Bushberger*, 2008 WL 725189, at *5.

Plaintiff relies on *Astellas Inst. for Regenerative Med. v. ImStem Biotech., Inc.* case, but in that case, the court actually ***granted*** Astellas' motion for summary judgment to add the alleged co-inventors on the patent when the evidence showed that the named inventor obtained subject matter from the alleged co-inventors and that subject matter "appears in Defendants' . . . patent." 458 F. Supp. 3d 95, 103-04 (D. Mass. Mar. 4, 2020). Unlike Mr. Whitley's contribution, the contribution in the *Astellas* case was not expressly claimed in the '551 patent of the *Astellas* case, so the case to add Mr. Whitley as an inventor is even stronger than in that case. Plaintiff also cites *Abbott Biotech. Ltd. v. Centocor Ortho Biotech, Inc.* in which the court denied the motion for summary judgment to add the alleged co-inventor to the patent. 458 F. Supp. 3d 163 (D. Mass. Apr. 16 2014). However, unlike Mr. Whitley's contributions, which are expressly found in the claims of the '243 patent, the unnamed co-inventor's "idea" in *Abbott* was not.

Further, Milestone has not filed an answer to the Complaint identifying its invalidity defenses, such that the scope of what would fall under the unreasonably broad scope of the interrogatory is not yet defined for this case. It is premature to seek discovery into the entirety of Milestone's invalidity case based on the limited discovery order. ECF No. 22. Milestone is still investigating the scope of its invalidity defense. As standing is a gate-keeping issue, Milestone should not be required to set forth the entirety of its invalidity case strategy before this threshold issue is decided.

III.    **CONCLUSION**

Milestone respectfully requests that this Court deny Plaintiff's Motion.

Dated:  December 6, 2023                      Respectfully submitted,

By:      */s/ Ketajh Brown*
         Ketajh Brown (Wis. Bar No. 1106210)
         ketajh.brown@klgates.com
         Devon Beane
         devon.beane@klgates.com
         Anna Rebekah Hill
         rebekah.hill@klgates.com
         **K&L GATES LLP**
         70 W. Madison Street
         Suite 3100
         Chicago, IL 60602
         Tel.: (312) 807-4439

         Erik Halverson
         erik.halverson@klgates.com
         **K&L GATES LLP**
         Four Embarcadero Center
         Suite 1200
         San Francisco, CA 94111

         *Attorneys for Defendants Milestone Bath*
         *Products Inc. and TightSeal LLC*

4