# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BCI ACRYLIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILESTONE BATH PRODUCTS, INC. d/b/a BELLASTONE BATH SYSTEMS and TIGHTSEAL LLC, <br><br> Defendants. | Case No. 23-CV-908-JPS <br><br><br> **ORDER** |

      Plaintiff BCI Acrylic, Inc. ("Plaintiff") sues Defendants Milestone Bath Products, Inc. d/b/a Bellastone Bath Systems and Tightseal LLC (collectively, "Defendants") for patent infringement. ECF No. 1. On October 2, 2023, the Court ordered the parties to conduct limited discovery on the issue of standing; specifically, on Defendants' contention that "Jeff Whitley is an unnamed co-inventor of the patent at issue . . . and [Plaintiff's] failure to include him as a plaintiff means . . . Plaintiff does not have standing to bring this case without the consent of all patentees." ECF No. 22; ECF No. 21 at 2. The Court reserved the issue of whether an inventorship challenge is properly a standing challenge for consideration alongside any motion to dismiss that would be filed. ECF No. 22.

      With respect to the limited discovery that the parties have been conducting on this issue, before the Court is Plaintiff's expedited motion to compel Defendants to disclose their anticipation and obviousness defenses, which Defendants oppose. ECF Nos. 24, 30. For the reasons set forth below, the Court will deny the motion.

1. **LEGAL STANDARD**

The Federal Rules of Civil Procedure make clear that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, these "broad parameters are restricted by [a court order] that limits discovery . . . to jurisdictional or pleading issues." *Bayer Healthcare, LLC v. Norbrook Lab'ys, Ltd.*, No. 08-C-0953, 2009 WL 959446, at *1 (E.D. Wis. Apr. 6, 2009).

2. **RELEVANT FACTS**

In early October, Plaintiff served Defendants with three interrogatories ostensibly tailored to the limited issue of standing. ECF No. 25-1. Interrogatory No. 1 requested, as relevant here, an explanation of how each of Jeff Whitley's ("Whitley") alleged contributions to the patent "was more than merely explaining well-known concepts and/or the current state of the art" and identification of "each claim and claim element to which Mr. Whitley allegedly contributed." *Id.* at 5. Interrogatory No. 3 requested, as relevant here, "all grounds of invalidity" for each claim of the patent that Defendants contend is invalid, identification of "each item of prior art that allegedly anticipates the claim or renders it obvious," combinations of items of prior art that render the claim obvious, and "a chart identifying where specifically in each alleged item of prior art each element of the claim is found." *Id.* at 5–6.

To Interrogatory No. 1, Defendants responded that Whitley contributed to at least claims 1, 5, and 7 of the patent. ECF No. 25-2 at 5. Further, Defendants stated that Whitley's "contributions were significant and more than merely well-known contributions because his contributions are included in at least independent claim 1 and dependent claims 5 and 7"

of the patent. *Id.* Defendants objected to Interrogatory No. 3 "as prematurely seeking information beyond the scope of the Court's order granting limited discovery solely on the issue of standing." *Id.* at 7. The parties met and conferred regarding Interrogatory No. 3, but they were unable to resolve their dispute without the Court's intervention. ECF No. 24 at 2.

**3. ANALYSIS**

To be a co-inventor, a person must "(1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) *do more than merely explain to the real inventors well-known concepts and/or the current state of the art*." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998) (citing *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997) and *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) (emphasis added)). Plaintiff appears to have drafted Interrogatory No. 1 to track these requirements. ECF No. 25-1 at 5.

In Interrogatory No. 3, Plaintiff seeks Defendants' anticipation and obviousness defenses, and a chart identifying where in each alleged item of prior art each element of each disputed claim is found, to avoid Defendants "hav[ing] their cake and eat[ing] it too." ECF No. 24 at 3. In other words, Plaintiff asserts that if Defendants will "contend that any of the claim elements . . . were well-known concepts or the state of the art at the time of the alleged invention," perhaps rendering the patent invalid on those bases, "then Defendants cannot contend that those same elements provide a basis for naming Jeff Whitley as inventor" for supplying contributions that were *not* well-known concepts or the state of the art at the time of the alleged

invention. *Id.* (citing *Abbott Biotech. Ltd. v. Centocor Ortho Biotech*, Inc., 35 F. Supp. 3d 163, 172–73 (D. Mass. 2014) and *Astellas Inst. for Regenerative Med. v. ImStem Biotechnology, Inc.*, 458 F. Supp. 3d 95, 103–04 (D. Mass. 2020)).

The case law supports Plaintiff's position. In *Astellas*, for example, the defendants sought to avoid summary judgment to add two alleged co-inventors to a patent on the basis that "any contributions made by [the alleged two co-inventors] were . . . public and thus prior art by the time the Defendants filed the application that gave rise to the [patent]." 458 F. Supp. 3d at 102–03 (citation and quotation marks omitted). The court recognized that this argument contradicted the defendants' prior position to the U.S. Patent and Trademark Office ("PTO") that "the provisional application filed by [one alleged co-inventor] . . . does not constitute prior art . . . ." *Id.* at 103 (citation and quotation marks omitted). The court held that the defendants must be bound by their prior representations to the PTO. *Id.* at 103–04. ("Where the Federal Circuit has held that a party cannot claim something as prior art and later recant this position, the opposite must also hold true.") (collecting cases).

Nonetheless, the Court agrees with Defendants that "[i[t is premature to seek discovery into the entirety of [their] invalidity case based on the limited discovery order." ECF No. 30 at 5 (citing ECF No. 22). Interrogatory No. 1 adequately seeks the information that Plaintiff requires as to the inventorship inquiry. Accordingly, the Court sees no basis at this time to grant the motion to compel, and it will be denied without prejudice.

However, although the Court is constrained to deny the motion to compel for seeking discovery beyond the issue of inventorship, *Astellas* as well as the filings before the Court require the Court to set boundaries should this issue be raised in the invalidity context. To begin, from the

limited arguments before the Court, the Court is puzzled by Defendants' reliance on *Bushberger v. Proteco Wrap Co.*, No. 07-CV-8-JPS, 2008 WL 725189 (E.D. Wis. Mar. 17, 2008) as it pertains to the instant discovery dispute. In *Bushberger*, this Court held, with respect to an argument that an alleged co-inventor's contributions to a patent were "merely obvious material selections, not deserving of joint inventor status," that the fact that the named inventor "included the subject matter of [the disputed claim] in the . . . patent suggests that it was a significant contribution and, more importantly, that subject matter is presumed to be both novel and nonobvious under the presumption of validity established by 35 U.S.C. § 282." *Id.* at *5.

Defendants aver that Whitley contributed to "at least independent claim 1 and dependent claims 5 and 7" of the patent. ECF No. 25-2 at 5. Defendants cited *Bushberger* in an email to Plaintiff to support the position that "a contribution to subject matter in a dependent claim, which need not have its own independent basis for novelty, is a contribution necessitating joint inventor status . . . ." ECF No. 25-3 at 3. In their response to the motion to compel, Defendants cite *Bushberger* for the same proposition, and they further assert that "[w]hether or not that subject matter was also known in the art does not matter if the contribution is expressly recited in a claim." ECF No. 30 at 4.

To the extent that Defendants cite *Bushberger* to support that they may avoid the issue of whether the subject matter was known in the art in the inventorship context (perhaps indicating that they will still raise novelty and obviousness in the invalidity context) because express recitation in the patent is dispositive of that issue, *Bushberger* did not state so broad a holding. The Court held that, within the factual circumstances of the

*Bushberger* case, the plaintiff had not met its burden of overcoming the presumption of novelty and nonobviousness set forth in § 282, particularly given that—as the *Astellas* court holds—the issues of novelty and obviousness in the invalidity context are intertwined with the required inquiry in the inventorship context. 2008 WL 725189 at *5. The Court did not hold that express recitation of the subject matter in the claim is dispositive of whether the subject matter was known in the art or whether the alleged co-inventor's contribution was significant. Nor does other case law support that conclusion. *See, e.g.*, *Nartron Corp. v. Schukra U.S.A. Inc.*, 558 F.3d 1352, 1355–58 (Fed. Cir. 2009) ("extender for a lumbar support adjustor" was expressly recited in the disputed claim but still found to be insignificant and well known in the current state of the art).

Therefore, in accordance with *Astellas*, should Defendants later argue issues of novelty and obviousness as part of their invalidity case, the Court will entertain an estoppel argument (or the like) from Plaintiff, should such an argument be appropriate, keeping in mind that the inquiry as to novelty and obviousness in the inventorship and invalidity contexts may differ as to dependent claims. *Compare, e.g.*, *Hartness Int'l Inc. v. Simplimatic Eng'g Co.*, 819 F.2d 1100, 1108 (Fed. Cir. 1987) (as to validity, dependent claim was "nonobvious (and novel)" if independent claim was nonobvious and novel because dependent claim "contained all the limitations of [the independent claim] plus a further limitation"), *with BearBox LLC v. Lancium LLC*, No. 21-534, 2023 WL 2367390, at *20 (D. Del. Mar. 6, 2023) (analyzing limitations added to dependent claims for whether alleged co-inventor's contribution was well known in the prior art).

4.  **CONCLUSION**

On the terms set forth above, the Court denies without prejudice Plaintiff's motion to compel Defendants to disclose their anticipation and obviousness defenses.

Accordingly,

**IT IS ORDERED** that Plaintiff BCI Acrylic, Inc.'s motion to compel Defendants Milestone Bath Products, Inc. d/b/a Bellastone Bath Systems and Tightseal LLC to disclose their anticipation and obviousness defenses, ECF No. 24, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge