UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BCI ACRYLIC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:23-cv-00908-JPS |
| v. | ) |
| | ) Hon. Judge J.P. Stadtmueller |
| MILESTONE BATH PRODUCTS, INC. | ) |
| *d/b/a* BELLASTONE BATH SYSTEMS | ) |
| and TIGHTSEAL LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
<u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

## TABLE OF CONTENTS

I. ARGUMENT ........................................................................................................................ 1

    A. Inventorship May Be Resolved on a Pre-Answer Motion to Dismiss ............................. 1

    B. This Court Can Resolve Factual Issues Including Sufficiency of Corroborating Evidence and Witness Credibility on a Motion to Dismiss for Lack of Standing .............................. 3

    C. Milestone Has Submitted Sufficient Evidence Corroborating Mr. Whitley's Deposition Testimony Confirming that Mr. Whitley is a Co-Inventor of the '243 Patent ................... 7

    D. Mr. Whitley is a Credible Witness and is Not an Interested Party .................................. 9

    E. Milestone's Motion Regarding Inventorship Should Not Preclude Any Theory of Invalidity ........................................................................................................................ 11

    F. BCI's Opposition Brief Fails to Comply with This Court's Pretrial Procedures Order For Civil Cases Pending Before U.S. District Judge J.P. Stadtmueller .................................. 11

II. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
  No. 2:15-cv-1455-WCB, 2017 WL 11572810 (E.D. Tex. Aug. 3, 2017) ............................. 2, 4

*Bushberger v. Protecto Wrap Co*,
  No. 07-CV-8, 2008 WL 725189 (E.D. Wis. Mar. 17, 2008) ................................................. 6, 7

*Drone Techs., Inc. v. Parrot S.A.*,
  838 F.3d 1283 (Fed. Cir. 2016) ................................................................................................ 2

*Ethicon, Inc. v. U.S. Surgical Corp.*,
  135 F.3d 1456 (Fed. Cir. 1998) ........................................................................................ 3, 4, 6

*HIP, Inc. v. Hormel Foods Corp.*,
  66 F.4th 1346 (Fed. Cir. 2023) ................................................................................................. 6

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*,
  68 F. Supp. 2d 494 (D.N.J. Oct. 7, 1999) ................................................................................. 5

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*,
  No. 97-1568-(JAG), 2007 WL 979854 (D.N.J. Mar. 30, 2007) ............................................... 5

*Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*,
  264 F. Supp. 2d 631 (N.D. Ill. Mar. 31, 2003) ..................................................................... 5, 6

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
  320 F.3d 1354 (Fed. Cir. 2003) ................................................................................................ 2

*VP Sales Mfg., L.P. v. Guerra*,
  No. 2:22-CV-00224, 2023 WL 8000315 (S.D. Tex. Oct. 20, 2023) ....................................... 11

**Statutes**

35 U.S.C. § 256(a) ........................................................................................................................ 3

35 U.S.C. § 282 ............................................................................................................................. 7

**Other Authorities**

Fed. R. Civ. P. 8(b)(3) ................................................................................................................. 11

I.  ARGUMENT

BCI's Opposition (ECF No. 32 ("Opposition")) fails to undermine Milestone's arguments regarding Mr. Whitley's status as an unnamed inventor. As Mr. Whitley is not a party to this case, declines to be joined, and cannot be forced to join, this case must be dismissed as BCI does not have standing to proceed without the consent of all entities having an ownership interest in the '243 patent.

Mr. Domanico plainly believes he is the sole inventor; however, his personal belief as to what it means to be an inventor does not undercut Mr. Whitley's corroborated testimony that he jointly contributed to the subject matter of at least claims 5 and 7 of the '243 patent. Moreover, Mr. Whitley's testimony is confirmed by Mr. Domanico's admissions that the meeting that Mr. Whitley identified as occurring in advance of the 2014 email did actually happen, contrary to BCI's unsupported attorney argument.

The unrebutted and corroborated evidence confirms that, prior to the 2014 email, Mr. Whitley and Mr. Domanico had a meeting to discuss their CNC routed tile pattern ideas, and Mr. Whitley plainly provided Mr. Domanico with the explicit subject matter of claims 5 and 7 of the '243 patent. Mr. Whitley is, therefore, an inventor of the '243 patent and, absent his inclusion as a plaintiff (which he declines), this case must be dismissed.

A.  **Inventorship May Be Resolved on a Pre-Answer Motion to Dismiss**

Contrary to its argument that the issue of standing cannot be raised at this time, BCI's opposition concedes that an inventorship challenge is properly a standing challenge. *See* Opposition at 7-8 ("in order to obtain dismissal of the suit for **lack of standing**, defendant[s] therefore must overcome . . . [the] presumption [that inventorship is facially proper] and meet the accompanying burden of proof by showing incorrect inventorship by clear and convincing

evidence.")[1]; *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 11572810, at *7 (E.D. Tex. Aug. 3, 2017). "It is well settled that questions of standing can be raised at any time[,]" including on a pre-answer motion to dismiss. *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1293 (Fed. Cir. 2016); *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003) ("It is well-established that any party, and even the court *sua sponte*, can raise the issue of standing for the first time at ***any*** stage of the litigation . . . ."). Milestone has properly challenged the inventorship of the '243 patent in its motion to dismiss the Complaint for lack of standing (ECF No. 27), and, based on the corroborated testimony and evidence, this Court should grant Milestone's motion to dismiss.

BCI erroneously argues "that the Court should not reach the merits of Defendants' inventorship defense at this time because Defendants have not taken any steps to correct the inventorship of the '243 patent." Opposition at 4. Specifically, BCI contends that *Drone Technologies* stands for the proposition that "[i]f Defendants wish to correct the inventorship of the '243 patent, they need to answer the Complaint and then plead and litigate a proper claim under § 256." Opposition at 6.

*Drone Technologies* does not impose as rigid of a requirement as BCI would lead this Court to believe. Rather, the court in *Drone Technologies* held that "***in this case***" the proper approach is to "presume that Ms. Lee is correctly named as the sole inventor" because the defendants "failed to advance a persuasive reason for not accepting this presumption at this stage of litigation." *Drone Techs.*, 838 F.3d at 1292. Here, there is ample corroborated evidence to the contrary regarding Mr. Whitley's contributions.[2]

---

[1] All emphasis added unless otherwise noted.

[2] BCI alleges that Mr. Whitley's contributions are "well-known" but provides no evidence of any prior art that indicates that is the case. BCI is plainly trying to paint with a two-sided

Milestone's motion seeks dismissal of the Complaint for lack of standing. It does not seek to correct the inventorship.[3] To the extent this Court finds Mr. Whitley a co-inventor of the '243 patent, potential next steps include ordering the United States Patent and Trademark Office ("USPTO") to identify Mr. Whitley as an inventor or simply dismissing the lawsuit with prejudice to allow the proper owners of the '243 patent the opportunity to correct the inventorship with the USPTO. However, these put the cart before the horse as, before any action to correct inventorship can occur, there must be a finding that—as Milestone's motion explains—Mr. Whitley is an inventor of at least one claim of the '243 patent, a finding that would preclude BCI's ability to maintain this litigation in the absence of Mr. Whitley's consent.

### B. This Court Can Resolve Factual Issues Including Sufficiency of Corroborating Evidence and Witness Credibility on a Motion to Dismiss for Lack of Standing

BCI's assertion that "the court or a jury would need to make credibility determinations that cannot be made at this state of the proceeding" regarding the Whitley and Domanico conflicting deposition testimony is legally incorrect. Opposition at 19. BCI correctly stated that "[w]hether Mr. Whitley's 'testimony has been sufficiently corroborated is evaluated under a "rule of reason analysis," but BCI failed to address the *Ethicon* case—cited extensively in Milestone's motion to dismiss—which establishes that "under the 'rule of reason' standard for corroborating evidence . . . ***the trial court*** must consider corroborating evidence in context, make necessary credibility determinations, and assign appropriate probative weight to the evidence to determine whether clear

---

brush, and argue on the one hand that Mr. Whitley's contributions were routine, but on the other hand preserve the validity of its claims by not identifying any prior art that demonstrates those contributions were well-known at the time of the invention.

[3] To the extent that BCI agrees to sign on the 35 U.S.C. § 256 motion, Milestone will withdraw its motion to dismiss and make such a joint application to the Director of the USPTO. However, on the meet and confer process that led to this Milestone's motion, BCI explained it believed the inventorship to be correct, such that a § 256 motion would be futile absent a court order. *See* 35 U.S.C. § 256(a) ("on application of **all** the parties and assignees").

and convincing evidence supports a claim of co-inventorship." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1464 (Fed. Cir. 1998) ("[A]fter full consideration of the relevant evidence, the district court determined that Choi conceived part of the invention recited in claim 33. This court detects no cause to reverse this determination."). This Court can, and must, make credibility determinations at this stage of the proceedings under the "rule of reason analysis." *Id.* ("[A]n evaluation of *all* pertinent evidence must be made so that a sound determination of the credibility of the [alleged] inventor's story may be reached.") (emphasis in original). It is entirely proper for this Court to make these determinations.

Whether sufficient evidence exists to establish incorrect inventorship by clear and convincing evidence is a case-specific inquiry that this Court can determine on a motion to dismiss. BCI relies on *Allergan* (Opposition at 16-17), but in *Allergan*, the court did not hold that it was prohibited from considering the deposition testimony regarding the inventorship challenge as BCI suggests. Opposition at 16. Rather it concluded that the "evidence adduced by the defendants at this point is insufficient to overcome the presumption of correct inventorship." *Allergan*, 2017 WL 11572810, at *12. Notably, in *Allergan*, the allegedly ommitted co-inventor had previously entered into an employment contract that would have obligated the alleged co-inventor to assign her rights in the patent to Allergan. *Id.* at *11. Therefore, the court reasoned that "even if the defendants are correct that Dr. Ding should have been named as a joint inventor," the fact that "the employment contract would have the legal effect of assigning her interests in the patent to Allergan [and] [t]he defendants pointed to no other reason to question Allergan's entitlement to any rights in the patents," the defendants did not show that Allergan lacks standing. *Id.* Conversely, Mr. Whitley, as an unnamed inventor, has not assigned his rights and has not consented to be a plaintiff

4

in this case (nor can he be compulsorily joined), such that BCI cannot bring this case as it does not have full right and title.

BCI relies on *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.* for the proposition that "where the testimony of the inventor listed in the patent application was inconsistent on the question of inventorship" the Court should not resolve the factual issues on a pretrial dismissal. 68 F. Supp. 2d 494 (D.N.J. Oct. 7, 1999) ("*M. Eagles I*"); Opposition at 16-17. In *M. Eagles I*, the plaintiff, S & G, sought a declaratory judgment of noninfringement, and moved for summary judgment declaring the patent invalid based on lack of inventorship. The court denied the DJ Plaintiff's motion for summary judgment on the grounds that the DJ Plaintiff failed to establish improper inventorship by clear and convincing evidence. *M. Eagles I*, 68 F. Supp. 2d at 501. *M. Eagles I* was reversed and remanded on appeal, and the district court ultimately **granted** the defendants' motion for summary judgment of validity because the proper inquiry is "whether S & G has adduced sufficient evidence to create a triable issue of fact as to invalidity," and "not whether S & G has established invalidity by clear and convincing evidence[.]" *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, No. 97-1568-(JAG), 2007 WL 979854, at *14 n.9 (D.N.J. Mar. 30, 2007) ("*M. Eagles II*"). Milestone provides unrebutted sworn testimony; the only evidence that BCI provides in support of its opposition is one witness's uncorroborated testimony (just like *M. Eagles I* and *II*); the court in *M. Eagles II* reasoned that "uncorroborated testimony, without more, is insufficient to create a triable issue of fact as to inventorship." *Id.* at 14.

In *National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, another declaratory judgment action, the court considered, and denied, the DJ Plaintiff's motion for summary judgment of invalidity when the defendants provided corroborating evidence that the named inventor independently conceived of the patented invention, but the plaintiffs provided contrary

corroborating evidence suggesting that the named inventor obtained the idea from someone else. 264 F. Supp. 2d 631, 640-41 (N.D. Ill. Mar. 31, 2003). The court reasoned that "[b]ecause there is a genuine issue of material fact considering whether [the named inventor] conceived of [the invention] independently before running across the . . . design" from someone else, the plaintiffs were not entitled to summary judgment of invalidity. Notably, the court cited *M. Eagles I*—which was later reversed and remanded—as support for this holding. *Id.* at 641. In *National Diamond Syndicate*, the court was precluded from granting summary judgment because a genuine issue of material fact existed. *Id.* at 634. In the present case, there is no genuine issue of material fact as Milestone is the only party that has provided corroborated evidence. Regardless, Milestone is seeking dismissal of the suit for lack of standing, and it is proper for the Court to weigh the evidence in making its determination. *Ethicon*, 135 F.3d at 1464.

BCI's assertion that Milestone "do[es] not even attempt to show that Mr. Whitley's contribution satisfies th[e] three-pronged test" as set forth in *HIP, Inc. v. Hormel Foods Corp.* is misguided. Opposition at 17; 66 F.4th 1346 (Fed. Cir. 2023). Although in *HIP, Inc. v. Hormel Foods Corp.*, "[t]he parties . . . frame[d] their arguments using the three-part test," *id.* at 1350, there is no basis to mandate this three-prong test as the only way of establishing joint inventorship. *Id.* ("**The parties here** frame their arguments using the three-part test . . . ."). Nevertheless, as set forth in Milestone's opening brief, Mr. Whitley's contributions, which can be found in at least claims 5 and 7, are a significant contribution that meets all three prongs of the *HIP* test. *Bushberger v. Protecto Wrap Co*, No. 07-CV-8, 2008 WL 725189, at *5 (E.D. Wis. Mar. 17, 2008) ("the fact that [Plaintiff] included the subject matter of claim 7 in the '679 patent suggests that it was a significant contribution"); ECF No. 27 at 8-10. Indeed, these significant contributions were expressly used during prosecution to attempt to distinguish the prior art. *Id.* BCI wrongly argues

that even if Mr. Whitley should get credit for contributing the subject matter of claims 5 and 7, "Defendants have not shown that Mr. Whitley did more than identify well known facts or the state of the art." ECF No. 32 at 4. However, "the subject matter [of claims 5 and 7] is presumed to be both novel and nonobvious under the presumption of validity established by 35 U.S.C. § 282." *Bushberger*, 2008 WL 725189, at *5; 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims."). BCI has not provided any evidence to overcome the presumption of validity established by § 282 and BCI's own prosecution establishes that it believes the subject matter of these claims contributes to the novelty of the invention of the '243 patent.

Finally, if Mr. Whitley is found to be a co-inventor, that *is* dispositive of standing, contrary to BCI's assertion otherwise. ECF No. 32 at 20. And, BCI seemingly admits that it lacks standing by claiming that "Even if Mr. Whitley Is A Named Inventor, Plaintiffs [sic] Have Not Established Ownership . . . ." ECF No. 32 at 20. Assuming the use of "Plaintiffs" is a typo and not an admission of BCI's lack of ownership, BCI's final argument also fails. If Mr. Whitley is found to be a co-inventor of the '243 patent, he "enjoys a presumption of ownership to the entire patent," and his refusal to join as a plaintiff means that BCI lacks full right and title in the '243 patent to maintain this case. BCI's argument that Milestone allegedly has "not established if Mr. Whitley is obligated to assign his rights in the '243 patent to some other entity" (ECF No. 32 at 20), is unrelated to the question of standing, but rather relates to a currently un-pled license defense.

### C. Milestone Has Submitted Sufficient Evidence Corroborating Mr. Whitley's Deposition Testimony Confirming that Mr. Whitley is a Co-Inventor of the '243 Patent

7

BCI attempts to cast doubt on Mr. Whitley's claim that he told Mr. Domanico to use shallow, rounded grout lines at a meeting prior to the November 2014[4] Email (ECF No. 27-2, ¶ 7), by arguing that if a meeting occurred, "one would expect [Mr. Whitley] to have mentioned it in the 2014 Email by saying, "As I mentioned previously" or "As we discussed at our previous meeting." Opposition at 11. BCI also contends that it finds it troubling that there was not an email to schedule the meeting. *Id.* However, BCI's argument disregards Mr. Whitley's testimony that he and Mr. Domanico typically communicated via a phone call rather than over email. Ex. 1 at 38:14-15 ("Mark is not much for email, or texting for that matter."); *id.* at 44:5 ("Mark is often one to just phonecall."). BCI also ignores the fact that, in response to Milestone's document requests, the only documents it provided were 1) the patent and 2) two assignments. While it purports to disparage the state of documents in this case, its own production demonstrates that this case does not have extensive documentation.

It is entirely reasonable for a person to send a gentle reminder of a prior conversation without making the receiving party feel as if the topic has been raised before, in particular where there is an ongoing development and business relationship. BCI wrongly argues that "the more likely explanation is that there was no such discussion before Nov. 4[,]" regarding Mr. Whitley's contributions. However, this argument also disregards Mr. Domanico's testimony that he met with Mr. Whitley before the November 4, 2014, email was sent, and he admitted that the invention was discussed in advance of the email. ECF No. 27-3 at 141:15-24 (Q: Did Mr. Whitley tell you

---

[4] Milestone inadvertently indicated that the provisional application was filed in 2014; it was filed on February 18, 2015. ECF No. 27 at 9. This typographical error does not undermine the fact that in 2014 Mr. Whitley and Mr. Domanico met, discussed their invention, and there was follow-up email communication. Milestone's point was simply that the subject matter of claims 5 and 7 of the '243 patent was added to the non-provisional patent application after Mr. Whitley made his suggestions to Mr. Domanico; the claims are still reasonably attributable to Mr. Whitley's contribution.

anything you didn't already know in his November 4, 2014 email? A: The email? Well I saw him right before this, and we talked about the product, and I don't remember talking -- the truth? I don't remember talking to him about this. I'm sure looking at this letter, he did, but I was so busy at the time, this came later."). Contrary to BCI's argument, there *was* an in-person meeting in advance of the email being sent, entirely consistent with Mr. Whitley's testimony, and the existence of this meeting was confirmed by both witnesses.

### D. Mr. Whitley is a Credible Witness and is Not an Interested Party

Despite BCI's allegation that Mr. Whitley "struggles with the truth" (Opposition at 16), BCI's arguments regarding Mr. Whitley's credibility are reaching.[5] BCI claims that it is "telling" that Mr. Whitley has been "silen[t] in the face of the '243 patent." Not so. Immediately after Mr. Whitley, Milestone, and Milestone's counsel became aware of the '243 patent in 2020, Milestone responded to BCI's then-counsel explaining that Mr. Whitley was a co-inventor. ECF No. 27-2 at 14-15. BCI did not respond and Milestone considered the matter closed. *Id.*

Contrary to BCI's allegation that "Mr. Whitley is highly biased" (Opposition at 15), at most he is a minimally interested party. Mr. Whitley is the *former* CEO of Milestone Bath. Ex. 1 at 16:18-17:1. Mr. Whitley never owned Milestone Bath Products—his wife did—and she sold her interest in the company in 2022 before this case was ever filed. *Id.* at 16:6-11, 17:4. Mr.

---

5 Milestone is not inclined to respond to BCI's numerous character attacks of Mr. Whitley, that BCI itself admits "have no bearing on inventorship," (ECF No. 32 at 17), including BCI's accusation that Mr. Whitley "put very little effort into verifying the accuracy of the statements in his declaration[,]" *id.*, when he mistakenly stated in his declaration that Luxury Bath Liners was located in Libertyville, IL (ECF No. 27-2, ⁋ 6), when it was actually located in Glendale Heights, IL (note that it is currently located in Libertyville, IL: https://www.luxurybath.com/contact-us/). ECF No. 32 at 17. Or BCI's accusation—bordering libel—that "Mr. Whitley would have been content to lie about his communications with Mr. Domanico had BCI not separately obtained a copy of that declaration from Mr. Domanico and confronted Mr. Whitley with it." ECF No. 32 at 13.

Whitley is not a party to this suit, and contrary to BCI's contention, hardly does he "ha[ve] a lot at stake in this dispute[]." Opposition at 15.

BCI accuses Mr. Whitley of "shading the truth" by allegedly "misleadingly suggest[ing] that he developed the claimed invention in collaboration with a company named Optima before his discussions with Mark Domanico." ECF. No. 32 at 16. According to BCI, "Mr. Whitley admitted during his deposition that the Optima process was simply the process that Mr. Domanico developed and disclosed to Mr. Whitley." *Id.* at 16-17. Mr. Whitley's testimony made no such admission:

- "Q: When did work with Optima on creating a simulated tule pattern using a CNC machine begin?
  A: Sometime in 2014.
  Q: Where did the idea to create a simulated tile pattern using a CNC machine come from?
  A: That came from ***my work with Mark Domanico***." Ex. 1 at 25:18-23.
- "Q: Did Optima come up with the idea to use a CNC machine to create simulated grout lines? A: No." *Id.* at 26:21-23.
- "Q: And was -- was this the process that Mr. Domanico had described for you?
  A: Yes, this is the -- the same project that ***Mark and I were working on to try to create this different tile pattern***." *Id.* at 74:12-16.

BCI's attempts to disparage the credibility of Mr. Whitley cannot be reconciled with the corroborating evidence confirming that Mr. Whitley is a co-inventor of the '243 patent. Importantly, during his deposition, Mr. Domanico also corroborated Mr. Whitley's testimony regarding the pre-email communication that BCI's counsel bases its argument on. ECF No. 27-3 at 141:15-24 ("I saw him right before this"). As discussed above, Mr. Domanico confirmed that

he and Mr. Whitley discussed the invention in a meeting prior to the 2014 email being sent, exactly as Mr. Whitley testified and BCI's Opposition ignores. *Id.*

### E. Milestone's Motion Regarding Inventorship Should Not Preclude Any Theory of Invalidity

Under Federal Rule of Civil Procedure 8(b)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(b)(3). In *VP Sales & Manufacturing, L.P. v. Guerra*, the court determined that the plaintiff has standing to seek correction of inventorship of the patent *and* also to assert that its own potential patent is invalid under the "on-sale bar," to the extent the inventorship correction efforts are unsuccessful. No. 2:22-CV-00224, 2023 WL 8000315, at *1 (S.D. Tex. Oct. 20, 2023). The magistrate judge held that even though the invalidity claim appears "jarring to the naked eye," the federal court nonetheless had jurisdiction to hear both claims. *Id.* at *6-*7.

### F. BCI's Opposition Brief Fails to Comply with This Court's Pretrial Procedures Order For Civil Cases Pending Before U.S. District Judge J.P. Stadtmueller

Pursuant to the Court's rule that parties are not permitted to include a fact section in motions to dismiss or other Rule 12 briefings (ECF No. 7 at 4), this Court should disregard Section I ("Background") of BCI's opposition. This Court instructs parties to omit a fact section from Rule 12 briefings, but if jurisdictional facts are in dispute, each party "may submit a set of itemized disputed facts[]" that "may not exceed one (1) page per party." ECF No. 7 at 4. Despite acknowledging the Court's rule, BCI nonetheless provides a fact section that spans three pages in its Opposition (Opposition at 5-7), and requests that the Court "consider [its] brief background in response to Defendants'" statement of disputed facts (Ex. I). Opposition at 5. To the extent BCI claims that Milestone's statement of disputed facts (Ex. I) "are not itemized per the Court's instructions," *id.*, and therefore this Court should consider BCI's procedurally deficient background section, Milestone disagrees. In accordance with this Court's rules, Milestone

11

"submit[ted] a set of itemized disputed facts" that did "not exceed one (1) page . . . ." Ex. I. BCI does not explain how Milestone's statement of disputed facts are allegedly "not itemized per the Court's instructions," and Milestone believes that it has conformed to the Court's rules.[6] In its opposition, BCI intentionally disregards the Court's rules by including a factual Background spanning three pages, and this Court should disregard Section I of BCI's opposition.

Additionally, BCI's opposition cites eleven cases, which conflicts with the Court's rule that prohibits a party from citing more than ten cases. ECF No. 7 at 6 ("Briefs in support of, or in opposition to, motions to dismiss and/or motions under Rule 12 should cite no more than ten (10) cases per cause of action or defense.").

## II. CONCLUSION

As fully shown above and in Milestone's motion (ECF No. 27), this Court should grant Milestone's motion to dismiss the Complaint for lack of standing as Mr. Whitley should have been named as an inventor of the '243 patent and was not, and Mr. Whitley is not a plaintiff to this action, such that BCI has not included all necessary plaintiffs.

Dated: January 5, 2024   Respectfully submitted,

By: */s/ Ketajh Brown*
Ketajh Brown (Wis. Bar No. 1106210)
ketajh.brown@klgates.com
Devon Beane
devon.beane@klgates.com
A. Rebekah Hill
rebekah.hill@klgates.com
**K&L GATES LLP**

---

[6] Unlike the Court's rules regarding motions for summary judgment, which require the parties to "submit a single, itemized statement of disputed facts, written in *list* form," ECF No. 7 at 9 (emphasis in original), the rules regarding motions to dismiss and other Rule 12 motions do not require the disputed facts to be "written in *list* form." *Id.* at 2-6.

70 W. Madison Street
Suite 3100
Chicago, IL 60602
Tel.: (312) 807-4439

Erik Halverson
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111

*Attorneys for Defendants Milestone Bath Products Inc. and TightSeal LLC*