UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BCI ACRYLIC, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MILESTONE BATH PRODUCTS, INC. ) <br> *d/b/a* BELLASTONE BATH SYSTEMS ) <br> and TIGHTSEAL LLC, ) <br> ) <br> Defendants. ) | Case No. 2:23-CV-908-JPS <br><br> Hon. Judge J.P. Stadtmueller |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS
## TO BCI ACRYLIC, INC.'S COMPLAINT

Defendants' Milestone Bath Products, Inc. and TightSeal LLC (collectively, "Milestone"), by and through its undersigned attorneys, hereby respond to Plaintiff BCI Acrylic, Inc.'s ("BCI") Complaint (Dkt. No. 1) with the following Answer, Affirmative Defenses, and Counterclaims.

### THE PARTIES

1. Milestone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and therefore denies them.

2. Milestone admits that it is a corporation organized and existing under the laws of Ontario, Canada. Milestone admits that it has a principal place of business at 161 College St. W. Belleville, ON, K8P, 2G7, Canada.

3. Milestone denies that TightSeal LLC is a corporation organized and existing under the laws of the State of Wisconsin, but Milestone admits that TightSeal LLC is a limited liability company organized under the laws of Wisconsin with a regular and established principal place of business at 16227 W Ryerson Road, New Berlin, WI 53151.

## NATURE OF THE ACTION

4. Milestone admits that this is a civil action for patent infringement.

## JURISDICTION AND VENUE

5. Milestone admits that this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Milestone admits that this Court has personal jurisdiction over Milestone Bath Products, Inc. Except as expressly admitted, any factual allegations of this paragraph are denied.

7. Milestone admits that this Court has personal jurisdiction over TightSeal LLC. Except as expressly admitted, any factual allegations of this paragraph are denied.

8. Milestone admits that venue is proper in this District. Except as expressly admitted, any factual allegations of this paragraph are denied.

## FACTUAL BACKGROUND

9. Milestone admits that Exhibit 1 to the Complaint appears, on its face, to be a copy of United States Patent No. 10,144,243 ("the '243 patent"). Milestone lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9, and therefore denies those allegations.

10. Milestone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10, and therefore denies those allegations.

11. Milestone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11, and therefore denies those allegations.

12. Milestone admits that Exhibit 2 of the Complaint appears, on its face, to show the BellaStone "Illusion Series" in a product brochure. Milestone lacks sufficient knowledge or

information sufficient to form a belief about the truth of the remaining allegations of paragraph 12.

13. Milestone lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13, and therefore denies those allegations.

## COUNT I- PATENT INFRINGEMENT (MILESTONE)

14. Milestone incorporates the response for paragraphs 1–13 of this Answer as if fully restated.

15. Milestone Bath Products, Inc. denies the allegations set out in paragraph 15. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15, and therefore denies those allegations.

16. Milestone Bath Products, Inc. denies the allegations set out in paragraph 16. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16, and therefore denies those allegations.

17. Milestone Bath Products, Inc. denies the allegations set out in paragraph 17. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17, and therefore denies those allegations.

18. Milestone Bath Products, Inc. denies the allegations set out in paragraph 18. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18, and therefore denies those allegations.

19. Milestone Bath Products, Inc. denies the allegations set out in paragraph 19. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19, and therefore denies those allegations.

20. Milestone Bath Products, Inc. denies the allegations set out in paragraph 20. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20, and therefore denies those allegations.

21. Milestone Bath Products, Inc. denies the allegations set out in paragraph 21. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21, and therefore denies those allegations.

22. Milestone Bath Products, Inc. denies the allegations set out in paragraph 22. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22, and therefore denies those allegations.

23. Milestone Bath Products, Inc. denies the allegations set out in paragraph 23. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23, and therefore denies those allegations.

## COUNT II - PATENT INFRINGEMENT (TIGHTSEAL)

24. Milestone incorporates by reference the response for paragraphs 1–23 of this Answer as if fully restated.

25. TightSeal LLC denies the allegations set out in paragraph 25. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25, and therefore denies those allegations.

26. TightSeal LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations set out in paragraph 26, and therefore denies those allegations. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26, and therefore denies those allegations.

27. TightSeal LLC denies the allegations set out in paragraph 27. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27, and therefore denies those allegations.

28. TightSeal LLC denies the allegations set out in paragraph 28. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28, and therefore denies those allegations.

29. TightSeal LLC denies the allegations set out in paragraph 29. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29, and therefore denies those allegations.

30. TightSeal LLC denies the allegations set out in paragraph 30. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30, and therefore denies those allegations.

31. TightSeal LLC denies the allegations set out in paragraph 31. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31, and therefore denies those allegations.

32. TightSeal LLC denies the allegations set out in paragraph 32. Milestone Bath Products, Inc. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32, and therefore denies those allegations.

## **PRAYER FOR RELIEF**

The allegations that form BCI's prayer for relief do not require Milestone to specifically admit or deny such allegations. However, to the extent a response is required and/or proper, Milestone denies that BCI is entitled to any judgment against Milestone and/or an order granting relief in any of the forms requested in parts (a)–(f).

## JURY DEMAND

Milestone requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, Milestone alleges and asserts the following affirmative defenses in response to the allegations by BCI. Milestone reserves the right to amend and/or supplement its defenses consistent with the facts discovered in this case.

## FIRST DEFENSE

Milestone has not infringed (either individually or jointly), directly or indirectly, or induced the infringement of any valid, enforceable claim of the '243 patent, literally or under the doctrine of equivalents. As has already been articulated to BCI, that Milestone does not "select[]a first sheet of acrylic material **based on** the first set of tile pattern characteristics," as is required by the sole independent claim of the '243 patent.

## SECOND DEFENSE

Each asserted claim of the '243 patent is invalid because they are anticipated and/or rendered obvious by prior art references, or otherwise fail to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112. Additionally, the '243 patent is invalid under 35 U.S.C. § 101, including as not properly identifying the correct inventors.

## THIRD DEFENSE

To the extent that BCI asserts that Milestone indirectly infringes, such as by inducing others to infringe, Milestone is not liable to BCI for the acts alleged to have been performed before Milestone knew that its actions would cause the alleged indirect infringement.

## FOURTH DEFENSE

BCI's Complaint fails to state a claim of direct infringement upon which relief can be granted because, among other things, BCI has not stated a plausible allegation that a substantial likelihood exists that the Accused Products are made by the method claimed in the '243 patent as required by 35 U.S.C. § 295. As has already been articulated to BCI, that Milestone does not "select[]a first sheet of acrylic material **based on** the first set of tile pattern characteristics," as is required by the sole independent claim of the '243 patent.

## FIFTH DEFENSE

Milestone has engaged in all relevant activities in good faith, thereby precluding BCI, even if it prevails, from proving that this is an exceptional case justifying a recovery of its attorneys' fees and/or costs under 35 U.S.C. § 285.

## MILESTONE'S COUNTERCLAIMS

Milestone incorporates herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against BCI and upon information and belief, Milestone states as follows:

## NATURE OF THE ACTION

1. Milestone Bath Products, Inc. is a corporation organized and existing under the laws of Ontario, Canada. Milestone has a principal place of business at 161 College St. W. Belleville, ON, K8P, 2G7, Canada.

2. TightSeal LLC is a limited liability company organized under the laws of Wisconsin with a regular and established principal place of business at 16227 W Ryerson Road, New Berlin, WI 53151.

3. Upon information and belief, based solely on paragraph 1 of the Complaint as pled by BCI, Counterclaim Defendant BCI is a corporation organized and existing under the laws of the State of Illinois and has a place of business at 1800 Industrial Drive, Libertyville, Illinois 60048.

4. According to the Complaint, BCI claims to be the owner of the '243 patent.

5. BCI has sued Milestone, asserting that each claim of the '243 patent is valid.

6. There is an actual case or controversy between the parties over whether the Accused Products have infringed any valid and enforceable claim of the '243 patent.

7. In September of 2023, BCI was invited to, through its attorney to inspect the processes used by Milestone, so it could confirm that Milestone does not perform the claimed method of the '243 patent. BCI refused.

## JURISDICTION AND VENUE

8. Milestone incorporates by reference paragraphs 1–7 of its Counterclaims.

9. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10. BCI has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this District, as set forth in its Complaint. Dkt. No. 1.

11. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,144,243)**

12. Milestone restates and incorporates by reference the admissions, allegations, denials and Affirmative Defenses contained in its Answer above as if fully set forth herein. Milestone further restates and incorporates by reference its allegations in paragraphs 1 through 10 of its Counterclaims.

13. BCI has accused Milestone's acrylic sheets that have a simulated tile pattern, including BellaStone "Illusion Series" ("Accused Products") of infringing the '243 patent.

14. The Accused Products fail to practice each and every element of any valid and enforceable claim of the '243 patent, either literally or under the doctrine of equivalents. As has already been articulated to BCI, that Milestone does not "select[]a first sheet of acrylic material *based on* the first set of tile pattern characteristics," as is required by the sole independent claim of the '243 patent.

15. To resolve the legal and factual questions raised by BCI and to afford Milestone relief from the uncertainty and controversy that BCI's allegations have created, Milestone is entitled to a declaratory judgment that the Accused Products have not infringed and are not infringing any valid, enforceable claim of the '243 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Milestone asks this Court to enter judgment in Milestone's favor and against BCI by granting the following relief:

(a) A judgment in favor of Milestone on all of Milestone's Counterclaims;

(b) A declaration that Milestone does not infringe, under any theory, any valid claim of the '243 patent that may be enforceable;

(c) An award to Milestone of all costs, attorneys' fees, and expenses incurred in support of Milestone's defense of this action pursuant to 35 U.S.C. § 285; and

(d) Such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Milestone respectfully demands a jury by trial of all issues triable to a jury in this action.

Dated: February 22, 2024

Respectfully submitted,

By: */s/ Ketajh Brown*
Ketajh Brown (Wis. Bar No. 1106210)
ketajh.brown@klgates.com
Devon Beane
devon.beane@klgates.com
Rebekah Hill
rebekah.hill@klgates.com
**K&L GATES LLP**
70 W. Madison Street
Suite 3100
Chicago, IL 60602
Tel.: (312) 807-4439

Erik Halverson
erik.halverson@klgates.com
**K&L GATES LLP**
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111

***Attorneys for Defendants Milestone Bath Products Inc. and TightSeal LLC***