IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BCI ACRYLIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILESTONE BATH PRODUCTS, INC. *d/b/a* BELLASTONE BATH SYSTEMS and TIGHTSEAL LLC, <br><br> Defendant. | C.A. No. 2:23-cv-00908-JPS |

**BCI ACRYLIC, INC.'S ANSWER TO MILESTONE BATH PRODUCTS, INC.'S AND TIGHTSEAL LLC'S COUNTERCLAIM**

BCI Acrylic, Inc. ("BCI") hereby responds to the allegations and claims set forth in Defendants Milestone Bath Products, Inc.'s and TightSeal LLC's (collectively, "Milestone") Counterclaim (Dkt. No. 35) pursuant to Federal Rule of Civil Procedure 12(a)(1)(B) as follows:

**MILESTONE'S COUNTERCLAIMS**

1. BCI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of Milestone's counterclaims, and therefore denies them.

2. BCI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of Milestone's counterclaims, and therefore denies them.

3. BCI admits that it is a corporation organized under the laws of the State of Illinois and that it has a place of business at 1800 Industrial Drive, Libertyville, Illinois 60048.

4. BCI admits that in its Complaint it claimed to be the owner of the '243 Patent, and it is in fact, the owner of the '243 Patent.

5. BCI admits that it has sued Milestone and that each claim of the '243 Patent is presumed valid. BCI denies any other allegations of paragraph 5 of Milestone's Counterclaims.

6. BCI admits that there is an actual case or controversy between the parties over whether the Accused Products have infringed any valid and enforceable claim of the '243 Patent. BCI denies any other allegations of paragraph 6 of Milestone's Counterclaims.

7. BCI admits that in approximately September of 2023, Milestone invited BCI's counsel to inspect the process used by Milestone. BCI denies that it refused the invitation. Instead, the parties agreed that Milestone would provide a written description of its manufacturing process in lieu of an in-person inspection. BCI denies any other allegations of paragraph 7 of Milestone's Counterclaims.

## JURISDICTION AND VENUE

8. BCI incorporates by reference paragraphs 1-7 of its responses to Milestone's Counterclaims as if fully set forth herein.

9. BCI does not contest that subject matter jurisdiction of this Court is proper. BCI denies any other allegations of paragraph 9 of Milestone's Counterclaims.

10. BCI does not contest that it has consented to the personal jurisdiction of this Court for purposes of this action only. BCI denies any other allegations of paragraph 10 of Milestone's Counterclaims.

11. For purposes of this action only, BCI does not contest that venue is proper in this District. BCI denies any other allegations in paragraph 11 of Milestone's Counterclaims.

## COUNT I

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,144,243)

12. BCI incorporates by reference paragraph 1-11 of its responses to Milestone's Counterclaims as if fully set forth herein. BCI denies any other allegations of paragraph 12 of Milestone's Counterclaims.

13. BCI admits that it has accused Milestone's acrylic sheets that have a simulated tile pattern, including BellaStone "Illusion Series" of infringing the '243 Patent.

14. BCI denies that the Accused Products fail to practice each and every element of any valid and enforceable claim of the '243 Patent. BCI admits that Milestone has previously asserted that it does not "select[] a first sheet of acrylic material based on the first set of tile pattern characteristics." BCI denies any other allegations of paragraph 14 of Milestone's Counterclaims.

15. BCI denies that Milestone is entitled to a declaratory judgment that the Accused Products have not infringed and are not infringing any valid and enforceable claim of the '243 Patent. BCI denies any other allegations of paragraph 15 of Milestone's Counterclaims.

### MILESTONE'S PRAYER FOR RELIEF

BCI denies that Milestone is entitled to any of its requested relief listed.

Dated: March 14, 2024                    /s/Aaron T. Olejniczak

                                         Aaron T. Olejniczak (Wis. Bar No. 1034997)
                                         aarono@andruslaw.com
                                         Christopher R. Liro (Wis. Bar No. 1089843)
                                         chris.liro@andruslaw.com
                                         litigation@andruslaw.com
                                         ANDRUS INTELLECTUAL PROPERTY LAW, LLP
                                         790 North Water Street, Suite 2200
                                         Milwaukee, WI 53202
                                         Phone: (414) 271-7590

                                         William Frankel (*pro hac vice*)
                                         Mark Remus (*pro hac vice*)
                                         CROWELL & MORING LLP
                                         455 N. Cityfront Plaza Drive, Suite 3600
                                         Chicago, IL 60611
                                         Tel: 312-321-4200
                                         wfrankel@crowell.com
                                         mremus@crowell.com

                                         *Attorneys for Plaintiff BCI Acrylic, Inc.*